

**Attorneys at Law**
**L'Abbate, Balkan, Colavita & Contini, L.L.P.**
1001 Franklin Avenue, Garden City, New York 11530
T. 516.294.8844  F. 516.294.8202
www.lbcclaw.com

**Matthew J. Bizzaro**
Partner
mbizzaro@lbcclaw.com

Writer's Direct Dial
(516) 837-7441

May 8, 2017

Honorable Kenneth M. Karas
U.S. District Court
Southern District of New York
Hon. Charles L. Brieant, Jr. U.S. Courthouse
300 Quarropas Street, Rm. 533
White Plains, NY 10601-4150

    Re:   *Johnson-Gellineau, Nicole v. Stiene & Associates, P.C., et al.*
           Case No.: 16-CV-9945

Dear Honorable Sir:

    We represent the defendants, Stiene & Associates, P.C. ("S&A"), Christopher Virga, Esq., Ronni Ginsberg, Esq. (collectively, "the Attorney Defendants") in the above-captioned matter.

    We write this letter to request a pre-motion conference, at which time permission will be sought to file a motion seeking an Order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing all the claims asserted against the Attorney Defendants by the pro se plaintiff, Nicole Johnson-Gellineau ("Plaintiff").

    Plaintiff commenced this action against the Attorney Defendants alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). *See*, DE-2.

    Plaintiff's allegations are based upon the Attorney Defendants' actions in sending to her a Notice of Hearing and Referee's Oath & Report dated December 30, 2015 (the "Notice of Hearing") in conjunction with a foreclosure action commenced against Plaintiff in the Supreme Court, Dutchess County under Index No. 3344/13, entitled *Wells Fargo Bank National Association, As Trustee For Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass-Through Certificates v. Nicole Johnson, et al.* (the "Foreclosure Action"). *Id.*

    It is respectfully submitted that Plaintiff's claims against the Attorney Defendants should be dismissed since: (i) Plaintiff failed to dispute the alleged debt or seek verification of same within thirty days of her receipt of the initial communication from

- 2 -

S&A, thereby waiving her right to do so under the FDCPA; and (ii) the transmission of the Notice of Hearing in the Foreclosure Action does not fall under the purview of the FDCPA.

Initially, on November 27, 2012, S&A sent its initial letter to Plaintiff which contained the required validation notice. *A copy of the letter dated November 27, 2012 is annexed as Exhibit 1.*[1] Plaintiff failed to dispute the alleged debt or seek verification of same within thirty days of her receipt of S&A's letter.

Plaintiff's failure to act within thirty days of her receipt of S&A's letter permitted S&A to assume that the alleged debt was valid, and resulted in her waiving her right to subsequently dispute or seek verification of same under the FDCPA. *See, Munroe v. Specialized Loan Servicing LLC*, 2016 WL 1248818 (E.D.N.Y. 2016) ("Because Plaintiff failed to dispute the validity of the defaulted mortgage debt within the applicable thirty-day period, Defendants were entitled to assume the debt was valid, and Plaintiff's section 1692g claim fails as a matter of law"); *Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130 (2d. Cir. 2010) ("[T]he consumer has thirty days to mail a notice to the debt collector disputing the debt or requesting the name and address of the original creditor."), *citing Jacobson v. Healthcare Financial Services, Inc.*, 516 F.3d 85 (2d Cir. 2008); *Agu v. Rhea*, 2010 WL 5186839 (E.D.N.Y. 2010) ("Here, Plaintiff's Section 1692g(b) claims fail because, although he alleges that he repeatedly requested that the Collection Defendants verify the questioned debts, he does not allege that he made any of these requests within the thirty day time window that Section 1692(b) provides. Without such factual pleading, it is entirely speculative, and not "plausible," that Plaintiff has a cognizable claim. After all, for all the Court knows, Plaintiff could have made only untimely verification requests, which the Collection Defendants then properly ignored").

Additionally, even if Plaintiff had timely disputed the alleged debt or sought verification of same, the claims against the Attorney Defendants should still be dismissed, since the transmission of the Notice of Hearing in the context of the Foreclosure Action does not fall within the scope of the FDCPA.

Specifically, the majority of the courts in the Second Circuit have held that "the enforcement of a security interest through foreclosure proceedings that do not seek monetary judgments against debtors is not debt collection for the purposes of the FDCPA." *See, Cohen v. Ditech Financial LLC*, 2017 WL 1134723 (E.D.N.Y. 2017); *Hill v. DLJ Mortgage Capital, Inc.*, 2016 WL 5818540 (E.D.N.Y. 2016); *Boyd v. J.E. Robert Co.*, 2013 WL 5436969 (E.D.N.Y. 2013) *aff'd on other grounds*, 765 F.3d 123

---

[1] In deciding a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. *See, Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002); *see also ASARCO LLC v. Goodwin*, 756 F.3d 191 (2d Cir. 2014), *cert. denied*, 135 S. Ct. 715, 190 L.Ed. 2d 441 (2014).



- 3 -

(2d Cir. 2014); *Derisme v. Hunt Leibert Jacobson P.C.*, 860 F.Supp.2d 311 (D. Conn. 2012) ("Although there is a split of authority on th[e] issue [of whether an action seeking foreclosure should be considered the enforcement of a security interest as opposed to an action to collect a debt], it appears that a majority of courts who have addressed this question have also concluded that foreclosing on a mortgage does not qualify as debt collection activity for purposes of the FDCPA."). "This is so because under New York law, the holder of a note and mortgage may proceed at law to recover on the note or proceed in equity to foreclose on the mortgage, but must only elect one of these alternate remedies." *Hill at 7; see also, Wells Fargo Bank, N.A. v. Goans*, 136 A.D.3d 709, 709, 24 N.Y.S.3d 386 (N.Y. App. Div. 2016) ("Where a creditor holds both a debt instrument and a mortgage which is given to secure the debt, the creditor may elect either to sue at law to recover on the debt, or to sue in equity to foreclose on the mortgage.").

Even where the complaint in the foreclosure action seeks a deficiency judgment, the FDCPA is not invoked unless there is a deficiency, and the lender then seeks a deficiency judgment against the borrower. *See, Derisme at 326* ("As discussed above under Conn. Gen. Stat. § 49–14, a mortgagee only seeks a personal judgment against the mortgagor upon a timely filed written motion. Consequently the other provisions of the FDCPA, such as Sections 1692g and 1692e, will only apply in a Connecticut foreclosure proceeding once a timely filed motion for a deficiency judgment pursuant to § 49–14 has been made").

In New York, a lender seeking a deficiency judgment against a borrower must file a motion within ninety days of the consummation of the sale of the subject property. *See, NYRPAPL 1371(2)*.

Since this was not done at the time the Notice of Hearing was sent to Plaintiff, this action should be dismissed since it does not fall under the purview of the FDCPA.

Based upon the foregoing it is respectfully submitted that the claims against the Attorney Defendants should be dismissed.

Thank you for your kind consideration of this request. If you have any questions, please feel free to contact the undersigned.

Respectfully submitted,

MATTHEW J. BIZZARO

MJB:dm
cc: Nicole Johnson-Gellineau (via Federal Express)
     Brian P. Scibetta, Esq. (via e-mail)

