Case 7:16-cv-09945-KMK Document 21 Filed 05/10/17 Page 1 of 3




ELECTRONICALLY FILED
DOC #:
DATE FILED:

Brian P. Scibetta
Direct Dial/Fax: 732-692-6820
brian.scibetta@buckleymadole.com

May 10, 2017

MEMO ENDORSED

*Via CM/ECF only*
Hon. Kenneth M. Karas, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street, Room 533
White Plains, NY 10601

**Re: Nicole Johnson-Gellineau v. Stiene & Associates, P.C., et al.
Civil Action No.: 7:16-cv-09945-KMK**

Dear Judge Karas:

This firm represents Defendants, JPMorgan Chase Bank, National Association ("Chase") and Wells Fargo Bank National Association, as Trustee for Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass Through Certificates ("WFBNA," and collectively with Chase, the "Bank Defendants"), in this matter. The purpose of this letter-motion is to request that the Court schedule a pre-motion conference to discuss the Bank Defendants' proposed pre-answer motion to dismiss the Complaint filed by Plaintiff, Nicole Johnson-Gellineau ("Plaintiff"), pursuant to Fed. R. Civ. P. ("FRCP") 12(b)(6). In accordance with Your Honor's Individual Practice II.A, this letter will set forth the basis for the Bank Defendants' anticipated motion.

Plaintiff brings this action alleging several violations of the Fair Debt Collection Practices Act ("FDCPA") against the Bank Defendants and Defendants, Stiene & Associates, P.C., Ronni Ginsberg, Esq., and Christopher Virga, Esq. (collectively, the "Attorney Defendants"), the attorneys who allegedly acted on behalf of the Bank Defendants in the related foreclosure action against Plaintiff before the Supreme Court of the State of New York, Dutchess County, titled, *Wells Fargo Bank National Association, as Trustee for Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass Through Certificates v. Nicole Johnson, et al.*, Index No. 3344/2013 (the "Foreclosure Action"). WFBNA is the plaintiff in the Foreclosure Action, and Chase services the mortgage loan that is the subject of the Foreclosure Action on behalf of WFBNA. *See* Complaint, ¶ 32 and Exhs. A and D. Plaintiff asserts that documents filed by WFBNA in the Foreclosure Action, and other communications sent to her by Chase as the servicer of her loan, were in violation of the FDCPA. *Id.* at ¶¶ 57-58.

The Complaint is subject to dismissal against the Bank Defendants pursuant to FRCP 12(b)(6) because it fails to state a claim under which relief can be granted. There are three elements that must be proven to establish an FDCPA claim: "1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged

Case 7:16-cv-09945-KMK Document 21 Filed 05/10/17 Page 2 of 3




in any act or omission in violation of FDCPA requirements." *Okyere v. Palisades Collection, LLC*, 961 F.Supp.2d 508, 513 (S.D.N.Y. 2013). A "debt collector" under the FDCPA is defined as "a person who regularly collects... debts owed ... to another" or a person involved "in any business the principal purpose of which is the collection of any debts." 15 U.S.C. § 1692a(6); *Okyere*, 961 F.Supp.2d at 514. As the Second Circuit has held, "[t]he FDCPA establishes two alternative predicates for 'debt collector' status—engaging in such activity as the 'principal purpose' of the entity's business and 'regularly' engaging in such activity." *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti,* 374 F.3d 56, 61 (2d Cir. 2004) (*citing* 15 U.S.C. § 1692a(6)).

Plaintiff has fallen short of stating FDCPA claims against the Bank Defendants because she has failed to sufficiently plead that either WFBNA or Chase are "debt collectors" as defined by the statute. First, based upon Plaintiff's allegations and exhibits, WFBNA clearly qualifies as a "creditor" under the FDCPA, and is therefore exempt from the statute's reach. A "creditor" is defined as "any person who offers or extends credit creating a debt *or to whom a debt is owed....*" 15 U.S.C. § 1692a(4) (emphasis added). It is well-established that "creditors" attempting to collect their own debts do not fall within the ambit of the FDCPA. *See, e.g., Munroe v. Specialized Loan Servicing LLC*, 14-cv-1883, 2016 WL 1248818 (E.D.N.Y. March 28, 2016); *Williams v. Citibank, N.A.*, 565 F.Supp.2d 523, 528 (S.D.N.Y. 2008) ("creditors are not subject to the FDCPA"). Although Plaintiff alleges in conclusory fashion that WFBNA is not a creditor because it acquired an interest in her debt after her October 2009 default (Complaint, ¶¶ 41-43),[1] that position is belied by Exhibit C to the Complaint, the August 26, 2008 loan modification agreement executed by Plaintiff that sets forth that WFBNA owns her loan, and also legally irrelevant – since even an entity that acquires a defaulted debt is not a "debt collector" as long as it seeks to collect only on its own behalf rather than for another. *See, e.g., Izmirligil v. Bank of New York Mellon*, No. 11-CV-5591, 2013 WL 1345370, at *4 (E.D.N.Y. Apr. 2, 2013). Because Plaintiff's allegations and submitted documents conclusively establish that WFBNA is a "creditor" rather than a "debt collector," her FDCPA claims against WFBNA all fail.

Chase, too, cannot be deemed a "debt collector" under the FDCPA, based upon Plaintiff's allegations and exhibits. Plaintiff alleges that Chase services the loan for WFBNA (Complaint, ¶ 32), and attaches a document reflecting that Chase has serviced the loan dating back to May 1, 2007 (Complaint, Exh. G). The FDCPA expressly exempts from "debt collector" definition "any person collecting or attempting to collect any debt owed or due ... another to the extent such activity ... (iii) concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). Thus, "mortgage servicers are not 'debt collectors' as defined by the FDCPA if they obtained the particular mortgage at issue before the mortgagor defaulted." *E.g., Hoo-Chong v Citimortgage, Inc.*, 15-CV-4051, 2016 WL 868814, at *3 (E.D.N.Y. Mar. 7, 2016);

[1] To the extent that Plaintiff also intends to use this action as a vehicle to litigate whether WFBNA is her actual creditor and has standing to foreclose against her loan (Complaint, ¶¶ 42, 58), this would be impermissible on two different fronts: i) as what would amount to an attack on a state court foreclosure judgment issued in favor of WFBNA (Complaint, Exh. D), Plaintiff is barred from challenging the propriety of that judgment in this forum by the *Rooker-Feldman* abstention doctrine; and ii) under well-established Second Circuit law, Plaintiff, as a mortgagor, lacks Article III and prudential standing to challenge in this Court what entity holds an interest in her mortgage loan. *See Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79 (2d Cir. 2014).

Case 7:16-cv-09945-KMK Document 21 Filed 05/10/17 Page 3 of 3




*Pascal v JPMorgan Chase Bank, Nat. Ass'n*, 09-CV-10082 ER, 2013 WL 878588, at *4 (S.D.N.Y. Mar. 11, 2013). Since Plaintiff pleads that she went into default under the loan in October 2009 (Complaint, ¶ 35), more than two years after Chase began servicing the loan, Chase as the mortgage servicer cannot be deemed a "debt collector" under the FDCPA.[2]

Although the Court's inquiry need go no further with respect to the claims against the Bank Defendants, Plaintiff has also failed to plausibly plead any communications by the Bank Defendants made for the purpose of collecting a debt. Plaintiff alleges that a December 24, 2015 filing by the Attorney Defendants on behalf of the Bank Defendants in the Foreclosure Action constituted a prohibited communication. *See* Complaint, ¶¶ 33, 57. Nonetheless, Plaintiff's position is at odds with prevailing law among the courts in the Second Circuit, which have found that "the enforcement of a security interest through foreclosure proceedings that do not seek monetary judgments against debtors is not debt collection for purposes of the FDCPA." *See, e.g., Hill v. DLJ Mortgage Capital, Inc.*, 15-cv-3083, 2016 WL 5818540 (E.D.N.Y. Sept. 30, 2016), *quoting Boyd v. J.E. Robert Co.*, No. 05-cv-2455, 2013 WL 5436969, at * 9 (E.D.N.Y. Sept. 27, 2013). Plaintiff has failed to plausibly allege or attach documents supporting that the Bank Defendants sought a monetary judgment against Plaintiff through the Foreclosure Action, or have done anything other than seek the enforcement of a secured interest. Consequently, the pleadings filed in the Foreclosure Action cannot form the basis for debt collection activity under the FDCPA.[3]

These arguments and others not expressly set forth in this letter-motion (due to page constraints) form the basis of the Bank Defendants' anticipated motion to dismiss the Complaint. Accordingly, the Bank Defendants respectfully request that the Court schedule a pre-motion conference to address their desire to respond to the Complaint with a motion to dismiss. Please have Your Honor's Chambers contact me if there are any questions or concerns. We thank the Court for its courtesies.

Respectfully submitted,
Buckley Madole, P.C.

By: /s/ Brian P. Scibetta
Brian P. Scibetta, Esq.

The Court will hold a pre-motion conference on July 11, 2017, at 2:00

So Ordered.
KMK 5/24/17

cc: via CM/ECF only: Matthew J. Bizzaro, Esq. (counsel for the Attorney Defendants)
via Federal Express: Nicole Johnson-Gellineau, *pro se*

---

[2] Even if the above insurmountable obstacle to pleading Chase as a "debt collector" did not exist, Plaintiff has also fallen short through her conclusory allegations of demonstrating that Chase regularly collects debts for another or is an entity whose principal purpose is to collect debts. *See, e.g. Schuh v. Druckman & Sinel, L.L.P.*, 602 F.Supp.2d 454, 463 (S.D.N.Y. 2009) (dismissing FDCPA claim premised upon conclusory allegations).

[3] To the extent that Plaintiff asserts that mortgage statements sent by Chase constitute prohibited communications (Complaint, ¶ 32), this position should also be rejected under prevailing law. *See Hill*, 2016 WL 5818540 at *8 (borrower failed to state FDCPA claim based on periodic mortgage statements sent by the servicer).