# Exhibit 4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS

---

WELLS FARGO BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR CARRINGTON MORTGAGE LOAN
TRUST, SERIES 2007-FRE1, ASSET-BACKED PASS-
THROUGH CERTIFICATES,

Plaintiff,

- against -

NICOLE JOHNSON, PETER JOHNSON, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.
SOLELY AS NOMINEE FOR FREMONT
INVESTMENT AND LOAN,

and JOHN DOE AND JANE DOE # 1 through #7, the last
seven (7) names being fictitious and unknown to the plaintiff,
the persons or parties intended being the tenants, occupants,
persons or parties, if any, having or claiming an interest
in or lien upon the mortgaged premises described in
the Complaint,

Defendants.

---

**DEFENDANT NICOLE
JOHNSON'S VERIFIED
ANSWER, AFFIRMATIVE
DEFENSES AND COUNTER
CLAIMS**

INDEX NO. 3344/13

Original Filed with
Clerk on

Premises:
149 Wilkes Street
Beacon, NY 12508

2013 JUN 28  AM 11: 20
DUTCHESS COUNTY
CLERK'S OFFICE
RECEIVED

---

STATE OF NEW YORK

COUNTY OF DUTCHESS

The Defendant in the above titled action, NICOLE JOHNSON, states the following answers

to the complaint and allegations made by the Plaintiff as follows:

1.      The Defendant is without knowledge or information sufficient to form a belief regarding the

allegations in paragraph 1.

2.      Defendant admits in part to paragraph 2, that she resides at 149 Wilkes Street, Beacon, NY.

However, she denies the information alleged in Schedule 1-Defendants, that she was the original

obligor under a bond and note dated, December 18, 2006.  The Plaintiff in this action has no personal

knowledge as to whether Defendant executed and acknowledged a bond or note. Any document

submitted as a copy of the note evidencing the indebtedness claiming to be Defendant's signature and is

a stolen forgery under the UCC-3-307 - only the unaltered original document with the Defendant's

signature in wet ink can be relied upon to support the allegations in paragraph 3, if said document(s) is

refuted by the obligor. Furthermore the assignment of mortgage is void and is a nullity because it was

executed by an alleged employee of Mortgage Electronic Registration Systems (hereinafter "MERS")

as Nominee for Fremont Investment and Loans, not an officer of the alleged Mortgagee, Fremont

Investment and Loan, and as such MERS does not have any legal authority to transfer or assign any

mortgages or notes. Furthermore, New York Law provides that only the owner and holder of a

mortgage and note, or its legal agent, shall have standing to commence a mortgage foreclosure action.

Neither MERS nor Wells Fargo nor Carrington Mortgage Trust is a legal authorized entity with

standing in this Court.

3.      The Defendant is without knowledge or information sufficient to form a belief regarding the

allegations in paragraph 3.

4.      The Defendant denies the allegations in paragraph 4. The Plaintiff has no personal knowledge

as to whether Defendant executed and acknowledged a bond or note referenced in Plaintiff's Exhibit

"A." Any document submitted as a copy of the note evidencing the indebtedness claiming to be the

Defendant's signature is a stolen forgery under UCC-03-307 - only the **unaltered original documents**

with the Defendant's signature in wet ink can be relied upon to support the allegations in Paragraph 4 if

said document is refuted by the obligor. Defendant never took any money from the Plaintiff.

Defendant denies the loan, denies the debt, and denies the default. Defendant denies the note, and

denies the mortgage for reasons set forth herein below.. Defendant denies Plaintiff's right to collection

or enforcement of alleged note or alleged mortgage because Defendant never did any business with

Wells Fargo or Carrington Loan Trust. Defendant demands strict evidence in the form of a record of

actual money wired from an account of the Plaintiff to support the allegations in paragraph 4.

5.     Defendant denies the allegations in paragraph 5.  The Plaintiff has no personal knowledge as to whether Defendant executed and acknowledged a mortgage as referenced in Plaintiff's Exhibit "B." Any document submitted as a copy of the mortgage or note evidencing the indebtedness claiming to be defendant's signature and is a stolen forgery under UCC-03-307 - only the unaltered original documents with the Defendant's signature in wet ink can be relied upon to support the allegations in Paragraph 4 if said document(s) is refuted by the obligor.

6.     The Defendant denies the allegations of paragraph 8.

7.     The Defendant denies the allegations of paragraph 7.

8.     The Defendant denies the allegations of paragraph 8.

9.     The Defendant denies the allegations of paragraph 9.

10.    The Defendant denies the allegations of paragraph 10.

11.    The Defendant is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 11.

12.    The Defendant denies the allegations of paragraph 12.

13.    The Defendant is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 13.

14.    The Defendant is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 14.

15.    The Defendant is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 15.

16.    The Defendant is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 16.

17.    The Defendant is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 17.

18.    The Defendant is without knowledge or information sufficient to form a belief regarding the

allegations in paragraph 18.

19.     The Defendant denies the allegations of paragraph 19.

20.     The Defendant denies the allegations in paragraph 20.

21.     The Defendant denies the allegations in paragraph 21.

22.     The Defendant admits in part to paragraph 22 insofar as she is the legal owner of said property by virtue of and as specified on the Deed dated 12/18/2006 and recorded in the County Clerk's Office of Dutchess County on 3/3/2008 under Document No. 02 2008 1356.  Said Deed has also been acknowledged and accepted by an Acceptance made by Defendant dated and signed by her on 12/28/2011 as certified and accepted and made a part of the Deed by the County Clerk's Office of Dutchess County on the same day, verifying that she is the legal deed holder of said property located at 149 Wilkes Street, Beacon, NY 12508  (**Defendant's EXHIBIT "A").**

The Defendant denies the remainder of the allegations of paragraph 22.

23.     The Defendant denies the allegations of paragraph 23.

24.     The Defendant is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 24.

25.     The Defendant is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 25.

## FIRST AFFIRMATIVE DEFENSE: No Standing

26.     Defendant repeats and re-alleges each and every allegation contained in paragraphs 1 through 10 herein as if fully set forth herein at length.

27.     References in these affirmative defenses to Plaintiff refer to Plaintiff's assignors and/or predecessors in the event that there is valid claim of assignment of a previous mortgage to Plaintiff.

28.     This action is brought pursuant to Article 15 of the Real Property Action and Proceedings Law to compel the determination of claims on real property hereinafter described.

29.     That all times herein mentioned, Defendant was and is a resident of the State of New York, County of Dutchess.

30.     Upon information and belief, Defendant allegedly borrowed money by a December 18, 2006 by an Adjustable Rate Mortgage in the amount of Two Hundred and Sixty Two Thousand, Eight Hundred and Eighty ($262,880) Dollars with Fremont Investment and Loans ("Fremont"), and certainly not with Plaintiff Wells Fargo or Carrington Loan Trust.

31.     Upon information and belief, Plaintiff is not the true and lawful owner of said alleged Note and Mortgage securing the same nor are any sums due Plaintiff thereunder.

32.     Upon information and belief, Plaintiff and/or its respective agents, representatives, and/or successors has/have misrepresented the facts to deceive the court to obtain standing that does not exist as if Plaintiff is the owner of an alleged Note and Mortgage without showing any legal assignment of the Note, or providing any other information regarding the alleged Assignment.

33.     The Mortgage with Fremont at the top upper right corner lists "MIN: _____," which is blackened out in Plaintiff's copies and their Exhibit "D." Pursuant to a document sent to Defendant on June 18th 2012, from JPMorgan Chase (See Defendant's **EXHIBIT "E"**), the MIN Number for this account is 1001944 3000912183 4, and was registered on **January 26, 2012**.  **The date of the alleged Assignment from MERS with the same MIN Number. is February 22, 2010.**  The dates do not correspond, they are in conflict and if the truth is that it was not registered in MERS until January 26, 2012, then any Assignment from MERS in 2010, is obviously a fraud, invalid, and null and void.

34.     That MIN designation means it is related to Mortgage Electronic Registration System ("MERS"); an entity known to destroy notes, and bifurcate notes and mortgages by placing mortgages in a fraudulent pool of investments deceivingly sold as AAA investments to investors converting them into alleged "asset-backed securities."  Once converted to a security, it is no longer a legal "note and mortgage" and cannot be converted back to a note and mortgage.  Any alleged note and mortgage herein, by mere fact that the alleged Mortgage was placed into the MERS system have been destroyed and rendered defective and null and void by virtue of bifurcation.

a.     In **Landmark Nat'l Bank v. Kesler, MERS,** the Court said simply that **MERS — or any "nominee" didn't have any interest** and proves its point by reference to simple statements in the documents and the simplest of laws and interpretation of the role of MERS and the requirements of recordation. The splitting or bifurcation of the promissory note or mortgage note and mortgage or deed of trust **creates an immediate and fatal flaw in title. (40 Kan. App. 2d 325, 192 P.3d 177 (2008 )** The Court further stated that, "The word "nominee" is subject to more than one interpretation." In this case MERS is a Straw Man with no legal right to assign or transfer Mortgages and certainly not to

transfer or accept, receive or transfer any Notes, therefore splitting the Note and Mortgage and creating a defective Note and Mortgage which are unenforceable and null and void.

b.      **United States Supreme Court, Carpenter v. Longan, 83 U.S. 16 Wall. 271 271 (1872)** The court stated that, "The **note and mortgage are inseparable; the former as essential, the latter as an incident."** It shows that an assignment of the mortgage alone and not following the Note, constitutes a nullity. In the December 7, 2011 Decision, **the court found the assignment of a mortgage without the note was defective**, as the transfer of the mortgage without the debt (Note) is a nullity.

c.      Citimortgage, Inc. v Stosel, 2011 NY Slip Op 8319 [2nd Dept] citing U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754 [2nd Dept 2009]; **Bank of NY v Silverberg, 86 AD3d 274, 280. The court also found that the assignment from MERS to plaintiff was defective, as MERS had no right or authority to assign the mortgage or the note** . Bank of NY v Silverberg, supra.

d.      **U.S. Bank Nat. Ass'n v. Dellarmo,** 942 N.Y.S.2d 122, 125 (N.Y. App. Div 2d Dep't 2012), held that a Plaintiff does not have standing to foreclose when it did not have a proper assignment of the note. The court dismissed the Plaintiff's suit because MERS had attempted to assign the mortgage without the note.

**Clearly, this is the case in the present matter, and therefore any alleged Note and Mortgage is null and void.**

35.      As such, upon information and belief, the original Note and Mortgage no longer exist and did not exist to be assigned by way of any alleged Assignments.

36.      Plaintiff does not allege when or how the Note was assigned to it and omits any information that a valid assignment occurred. Any documents set forth are fraudulent, faulty and invalid by virtue of robo-signing by an unauthorized person.

37.      Plaintiff's complaint in itself proves a break in the chain of title and no valid assignment.

38.      Since MERS is involved, it is established law that MERS is used as a **straw man nominee that breaks the chain of title and voids any Assignment(s).**

39.      In any case, the chain of title is broken, and the mortgage and note bifurcated, the chain of note-holder or mortgage holder is unclear and broken, **and all of this is done in an attempt to deceive, distract, defraud, confuse, bamboozle, and confound Defendant, and convince this Court that Plaintiff has standing to bring suit for foreclosure when, indeed, it does not. Plaintiff has no standing to maintain this action.**

40.      Accordingly, the action must be dismissed.

### SECOND AFFIRMATIVE DEFENSE: No Holder in Due Course

41.     Upon information and belief, the mortgage and note purportedly giving rise to this action was never assigned to Plaintiff.

42.     Plaintiff is not the holder-in-due course of the underlying note.

43.     Without holding the note, there can be no action for foreclosure.

44.     Accordingly, the action must be dismissed.

### THIRD AFFIRMATIVE DEFENSE: Robo-Signer, Conflict of Interest, Fatal Defects

45.     Any Assignment Plaintiff may allege is fatally defective as executed by known robo-signer Starlene L. Starling, who is not a secretary or officer in any capacity with the Authority to assign a note or mortgage for the company she claims to be when she allegedly executed the Assignment.

46.     Upon information and belief, Starling did not have authority to execute a purported assignment.

47.     Upon information and belief, any Assignment is improperly and unlawfully notarized. Additionally, Ms. Starling allegedly executed the Purported Assignment in Franklin, Ohio when MERS corporate address is in Flint, Michigan.

48.     The Summons and Complaint is filed by known Foreclosure Mill attorneys STIENE & ASSOCIATES, P.C. By Christopher Virga.

49.     Attorneys for Plaintiff drafted and filed this Complaint in conflict with all parties.

50.     Attorneys for Plaintiff and Process Servers, including Plaintiff together created this false, deceptive and fraudulent Complaint and any purported Assignment.

51.     These deceptive and false practices of the Attorneys for Plaintiff and any alleged assignee with all said parties being in conflict and robo-signing false filings prohibits standing of Plaintiff and mandates this Court to question the propriety of the transactions leading to the filing of this Complaint.

### FOURTH AFFIRMATIVE DEFENSE: No Accounting

52.     Plaintiff and its predecessors and/or assignors failed to give proper annual accountings of the funds contained in Defendant's escrow account.

### FIFTH AFFIRMATIVE DEFENSE: No Notice

53.     Plaintiff and/or its predecessors and/or assignors failed to provide appropriate and required notices under the mortgage in question.

## SIXTH AFFIRMATIVE DEFENSE: Missing Affirmation

54.    Plaintiff's complaint does not have the October 20, 2010 affirmation as promulgated by Chief Administrative Judge Ann T. Pfau and announced as an Administrative Order by Chief Judge Jonathan Lippman that Plaintiff's counsel is mandated to provide an affirmation to the court showing that attorneys' have personal knowledge that the documents and affidavits provided by Plaintiff were indeed signed by those who claimed to have signed it, as well as the documents and affidavits were signed in front of the notary claimed on the day claimed, and that the signer actually had personal knowledge of the facts they claim to have personal knowledge thereof.

## SEVENTH AFFIRMATIVE DEFENSE: Failure to Verify, Culpable Conduct

55.    Plaintiff, its agents, representatives, and employees, or its predecessors, failed to verify the income of the Answering Defendant.

56.    Plaintiff, its agents, representatives, and employees, or its predecessors, failed to verify the assets of Defendant.

57.    Plaintiff, its agents, representatives, and employees, or its predecessors failed to verify the employment of Defendant.

58.    Upon information and belief, Plaintiff, its agents, representatives, and employees, or its predecessors, employed improper, inadequate or non-existent lender due diligence regarding Defendant's ability to repay the loan secured by the mortgage giving rise to this action.  The reason being that Plaintiff and Fremont Loan and Investment were not concerned with Defendant's ability to repay the alleged Mortgage because their intention was to defraud investors and deceive investors into investing funds into pooled fraudulent Collateralized Debt Obligations (CDOs) and/or other fraudulent and faulty "asset or mortgage-backed" securities which the Plaintiff and its cohorts falsely claimed to be AAA investments, thereby using Defendant in an elaborate scam to defraud investors.  Defendant was not made aware of any intention to pool and fraudulently pass off as AAA investments, any alleged Mortgages, nor was she aware of the fraudulent activities of Plaintiff and its agents, representatives, and employees, or its predecessors.  Defendant is a victim in the above fraudulent activities, and as such any alleged Note and Mortgage are nullified and void.

59.    Excessive financing was extended to Defendant without regard to her reasonable ability to repay for all reasons stated above.

60.    If Plaintiff sustained any damages or losses as alleged in the Complaint, all of which is expressly denied, then such damages were caused, either in whole or in part, by Plaintiff's, or its agents, representatives, employers, assignors, and/or assignees, own culpable conduct, fraudulent activities,

fault, and/or negligence, and any recovery herein shall be diminished accordingly in whole.

### EIGHTH AFFIRMATIVE DEFENSE: Documents Non-Existent

61.    Plaintiff and/or its counsel did not possess the documents they swear they reviewed in their affidavits and pleadings filed in this court.

62.    Plaintiff knowingly filed false, fraudulent, unlawful and deficient documents to expedite this foreclosure to Defendant's detriment.

### NINTH AFFIRMATIVE DEFENSE: Securitized Note Owned by Investors

63.    Plaintiff was never in the past, nor is it now, in actual possession of either the original note or mortgage because the Note and Mortgage were previously sold, assigned or transferred from the original lender as part of a fraudulent  mortgage securitization process, through MERS, known to destroy notes,  a process whereby any rights incident to the note and mortgage were sold, assigned and/or transferred, either in whole or in part, to one or more third parties, with the mortgage and note being sold to a mortgage aggregator for further sale to an investment banking concern or trustee that assigned the mortgage and note to a tranche within one or more specialized investment vehicles (SIVs) in the form of a collateralized mortgage obligation (CMO) or collateralized debt obligation (CDO), **using the mortgage fraudulently as purported collateral security for one or more mortgage backed (asset backed) securities or in connection with a credit default swap tied to one or more CMOs, CDO or SIVs.**

64.    Upon information and belief, the original Note and Mortgage either do not exist or are possessed and/or owned in segments, having been bifurcated by MERS and therefore nullified, by one or more third parties that are not in privity with Plaintiff.

### TENTH AFFIRMATIVE DEFENSE: Joinder

65.    Plaintiff has failed to join indispensable parties, including any true owner(s) and holder(s) or investors of the original Note and Mortgage and, upon information and belief, the investors who may or may not own parts of any alleged Note or Mortgage; all of whom have an interest in this action.

### ELEVENTH AFFIRMATIVE DEFENSE: False Pretenses

66.    Plaintiff and its representatives knowingly made material misrepresentations in their foreclosure complaint and other pleadings filed herein, sworn under penalty of perjury, and instituted this action

under false pretenses.

## TWELFTH AFFIRMATIVE DEFENSE: RPL §282  Fees

67.     Defendant is entitled to her legal fees and costs under Real Property Law §282 which provides that all mortgage agreements giving prevailing lenders the right to attorney's fees also must be read to grant that right to borrowers as well.

## THIRTEENTH AFFIRMATIVE DEFENSE: Unclean Hands.

68.     Upon information and belief, Plaintiff and/or its predecessor(s) in interest had unclean hands in their course of dealing with Defendant as stated herein above, and Plaintiff also wrongfully refused reinstatement.

## FOURTEENTH AFFIRMATIVE DEFENSE: Violations of HOEPA.

69.     Upon information and belief, Plaintiff and/or its predecessor(s) in interest violated various provisions of the Home Ownership Equity Protection Act ("HOEPA") pursuant to 15 USC § 1639 et seq. by failing to make proper disclosures and committing intentional predatory lending by including prohibited terms. These violations provide an extended three year right to rescission and enhanced monetary damages for the Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE: Fraud

70.     Upon information and belief, the alleged Note and Mortgage and other loan documents, were induced by the fraud of the Plaintiff and/or its predecessors in interest and its co-conspirators, and are therefore void and unenforceable. Specifically, the originator of the alleged loan and its co-conspirators made the following representations:

a) Before the loan was made, the originator and/or its co-conspirators (hereinafter referred to collectively as "Plaintiff and/or its predecessor(s) in interest") represented to Defendant that they had superior knowledge, information, skill and ability to Defendant in making mortgage loans, and that they would be looking out for the best interests of Defendant in the financing process and, in effect, protecting and promoting Defendant's benefits and interests;

b) Before the loan was made, the Plaintiff and/or its predecessor(s) in interest represented to Defendant that:

 (1) Defendant would receive the best mortgage available;

(2) that it would be a "good" loan, and

(3) it would be of substantial benefit to Defendant.

c) The representations described in a) and b) above were made for the purpose of inducing Defendant to enter into the purported loan transaction which would benefit the Representative, Lender, Plaintiff and/or its predecessor(s)and officers by way of, including but not limited to, increased short term broker fees, agent fees, as well as placing said sub-prime loan into a fraudulent asset-backed security used to defraud investors of their investments by misrepresenting them as being AAA "mortgage or asset backed," of which Defendant was never made aware.

d) The representations were false and known by Plaintiff and/or its predecessor(s) in interest to be false at the time the representations were made and at the time the loan was made, in that:

e) The Plaintiff and/or its predecessor(s) in interest did not have superior knowledge, information, skill and ability to Defendant in making mortgage loans as represented or did not use the same for the benefit and best interest of Defendant;

f) The Plaintiff and/or its predecessor(s) in interest did not look out for Defendant's best interest or protect and promote Defendant's benefit;

g) Defendants did not receive the best loan available to her;

h) The loan was not a "good" loan;

i) The loan was not in Defendants' best interest, but rather was in the best interest and to the benefit of the Plaintiff and/or its predecessor(s) in interest;

j) Defendant reasonably relied on the representations by the Plaintiff and/or its predecessor( s) in interest to her detriment.

k) The Plaintiff and/or its predecessor(s) in interest failed to disclose all costs, fees and expenses; charged excessive fees, gave kickbacks and made payments of fees to parties not entitled to receive them, and failed to provide Defendant with all disclosures required by law.

1) To confuse, bamboozle and defraud Defendant, the Plaintiff and/or its predecessor(s) in interest intentionally scheduled the closing with insufficient time at the closing for Defendant to have the time to actually read the documents requiring Defendant's alleged signature.

m) Plaintiff and/or its predecessor(s) in interest, with the intent to defraud, intentionally failed to provide the loan closing documents in advance of the closing.

n) The only parties who benefited from the fraudulent loan were the Plaintiff and/or its predecessor(s) in interest and their service providers.

## SIXTEENTH AFFIRMATIVE DEFENSE:
### Violation of Unfair and Deceptive Trade Practices Act.

71.     Upon information and belief, in addition to the facts alleged in the preceding paragraphs, the Plaintiff and/or its predecessor(s) in interest also violated the Unfair and Deceptive Trade Practices Act, F.S. 501.201, et seq. by:

a) Failing to promptly and/or properly pay taxes or insurance premiums when due, so that the maximum tax discount available to Defendants could be obtained on Defendants' property and so that insurance coverage on the property would not lapse.

b) Failing to provide Defendants with an annual statement of the escrow account kept for payment of taxes and insurance.

c) Failing to properly disclose at or prior to closing all costs, fees and expenses associated with the loan;

d) Charging excessive fees and making payments of fees to parties not entitled to receive them;

e) **Obtaining a yield spread premium (YSP) based upon the "selling" of a higher interest rate, a sub-prime rate, an unwarranted and unfair adjustable rate and/or non disclosure of the range of true interest rates for which Defendant actually qualified.**

f) All such actions by Plaintiff and/or its predecessor(s) in interest **are unconscionable acts or practices**, and/or unfair or deceptive acts or practices in the conduct of trade or commerce, and entitle the Defendants to a setoff, recoupment or civil penalty, nominal and actual damages, attorney's fees and costs.

## SEVENTEENTH AFFIRMATIVE DEFENSE: Defective Note

72.     Plaintiff alleges that it received a purported "Assignment" from MERS on February 22, 2010 - **over a year and a half AFTER the note and mortgage were alleged by Plaintiff to have become defaulted upon** and, therefore defective on September 1, 2009 pursuant to Plaintiff's complaint paragraph 10.  This, together with all other Affirmative Defenses stated herein, renders the alleged Note and Mortgage defective, and defective Security Agreements, Notes and/or Mortgages cannot be legally assigned or transferred.

## EIGHTEENTH AFFIRMATIVE DEFENSE: Loan Modifications Invalid

73.     Plaintiff alleges that Defendant entered into a "Modification Agreement" on August 26, 2008, but omits with whom Defendant entered into an Agreement to intentionally deceive and draw this Court's attention away from the fact that **EMC Corporation is named as a Servicing Agent for Wells Fargo** on this alleged Modification Agreement See Plaintiff's Exhibit "D."Again, the Alleged Assignment was not dated until February 22, 2010, approximately one year and six months AFTER the alleged Modification Agreement was put into place, and therefore any legal authority claimed by Plaintiff that EMC Corporation had the legal authority to act as a servicer of the loan or to enter into a Modification Agreement is false and fraudulent.  Wells Fargo did not have any legal right to grant any authority to EMC Corporation as a servicer or otherwise. Therefore EMC Corporation did not have any legal authority properly granted to it to enter into any Agreement modifying any alleged Note and/or Mortgage nor to assign a Note and/or Mortgage, nor to assign any alleged Modification Agreement, which in face does not and did not exist.

74.     EMC Corporation was not a true "servicer" of the Loan and as such, did not have the legal authority to enter into an Agreement to modify any alleged note or mortgage, and therefore, the Modification Agreement is null and void, unassignable and nontransferable.

**NINETEENTH AFFIRMATIVE DEFENSE: Failure to Provide Answer and Information**

75.    On or about June 6, 2012, Defendant served upon Plaintiff and other interested parties an Affidavit Of Termination and Revocation of All Fiduciary(s), Trustee(s), Successor(s), Beneficiary(s) by way of:

   a.    Qualified Written Request," DEMAND, AFFIDAVIT and Amendment in compliance with RESPA and under the DEED OF TRUST, SECURITY AGREEMENT/NOTE created namely the LOAN # 1023496407, JPMORGAN CHASE & CO., dba JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; LANDSTAR TITLE AGENCY, INC. and MERS, together with a

   b.    Notice of Revocation of Power of Attorney and  Revocation of Signature Affidavit.

76.    The Plaintiff failed to respond to and/or answer the above in a timely manner and/or failed to provide all relevant information as requested therein, as evidenced by Certified Return Receipts and Plaintiff's stamped envelope dated June 25th, 2012 , all filed with the County Clerk's Office on 7/12/2012 and attached hereto as **(Defendant's EXHIBIT "B")**


**TWENTIETH AFFIRMATIVE DEFENSE:**
**Allonge and/orr Indorsements are illegal and invalid**


77.    ANY ALLEGED ALLONGE PURPORTING TO TRANSFER SAID NOTE TO PLAINTIFF AND GIVE THEM A CLAIM IS VOID AND DOES NOT COMFORM TO NEW YORK'S 1951 version of NY UCC §3-202 which carry forward the No-Space Test.  SINCE THERE WAS ROOM UNDERNEATH THE DEFENDANT'S PURPORTED SIGNATURE TO PLACE AN INDORSEMENT FROM THE PRIOR OBLIGEE.  (See Pribus v. Bush, 118 Cal. App. 3D 1003 (1981): Shepherd Mall Street Bank v. Johnson, 603P. 2D 1115, 1118 (Okla.1979); Tallahassee Bank and Trust Company v. Raines, 187 S.E. 2D 320, 321 (GA. App. 1972); James Talcott, Inc. v. Fred Ratowsky Assoc., Inc., 38 Pa. D. & C.dd 624, 2 U.C.C. Rep. Serv. 1134, 1137 (1965). Furthermore, Neither WELLS FARGO BANK NATIONAL ASSOCIATION nor CARRINGTON LOAN TRUST LOANED THE DEFENDANT ANY MONEY CONTRARY TO REPRESENTATIONS ON THE NOTE OR BOND AND THE DEFENDANT ASKS FOR STRICT PROOF TO SUPPORT THESE ALLEGATIONS THAT IT DID.  THE DEBT IS NOT EVIDENCED BY ANY WRITING SINCE THE NOTE DOES NOT DESCRIBE THE DEBT, IT DESCRIBES A **NON-EXISTENT TRANSACTION** BETWEEN THE PLAINTIFF'S "DEFUNCT" PREDECESSOR AND DEFENDANT.  THUS THE MORTGAGE SECURING THE DEBT REFERENCED IN THE NOTE SECURES **A FICTITIOUS TRANSACITON AND IS SUBJECT TO QUIET TITLE.**

78.    Any allonge is not an assignment nor is it an indorsement. Any claim that a "securitization" was made or transferred by way of an allonge is impossible. An allonge is neither an amendment, nor an assignment nor an indorsement of a loan, note, mortgage or obligation. UCC **§ 3-204. INDORSEMENT.**

(a)  "Indorsement" means a signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made on an instrument for the purpose of (i) negotiating the instrument, (ii) restricting payment of the instrument, or (iii) incurring indorser's liability on the instrument, but regardless of the intent of the signer, a signature and its accompanying words is an indorsement unless the accompanying words, terms of the instrument, **place of the signature, or other circumstances unambiguously indicate that the signature was made for a purpose other than indorsement.**

(b)  "Indorser" means a person who makes an indorsement.

(c)  For the purpose of determining whether the transferee of an instrument is a holder, an indorsement that transfers a security interest in the instrument is effective as an unqualified indorsement of the instrument.

(d)  If an instrument is payable to a holder under a name that is not the name of the holder, indorsement may be made by the holder in the name stated in the instrument or in the holder's name or both, but signature in both names may be required by a person paying or taking the instrument for value or collection.

79.    On Plaintiff's alleged Note, there is a page added, after the fact, to the Note which is worded exactly as follows, "Pay to the Order of _____, without recourse." There is no payee nor an acceptance of such by anyone as payee. It is blank. Upon information and belief, this page was never seen by nor acknowledged by Defendant and was fraudulently and illegally added to the alleged Note.

80.    In violation of the UCC **3-204** there is no signature of any payee because there was no payee ever named on any alleged original Note.

81.    Additionally, Mortgage Promissory Notes ARE NOT NEGOTIABLE INSTRUMENTS. The UCC defines a negotiable instrument as an unconditional writing that promises or orders the payment **of a fixed amount of money.** An Adjustable Rate Note is NOT a fixed amount of money.  To be considered negotiable an instrument must meet the requirements stated in Article 3. **Negotiable instruments do not include money, payment orders governed by article 4A (fund transfers) or to securities governed by Article 8 (investment securities).** When alleged Mortgage was placed into

MERS, and pooled with other Mortgages and sold as investments, it was rendered an **investment security**, and as such any alleged Note associated therewith would be associated with an investment security, thereby rendering both alleged Note and alleged Mortgage non negotiable instruments pursuant to Articles 8, and therefore unassignable and any prior assignments null and void.

82.     Any intended transference of the Promissory Note is in violation of *UCC Article 3, Article 4, Article 8 and* §§ **9-102(2) & 9-310** which contains a statute of frauds which requires a security agreement to be in writing. *See* § **9-203(1)** of the code. A pledged security agreement arises when the borrower transfers the collateral to the lender in exchange for a loan. The "perfection" of a security agreement allows a secured party to gain priority to the collateral over any third party. To perfect a security agreement, the filing of a public notice is required. *See* §§ **9-302 - 9-305** of the code. No public notices of any transfers were ever made.

83.     If it were the intention of the parties to this fraudulent transaction between Plaintiff, its co-conspirators, agents, and predecessors, that the alleged mortgage interest should pass, a legal written Assignment was not made, and/or the writing was insufficient to transfer the legal title to the security. Uniform Commercial Code Article Three forbids foreclosure of the mortgage unless the creditor possesses the **properly-negotiated original** promissory note. Upon information and belief, Plaintiff does not nor could it possibly possess a properly-negotiated original note for all the reasons set forth herein. Therefore, the foreclosure must Stop, be Dismissed with Prejudice, and Quiet Title granted to Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE: Prior Action Dismissed

84.     This Court dismissed the previous Complaint related to this matter based on Plaintiff's inactivity and failure to prosecute as Ordered by Honorable Robert DiBella, JSC on July 31, 2012. Index No. 1492/10. **(Defendant's EXHIBIT "C")**

85.     Upon information and belief, Plaintiff failed to move forward with claims as previously stated due to the Plaintiff's own knowledge and indirect admission of its own lack of standing, unclean hands, fraudulent activities, lack of accounting, and knowledge of the robo-signed alleged Assignment, false documents, false claims and all other items and issues as outlined in Defendant's Affirmative Defenses herein, in addition to being the subject of an investigation and enforcement action with JPMorgan Chase by the Federal Banking Regulators, the Office of the Comptrollers of Currency and The Federal Reserve Board as outlined in Defendant's Twenty-Second Affirmative Defense below.

## TWENTY-SECOND AFFIRMATIVE DEFENSE:

### Deficiencies in Mortgage Servicing and Foreclosure Processes

86.     Upon information and belief, JPMorgan Chase is or was associated with Plaintiff, in a manner to be determined by this Court. Defendant believes JPMorgan Chase is or was the servicer of the alleged Loan with respect to the matter herein, or was predecessor to Plaintiff in some form or fashion. It is not entirely clear to Defendant what the exact nature of JPMorgan Chase's business relationship is with Plaintiff. Indeed, it is not entirely clear to Plaintiff's own attorneys, STIENE & ASSOCIATES who their true client is or who is the true note-holder of the alleged Note, if any, with any legal standing in this or any Court to bring suit for foreclosure, if there be any, and/or who is the servicer of the alleged loan. *To wit*, in a letter dated November 27, 2012 **(Defendant's EXHIBIT "D")** from Attorneys for Plaintiff to Defendant, they state that JPMorgan Chase is their client. However, in subsequent Notices of Pendency, STEIN & ASSOCIATES lists Wells Fargo and Carrington Loan Trust, etc., as its client. Additionally, in a letter, dated June 18, 2012 to Defendant from JPMorgan Chase, it appears as if JPMorgan Chase is presenting itself the note-holder or mortgage holder of the alleged Note. **(Defendant's EXHIBIT "E")**

87.     In any case, the chain of title is broken, and the mortgage and note bifurcated, the chain of note-holder or mortgage holder is unclear and broken, **and all of this is done in an attempt to deceive, distract, defraud, confuse, unwit, bamboozle, and confound Defendant, and convince this Court that Plaintiff has standing to bring suit for foreclosure when, indeed, it does not as set forth herein above.**

88.     In any case, Defendant did receive letters and payments from Rust Consulting, Inc. as Paying Agent for JPMorgan Chase as part of an enforcement action brought by federal banking regulators related to deficient mortgage servicing and foreclosure processes. **(Defendant's EXHIBIT "F").**

89.     The nature of this action, suit or investigation is not entirely clear to Defendant, but JPMorgan Chase agreed that they were "deficient" in their mortgage servicing practices and foreclosure processes with respect to the matter herein.

90.     Upon information and belief, Plaintiff together with or through JPMorgan Chase came under investigation due their unfair, illegal and deceptive business practices as outlined herein above, and that any **use of the word "deficient" is a euphemism for above-stated unfair practices**, and as a result the enforcement action was commenced and JPMorgan Chase was found to be culpable in its conduct and, as a result, agreed to make payouts to homeowners, including Defendant. As per the letters, acceptance of payment did not constitute a waiver of any rights of Defendant to sue, file counterclaims or otherwise seek further restitution from Plaintff or JP Morgan Chase, and does not bar Defendant

from doing so herein.

91.     Plaintiff's association with JPMorgan Chase in this matter and other matters, and JPMorgan Chase's admission to "deficient" practices together with all of the above-stated defenses herein, that this also points to obvious intentional misrepresentation, false claims, faulty and invalid documents, unclear business associations, confusing illegal and invalid transfers of Notes and Mortgages in, not only the matter herein, but in many other similar matters before this and other Courts.

**For all reasons stated herein, this Action must be dismissed with prejudice and Quiet Title granted to Defendant.**

## COUNTERCLAIMS

1.     Defendant incorporates by reference all prior allegations of this pleading as if set forth fully herein.

2.     Defendant is a natural person residing in the State of New York, County of Dutchess.

3.     The Mortgagee, Servicer and other parties misled Defendant since 2008 or before that it would work out the loan by forbearance, HAMP or HARP and other programs.

4.     Defendant brings causes of action pursuant to the Uniform Commercial Code, UCC §3-305(a)(1)-(c), Truth in Lending Act, 15 U.S.C §§1601 et seq., the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. §§1602 and 1639, the New York Executive Law Section 63(12), New York General Business Law §349, Article 12-D of the New York Banking Law, and applicable regulations.

## FIRST COUNTERCLAIM

5.     Defendant repeats and re-alleges each and every allegation contained hereinabove as if fully set forth herein at length.

6.     Plaintiff violated the Truth in Lending Act, 15 U.S.C §1601 et seq. by allowing Defendant to enter into a loan agreement which was wholly unsuitable for them.

7.     Plaintiff or Plaintiff's predecessor in interest violated the Truth in Lending Act by, among other violations, failing to provide Defendant with the appropriate number of Notice of Rights to Cancel and failing to accurately disclose the finance charges of the closing, violating 15 USC §§1635, 1639.

8.     Plaintiff or Plaintiff's predecessor in interest associated with the extended or offered the credit for which a finance charge is or may be imposed or which by written agreement, is payable in more than four installments, and is the person or entity to which that transaction is subject to this action and is initially payable, making plaintiff a creditor under 15 U.S.C. §1602 (f) and regulation Z 12 C.F.R.

§226.2 (a) (17).

9.     Defendant allegedly executed a promissory note and a mortgage which are consumer credit transactions within the meaning of 15 U.S.C. §1601 and regulation Z, 12 C.F.R. §226.

10.    That transaction is governed by the Truth in Lending Act, 15 U.S.C §1601 and regulation Z, 12 C.F.R. §226.

11.    The disclosure statement issued in conjunction with the consumer transaction never occurred and/or violated the requirements of the Truth in Lending Act and regulation Z as follows:

   a.     By failing to provide the required disclosures prior to consummation of the transaction in violation of 15 U.S.C §1638 (b) and regulation Z Section 226.17 (a);

   b.     By failing to make required disclosures clearly and conspicuously in writing in violation of 15 U.S.C. §1632 (a) and regulation Z §226.17 (a);

   c.     By improperly calculating the monthly payment and failing to include in the finance charge certain charges imposed by plaintiff's predecessor in interest payable by defendant incident to the extension of credit as required by 15 U.S.C. §1605 and regulation Z §226.4, thus improperly disclosing the finance charge in violation of 15 U.S.C §1638 (a) and regulation Z §226.18 (d);

   d.     By improperly including certain charges in the amount financed which are finance charges, thus improperly disclosing the amount financed in violation of 15 U.S.C §1638 (a) (2) and regulation Z §226.18 (b);

   e.     By improperly calculating the monthly payment, thus improperly disclosing the total of payments in violation of 15 U.S.C. §1638 (a) (5) and regulation Z §226.18 (h);

   f.     By improperly calculating the monthly payment, thus improperly disclosing the total of payments schedule in violation of 15 U.S.C. §226.18 (g);

   g.     By failing to include in the finance charge certain charges imposed by Plaintiff payable to Defendants incident to the extension of credit as required by 15 U.S.C. §1605 and regulation Z §226.4 thus improperly disclosing the finance charge in violation of 15 U.S.C. §1638 (a) (3) and regulation Z §226.18 (d);

   h.     By improperly including certain charges in the amount financed which are finance charges in violation of 15 U.S.C. §1638 (a) (2) and regulation Z §226.18 (b);

   i.     By calculating the annual percentage rate (APR) based upon improperly calculated and disclosed finance charges and amount finance in violation of 15 U.S.C. §1606 and regulation Z §226.22, Plaintiff understated the disclosed annual percentage rate in violation of 15 U.S.C. §1638 (a) (4) and regulation Z §226.18 (c).

12.    By reason for the foregoing violations of the act and regulation Z, Plaintiff is liable to Defendant for twice the finance charge for each violation, but not less than $100.00 nor more than $1,000.00 for each violation; actual damages to be established at trial along with attorney's fees and

costs in accordance with 15 U.S.C. §1640.

13.     Defendant is entitled to a set off of the amount of Plaintiff's liability to them against the claim in the complaint.

## SECOND COUNTERCLAIM

14.     Defendant repeats and re-alleges each and every allegation contained hereinabove as if fully set forth herein at length.

15.     In the loan transaction, Defendant did not receive accurate and truthful disclosures required by the Truth in Lending Act and Regulation Z of the Federal Reserve Board, 12 C.F.R. §226.1.  Plaintiff has violated the Truth in Lending Act, Fair Debt Collection Practices Act and New York State General Business Law.

16.     Upon information and belief, Defendant was not furnished with an accurate three day advance disclosure form required by the Homeownership Equity and Protection Act of 1994, three days prior to the loan consummation.

17.     Based on the aforementioned violations, Defendant is entitled to recoup all payments made under the terms of the loan transactions and are entitled to statutory damages under 15 U.S.C. §1640, in the amount of payments made and damages in the amount of FIFTY THOUSAND   ($50,000) DOLLARS, for each claim.

## THIRD COUNTERCLAIM

18.     Defendant repeats and re-alleges each and every allegation contained hereinabove as if fully set forth herein at length.

19.     Plaintiff violated New York Banking Law Article 12-D §419, breached its duty to mitigate its damages and to exercise good faith and fair dealing with the Defendants, causing damages equal to the amount of the loan.

20.     Being that Plaintiff and/or its respective agents, representatives, and/or successors has/have received TARP funds; Plaintiff is a HAMP or HARP participant and has refused to qualify Defendant for said program.

21.     Plaintiff multiple times from 2010 onwards misled Defendant that they would enter into forbearance, HAMP, or HARP "In-House Modification" and other agreements with Defendant that she complied; however, Plaintiff breached any agreement between the parties and therefore is not entitled to recover any alleged damages.

22.     Plaintiff is barred from recovery by the doctrines of laches, waiver, unclean hands, accord and satisfaction, res judicata, statute of frauds, usury and collateral estoppel.

23.     Specifically, Plaintiff comes to this court with unclean hands and is prohibited by reason thereof from obtaining the equitable relief of foreclosure from this Court.  The Plaintiff's unclean hands result from the Plaintiff's improvident and predatory intentional failure to comply with material terms of the mortgage and note; the failure to comply with the default loan servicing requirements that apply to this loan, all as described herein above.

24.     As a matter of equity, this Court should refuse to foreclose this mortgage because acceleration of the note would be inequitable, unjust, and the circumstances of this case render acceleration unconscionable.

25.     This court should refuse the acceleration and deny foreclosure because Plaintiff has waived the right to acceleration or is estopped from doing so because of misleading conduct and unfulfilled contractual and equitable conditions precedent.

26.     Defendant asks for an award of damages for Three Hundred & Forty One Thousand ($341,000.00) for each claim of actual damages.

## FOURTH COUNTERCLAIM

27.     Defendant repeats and re-alleges each and every allegation contained hereinabove as if fully set forth herein at length.

28.     Upon information and belief, Plaintiff failed to comply with the foreclosure prevention loan servicing requirement imposed on Plaintiff pursuant to the National Housing Act, 12 U.S.C. 1701x(c)(5) which requires all private lenders servicing non-federally insured home loans, including the Plaintiff, to advise borrowers, of any home ownership counseling Plaintiff offers together with information about counseling offered by the U.S. Department of Housing and Urban Development.

29.  The U.S. Department of Housing and Urban Development has determined that 12 U.S.C. §1701x(c)(5) creates an affirmative legal duty on the part of the Plaintiff.

30.  Plaintiff's non-compliance with the law's requirements is an actionable event that makes the filing of this foreclosure premature based on a failure of a statutory condition precedent to foreclosure which denies Plaintiff's ability to carry out this foreclosure.

31.  Plaintiff cannot legally pursue foreclosure unless and until Plaintiff demonstrates compliance with 12 U.S.C. §1701x(c)(5).

32.     Plaintiff's failure to comply with the foreclosure prevention loan servicing requirement inposed on Plaintiff pursuant to the National Housing Act, 12 U.S.C. §1701x(c)(5) cause the filing by Plaintiff of this foreclosure to be in premature, in bad faith and a breach by Plaintiff of its obligation to Defendant to act in good faith and to deal fairly with Defendant.

33.     Defendant seeks actual and statutory damages of Three Hundred & Forty One ($341,000.00) for each claim.

## FIFTH COUNTERCLAIM

34.     Defendant repeats and re-alleges each and every allegation contained hereinabove as if fully set forth herein at length.

35.     Upon information and belief, Plaintiff has charged and/or collected payments from Defendant, or is attempting to charge and/or collect through this action, attorney fees, legal fees, foreclosure costs, late charges, property inspection fees, title search expenses, filing fees, broker price opinions, appraisal fees, and other charges and advances, and predatory lending fees and charges that are not authorized by or in conformity with the terms of the subject Note and Mortgage which specifies the waiver of late payments and other collection charges as part of the forbearance and loan modification default loan servicing.

36.     Plaintiff wrongfully added and continues to unilaterally add these illegal charges to the balance Plaintiff claims is due and owing under the subject note and mortgage.

37.     Defendant seeks actual and statutory damages of Three Hundred & Forty One ($341,000) Dollars for each claim.

*WHEREFORE*, Defendant Nicole Johnson respectfully demands judgment as follows:

1.     Dismissing the Complaint in its entirety, with prejudice.
2.     Granting Quiet Title to the Defendant and removing the Mortgage of Record.
3.     Canceling the June 3, 2013 (filed June 4th), 2013 Notice of Pendency;
4.     Granting Defendant's counterclaims, an award of attorneys' fees, costs, disbursements and statutory damages, including attorney fees under Real Property Law §282 and punitive damages; and
5.     Granting such other, further and different relief as to this Court may deem just, equitable and proper.

Dated:  June 26 2013
Beacon, New York

By:     Nicole Johnson
        Defendant Pro Se
        149 Wilkes Street
        Beacon, NY 12508

To:     STIENE & ASSOCAITES, P.C.

Attorney for Plaintiff
187 East Main Street
Huntington, NY 11743
631-935-1616
631-935-1223 (fax)

## **Verification**

STATE OF NEW YORK          )
COUNTY OF DUTCHESS          ) ss:

Nicole Johnson, being duly sworn, deposes and says:

    I am the Defendant and homeowner in this foreclosure action.  I have written, composed, and further examined the foregoing Verified Answer, Affirmative Defenses and Counterclaims. It is true to my knowledge, except as to matters therein stated to be alleged upon information and belief and as to those matters I believe to be true.

_____
Nicole Johnson

State of New York )
          ) ss.:
County of Dutchess )

    On the 26TH day of June in the year 2013 before me,
the undersigned, personally appeared Nicole Johnson personally known to me
or proved to me on the basis of satisfactory evidence to be the individual(s)
whose name is subscribed to the within instrument and acknowledged
to me that she executed the same in her capacity, and
that by her signature on the instrument, the individual, or
the person upon behalf of which the individual acted, executed the
instrument.

Sworn to and subscribed before me
on this 26TH day of June, 2013

Before me
_____
Notary Public

TONI M CARAVELLO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01CA6252722
Qualified In Dutchess County
My Commission Expires December 12, 2015

Exhibit-A

Exhibit~A

**IN WITNESS WHEREOF** Grantors have duly executed this deed as of the date first above written.

BERNADETTE FRISENDA

LINDA ANDERSON

STATE OF NEW YORK    )
                     )   SS.:
COUNTY OF **DUTCHESS**    )

On **December 15, 2006,** before me, the undersigned, a Notary Public in and for said State, personally appeared, **BERNADETTE FRISENDA and LINDA ANDERSON,** personally known to me or proved to me on the basis of satisfactory evidence to be the individuals whose names are subscribed to the within instrument (deed) and acknowledged to me that they executed the same in their capacities, and that by their signatures on the instrument, the individuals, or the persons upon behalf of which the individual acted, executed the instrument.

Notary Public - State of NY
Joseph S. Sayegh - 02SA5018204
Qualified in Dutchess County
Commission Exp: Sept 20, 2009

Notary Public

---

**BARGAIN AND SALE DEED**

dated December 18, 2006

from

**BERNDADETTE FRISENDA and LINDA ANDERSON**

Grantor(s)

to

**NICOLE JOHNSON**

Grantee(s)

---

| | | |
|---|---|---|
| Grid # | : | **6055-77-013072** |
| City | : | **Beacon** |
| County | : | **Dutchess** |

Please record and return to:

Robin Gray, Esq.
849 Woodfield Road
West Hempstead, NY 11552

STATE OF NEW YORK
        ss.:
COUNTY OF DUTCHESS

—NOTARY—

    I, BRADFORD KENDALL, County Clerk and Clerk of the Supreme Court of the State of New York, in and for the County of Dutchess, a Court of Record, having by law a seal, DO HEREBY CERTIFY Pursuant to the Executive Law of the State of New York, that



Alyson Cerchia

whose name is subscribed to the annexed affidavit, deposition, certificate of acknowledgement or proof, was at the time of the taking the same a NOTARY PUBLIC in and for the State of New York duly commissioned, sworn and qualified to act as such throughout the State of New York: that pursuant to law, a commission or a certificate of his official character, with his autograph signature has been filed in my office: that at the time of taking such proof, acknowledgement or oath, he was duly authorized to take the same: that I am well acquainted with the handwriting of such NOTARY PUBLIC or have compared the signature of the annexed instrument with his autograph signature deposited in my office, and I believe that such signature is genuine.

    IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal this ___28th___ day of __December__ 20 _11_.

_____
County Clerk and Clerk of the Supreme Court, Dutchess County

Co. C-8R

# __ACCEPTANCE__

I, Nicole Johnson, the living man created in the image of God, with indefeasible title to my land and lawful owner of the landed estate known as 149 Wilkes Street, Beacon, NY 12508 and its real property and interest, under the seal NICOLE MONIQUE JOHNSON am recorded as the grantee on the grant deed grants to me, Nicole Johnson as ("Grantee") the real property ("Property") in the City of Beacon, Dutchess County, State of New York of the attached deed.

It is my freewill act and deed acknowledging and accepting the subject grant deed from the Grantor described above and thus becoming recorded good title holder of the property under the terms of the deed. I ask that the record on file in the office of register of deeds be updated to show the acknowledgment and acceptance of the deed, I am the Landlord and the lawful owner of the real estate. I declare that all of my real property and interest attached to this real estate is to be immediately returned to me.

Done under my hand and seal of my freewill act and deed.

_____                    _____
Nicole JOHNSON                                      Ricardo G. Gellineau    Third Party Witness

<div align="center">ACKNOWLEDGEMENT</div>

State of New York                )
                                 ) ss
County of Dutchess               )

On _Dec. 28th, 2011_ before me, _Alyson Cerchia_ (Notary Public) personally appeared _Nicole Johnson_ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity(ies) and that by her signature(s) on the instrument the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of New York that the foregoing paragraph is true and correct.

_____        _12/28/11_        SEAL
Notary Public                   Date

> ALYSON CERCHIA
> Notary Public, State of New York
> No. 04CE6125222
> Qualified in Dutchess County
> Commission Expires _5/14/13_

Exhibit -B

Exhibit B



# Apostille

(Convention de La Haye du 5 Octobre 1961)

1.  Country:      **United States of America**

    This public document

2.  has been signed by **Luis M. Diaz**

3.  acting in the capacity of **County Clerk**

4.  bears the seal/stamp of the county of **Bronx**

Certified

5.  At New York, New York      6.   the 25th day of September 2012

7.  by Special Deputy Secretary of State, State of New York

8.  No. NYC-165231B

9.  Seal/Stamp                    10.   Signature

*Sandra J. Tallman*
_____

Sandra J. Tallman
Special Deputy Secretary of State

04135595.RSL ( REV:  8/25/2010)

## NOTICE OF REVOCATION OF POWER OF ATTORNEY & REVOCATION OF SIGNATURE AFFIDAVIT

Subject: **Rescission of Signatures**

To: **JPMORGAN CHASE & CO., dba JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; EMC MORTGAGE CORPORATIONS; WELLS FARGO; and MERS.**

On or about December 18, 2006 I, NICOLE JOHNSON living soul was coerced, deceived and defrauded by acts of non-disclosure and enticed to put our signature on forms and other documents referred to as **DEED OF TRUST/SECURITY/ NOTE/ PURCHASE AGREEMENT # 1023496407.**

Due to the act of NON-Disclosure, Misrepresentation and for reasons state herein and above makes any agreement **VOID.** I hereby rescind any and all signatures that I may have placed on any and all forms, documents, contracts, Power of Attorney and the like, acted upon or about DECEMBER 18, 2006 and forward to present date.

All unconscionable contracts are subject to rescission under the common law and Admiralty Law for failure to make the proper disclosure in constitute an acceptance where there is no meeting of the minds there is no contract as required by §226.23(b)(1) regarding Notice of Right to Rescind as set forth in **In re Pearl Maxwell v. Fairbanks Capital Corporation, 281 B.R. 101,(2002).** The U.C.C addresses unconscionability in §2-302. We waive and reject any and all benefits expressed or implied arising from any such signatures, all resulting contracts, agreements, appointments of trustee(s) or trust resulting from force, deceit, under threat of arms, involuntary servitude and peonage, committed against ourselves.

NICOLE JOHNSON

**Certificate of Acknowledgment of Notary Public**

STATE OF NEW YORK )
COUNTY OF DUTCHESS )

State of New York, } ss.:
County of Bronx }
I, **LUIS M. DIAZ,** County Clerk and Clerk of the Supreme Court, Bronx County, a Court of Record having by law a seal, DO HEREBY CERTIFY, pursuant to the Executive Law of the State of New York, that

**Maria Casandia**

whose name is subscribed to the annexed affidavit, deposition, certificate of acknowledgment or proof, was at the time of taking the same a NOTARY PUBLIC in and for the State of New York, duly commissioned and sworn and qualified to act as such throughout the State of New York; that pursuant to law a commission, or a certificate of his official character, and his autograph signature, have been filed in my office; that as such Notary Public he was duly authorized by the laws of the State of New York to administer oaths and affirmations, to receive and certify the acknowledgment or proof of deeds, mortgages, powers of attorney and other written instruments for lands, tenements and hereditaments to be read in evidence or recorded in this State, to protest notes and to take and certify affidavits and depositions; and that I am well acquainted with the handwriting of such Notary Public, or have compared the signature on the annexed instrument with his autograph signature deposited in my office and believe that the signature is genuine.
IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal this ____ day of ____; 20__

FEE PAID $3.00

Form 1    29314

_County Clerk and Clerk of the Supreme Court, Bronx County_

## NOTICE OF REVOCATION OF POWER OF ATTORNEY & REVOCATION OF SIGNATURE AFFIDAVIT

Subject: **Rescission of Signatures**

To: **JPMORGAN CHASE & CO., dba JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; EMC MORTGAGE CORPORATIONS; WELLS FARGO; and MERS.**

On or about December 18, 2006 I, NICOLE JOHNSON living soul was coerced, deceived and defrauded by acts of non-disclosure and enticed to put our signature on forms and other documents referred to as **DEED OF TRUST/SECURITY/ NOTE/ PURCHASE AGREEMENT # 0003729274.**

    Due to the act of NON-Disclosure, Misrepresentation and for reasons state herein and above makes any agreement **VOID.** I hereby rescind any and all signatures that I may have placed on any and all forms, documents, contracts, Power of Attorney and the like, acted upon on or about DECEMBER 18, 2006 and forward to present date.

    All unconscionable contracts are subject to rescission under the common law and Admiralty Law for failure to make the proper disclosure in constitute an acceptance where there is no meeting of the minds there is no contract as required by §226.23(b)(1) regarding Notice of Right to Rescind as set forth in **In re Pearl Maxwell v. Fairbanks Capital Corporation, 281 B.R. 101,(2002).** The U.C.C addresses unconscionability in §2-302. We waive and reject any and all benefits expressed or implied arising from any such signatures, all resulting contracts, agreements, appointments of trustee(s) or trust resulting from force, deceit, under threat of arms, involuntary servitude and peonage, committed against ourselves.

NICOLE JOHNSON

### Certificate of Acknowledgment of Notary Public

STATE OF NEW YORK   )
COUNTY OF DUTCHESS )

On this _21_ day of _June_, 2012, before me, _Maria Casanova_, a notary public in and for said state, personally appeared **NICOLE JOHNSON, personally know to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that she executed the same in her authorized capacity and that by her signature on the instrument (Notice of Revocation of Power of Attorney and Revocation of Signature Affidavit) and Revocation of Signature, the person, or the entity upon behalf of which the person acted, executed the instrument.**

Notary Public                        (SEAL)

Maria Casanova
Notary Public, State of New York
No. 01CA6028101
Qualified in Bronx County
Commission Expires July 19, 20 _13_

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature  JPMCHASE
X                                    □ Agent
JUN 11 2012                          □ Addressee

B. Received by (Printed Name)    C. Date of Delivery
GRACIELA GARAY

D. Is delivery address different from item 1?  □ Yes
If YES, enter delivery address below:          □ No

1. Article Addressed to:

JPMORGAN CHASE C.O. (BM)
JPMORGAN CHASE BANK NATL ASSO
ATTN: LEGAL DEPT.
ONE CHASE MANHATTAN PL. 26th FL
NEW YORK, NY 10005-1489

3. Service Type
☑ Certified Mail     □ Express Mail
□ Registered         ☑ Return Receipt for Merchandise
□ Insured Mail       □ C.O.D.
4. Restricted Delivery? (Extra Fee)      □ Yes

2. Article Number
(Transfer from service label)    7011 3500 0002 2537 0644

PS Form 3811, February 2004        Domestic Return Receipt      102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature  RECEIVED
X              JPMCHASE              □ Agent
JUN 11 2012                          □ Addressee

B. Received by (Printed Name)    C. Date of Delivery
GRACIELA GARAY

D. Is delivery address different from item 1?  □ Yes
If YES, enter delivery address below:          □ No

1. Article Addressed to:

JPMORGAN CHASE + CO. (BM)
JPMORGAN CHASE BANK NATL ASSO
ATTN: LEGAL DEPARTMENT
ONE CHASE MANHATTAN PLAZA 26th FL
NEW YORK, NY 10005-1489

3. Service Type
☑ Certified Mail     □ Express Mail
□ Registered         ☑ Return Receipt for Merchandise
□ Insured Mail       □ C.O.D.
4. Restricted Delivery? (Extra Fee)      □ Yes

2. Article Number
(Transfer from service label)    7011 3500 0002 2537 0583

PS Form 3811, February 2004        Domestic Return Receipt      102595-02-M-1540

Chase (OH4-7302)
3415 Vision Drive
Columbus , OH 43219-6009
(800) 848-9136
(800) 848-9136

Nicole Johnson
149 Wilkes Street
Beacon, NY 12508

Priority Mail
Com Bag Pric

P/2 14d
000-4291592  JUN 25 2012
MAILED FROM ZIP CODE 43061

$ 05.600

Loan # 1827496407

Chase (OH4-7302)
3415 Vision Drive
Columbus , OH 43219-6009
(800) 848-9136
(800) 848-9136

Nicole Johnson
149 Wilkes Street
Beacon, NY 12508



Priority Mail
ComBasePrice

UNITED STATES POSTAL
02 1M
000 4291592
MAILED FROM ZIP CODE 43061
$05.660
JUN 25 2012

340 ... ... ...
Columbus, OH 43219-6009

June 18, 2012

Nicole Johnson
149 Wilkes Street
Beacon, NY 12508

**Verification of debt for mortgage loan ******6407**
Borrower(s)    Nicole Johnson

Dear Nicole Johnson:

We are writing in response to the letter we received on June 15, 2012 about your mortgage loan account above.

We have enclosed copies of the Note and Security Instrument that were signed at the origination of this loan. Our understanding is that this loan is a valid and legally enforceable financial obligation with JPMorgan Chase Bank, N.A. ("Chase").

We have enclosed copies of the following documents about your loan:

- Loan Transaction History
- Note
- Security Instrument
- Loan Application
- Appraisal
- HUD-1 Settlement Statement
- Truth-in-Lending
- Good Faith Estimate
- Applicable Disclosures
- Assignment of Mortgage

Any information requested that we did not include is either unavailable or considered confidential.

As of the date of this letter, our records show the following details about this account:

| | |
|---|---|
| Unpaid Principal Balance | $278,355.24 |
| Accrued Interest from 8/1/2009 to 6/18/2012 | $40,039.64 |
| Escrow Advances | $15,967.19 |
| Other Fees and Advances | $6,480.18 |
| Subtotal | $340,842.25 |

When Recorded Return to:
Attn: JPMorgan Chase Bank, National Association; DIRECTOR, Legal Dept
One Chase Manhattan Plaza, 26th Fl.
New York, New York 10005-1489

## STATE OF NEW YORK
## UNITED STATES OF AMERICA

| | |
|---|---|
| | ) In Admiralty |
| NICOLE JOHNSON ESTATE | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| | ) COMMERCIAL NOTICE |
| | ) |
| v. | ) Affidavit Of Termination |
| | ) and Revocation Of All Fiduciary(s), |
| | ) Trustee(s), Successor(s), |
| JPMORGAN CHASE BANK, | |
| NATIONAL ASSOCIATION | ) Beneficiary(s) |
| Defendant | ) |
| | ) |
| | ) |
| Nicole Johnson, agent, lawful | ) |
| Woman, creditor, injured third party | ) |
| intervener | ) NO hearing requested |

## Affidavit Of Termination and Revocation of All Fiduciary(s), Trustee(s), Successor(s), Beneficiary(s) (In the Nature of a Qualified Written Request (QWR)

JPMORGAN CHASE & CO.,
dba JPMORGAN CHASE BANK, NATL. ASSOC.
Attn: Legal Department
One Chase Manhattan Plaza, 26th Fl.
New York, New York 10005-1489
LOAN #1023496407

MERS
P.O Box 2026
Flint, MI 48501-2026

FREMONT INVESTMENT & LOAN
Attn: Legal Department
1411 OPUS PLACE 600
DOWNERS GROVE, IL 60515

WELLS FARGO
Attn: Legal Department
333 S. GRAND AVENUE
LOS ANGELES, CA 90071

1

When Recorded Return to:
Attn: JPMorgan Chase Bank, National Association; DIRECTOR, Legal Dept
One Chase Manhattan Plaza, 26th Fl.
New York, New York 10005-1489

EMC MORTGAGE CORPORATIONS          LANDSTAR TITLE AGENCY, INC.
Attn: Legal Department             Attn: Legal Department
2780 LAKE VISTA DRIVE              170 OLD COUNTRY RD SUITE 506
LEWISVILLE, TEXAS 75067-3884       MINEOLA, NEW YORK 11501

## ALL MORTGAGE(S), TRUSTEE(S), BENEFICIARY AND SUCCESSORS

## QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT & VALIDATION OF DEBT LETTER, FOIA REQUEST, SIGNATURE RECISSION, REVOCATION OF POWER OF ATTORNEY, TERMINATION and AFFIDAVIT UNDER The Dodd–Frank Wall Street Reform and Consumer Protection Act (Pub.L 111-203, H.R. 4173).

Please be advised that this letter is a Affidavit Of Termination and Revocation of All Fiduciary(s), Trustee(s), Successor(s), Beneficiary(s) In the nature of a Qualified Written Request," DEMAND, AFFIDAVIT and Amendment in compliance with RESPA and under the DEED OF TRUST, SECURITY AGREEMENT/NOTE created namely the LOAN # 1023496407, **JPMORGAN CHASE & CO., dba JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; LANDSTAR TITLE AGENCY, INC. and MERS.**

Reference: NICOLE JOHNSON Alleged Account Number: # 1023496407.

Date: 6-6-2012

VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED
RETURN RECEIPT NUMBER:

PIOB COMPLAINT # _____

SEC COMPLAINT # _____

HUD COMPLAINT # _____

FTC COMPLAINT # _____

D&B COMPLAINT # _____

HOOVERS COMPLAINT # _____

SECRETARY OF STATE COMPLAINT # _____

ATTORNEY GENERAL COMPLAINT # _____

To whom it may concern,

2

When Recorded Return to:
Attn: JPMorgan Chase Bank, National Association; DIRECTOR, Legal Dept
One Chase Manhattan Plaza, 26th Fl.
New York, New York 10005-1489

REAL TIME RESOLUTIONS
Attn: Legal Department
1750 Regal Row Suite 120
Dallas, Texas 75235

## ALL MORTGAGE(S), TRUSTEE(S), BENEFICIARY AND SUCCESSORS

**QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT & VALIDATION OF DEBT LETTER, FOIA REQUEST, SIGNATURE RECISSION, REVOCATION OF POWER OF ATTORNEY, TERMINATION and AFFIDAVIT. UNDER The Dodd–Frank Wall Street Reform and Consumer Protection Act (Pub.L. 111-203, H.R. 4173).**

Please be advised that this letter is a Affidavit Of Termination and Revocation of All Fiduciary(s), Trustee(s), Successor(s), Beneficiary(s) In the nature of a Qualified Written Request," DEMAND, AFFIDAVIT and Amendment in compliance with RESPA and under the DEED OF TRUST, SECURITY AGREEMENT/NOTE created namely the LOAN # 0003729274, **JPMORGAN CHASE & CO., dba JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; LANDSTAR TITLE AGENCY, INC., REAL TIME RESOLUTIONS, and MERS.**

Reference: NICOLE JOHNSON Alleged Account Number: # 0003729274.

Date: 6-6-2012

VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED
RETURN RECEIPT NUMBER:

PIOB COMPLAINT # _____

SEC COMPLAINT #  _____

HUD COMPLAINT # _____

FTC COMPLAINT #  _____

D&B COMPLAINT # _____

HOOVERS COMPLAINT # _____

SECRETARY OF STATE COMPLAINT # _____

ATTORNEY GENERAL COMPLAINT # _____

To whom it may concern,

2

When Recorded Return to:
Attn: JPMorgan Chase Bank, National Association; DIRECTOR, Legal Dept
One Chase Manhattan Plaza, 26th Fl.
New York, New York 10005-1489

This is to inquire about the accounting and servicing of this agreement and my need for understanding and clarification of various sale, transfer, funding source, legal and beneficial ownership, charges, credits, debits, transactions, reversals, actions, payments, inception of my loan to the present date.

To this date, the information, documents I have, that you have sent, and the many conversations with your customer representatives/agents, have been unproductive and have not answered many or any questions.

As, occupant for the executor office for NICOLE JOHNSON, Estate, It has come to my attention that your company may have been accused of engaging in one or more predatory servicing or lending and servicing schemes. I am extremely troubled to know about such practices by anyone; let alone **JPMORGAN CHASE & CO., dba JPMORGAN CHASE BANK, NATIONAL ASSOCIATION and MERS** or anyone who has any interest in this matter. I am concerned that such abuses are targeting the **uneducated** and **uninformed/unaware** consumer and disadvantaged, poor, elderly and minority Americans.

Regardless, I am most concerned.  This situation worries me that potential fraudulent and deceptive practices by unscrupulous brokers; sales and transfers of credit and or servicing rights; deceptive and fraudulent accounting tricks and practices may have also negatively affected any credit rating, loan account and/or the debt or payments that I am currently, or may be legally obligated to.

At this time, I hereby demand absolute first hand evidence from you of the original blue ink signature of the note to verify holder in due course of this alleged debt and or security regarding account # 1023496407.

In the case, that you do not supply me with the very security it will be a positive confirmation on your part that you never really created and owned my note.  I also hereby demand that a chain of transfer from you to wherever the security is now be promptly sent to me as well.  Absent of the actual evidence of the security I have no choice, but to dispute the validity of your lawful ownership, funding, entitlement right, and the current debt you allege I owe.  By debt I am referring to the principle balance you claim I owe;

3

When Recorded Return to:
Attn: JPMorgan Chase Bank, National Association; DIRECTOR, Legal Dept
One Chase Manhattan Plaza, 26th Fl.
New York, New York 10005-1489

the calculated monthly payment and any fees claimed to be owed by you or any trust or entity you may service or sub-service for.

To independently validate this debt, I need you to conduct a complete exam, audit, review and accounting of this account from its inception through the present date. Upon receipt of this letter, please refrain from reporting any negative credit information to any credit reporting agency until you respond to each of the above mentioned requests.

I also request that you kindly conduct this investigation and audit of this account by a certified public neutral party, since its origination to validate the debt you currently claim I owe. I will also have an independent Securitization Audit performed. I would like you to validate this debt so that it is accurate to the penny.

Please do not rely on previous servicers or originator records, assurances or indemnity agreements and refuse to conduct a full audit and investigation of this account.

I understand that potential abuses by you or previous services could have deceptively, wrongfully, unlawfully, and/or illegally:

1) Increased the principal balance I owe;
2) Decreased the proper amount applied and attributed toward principle on this account; and/ or
3) Assessed, charged and/ or collected fees, expenses and miscellaneous charges I am not legally obligated to pay under this DEED OF TRUST/ SECURITY AGREEMENT/NOTE.

It is extremely urgent that you insure that I have not been victim of such predatory servicing or lending practices.

To insure this, I am authorizing a thorough review, examination, accounting and audit of account # 1023496407 by a neutral auditing, CPA, and predatory servicing or

4

When Recorded Return to:
Attn: JPMorgan Chase Bank, National Association; DIRECTOR, Legal Dept
One Chase Manhattan Plaza, 26th Fl.
New York, New York 10005-1489

lending expert. This exam and audit will review this account file from the date of initial contact, application and the origination of this account to the present date written above.

Again this is an Affidavit Of Termination and Revocation of All Fiduciary(s), Trustee(s), Successor(s), Beneficiary(s) In the nature of a Qualified Written Request under the DEED OF TRUST, SECURITY AGREEMENT/ NOTE and I will provide the substantial penalties and fines for non-compliance or failure to answer my questions provided in this letter within the prescribed timeframe of its receipt.

In order to conduct the examination and audit of this loan, I need to have **full** and **immediate disclosure** including copies of all pertinent information regarding this loan. The documents, requests and answers to my questions are needed by me and others to insure that this loan:

1.  Was originated in lawful compliance with all federal and state laws and regulations including, but not limited to Title 62 of the Revised Statutes of the Fair Debt Collection Act, and other laws such as The Dodd–Frank Wall Street Reform and Consumer Protection Act (Pub.L. 111-203, H.R. 4173); that any and all sales or transfers of this account or monetary instrument, was conducted in accordance with proper laws and was a lawful sale with **COMPLETE** disclosure to all parties with an interest. This request requires signatures of both parties that constitute a loan. As you know, it takes two or more party's signatures, meeting of the minds, and exchange of valuable consideration to create a valid contract.

That, the claimed holder in due course of the monetary instrument/title/asset/note is holding such note in compliance with statutes, State and Federal laws and is entitled to the benefits of payments.

That, all good faith and reasonable disclosures of transfers, sales, Power of Attorney, monetary instrument ownership, entitlements, full disclosure of actual funding source, terms, costs, commissions, rebates, kickbacks, fees, etc. where and still are properly disclosed to me.

That, each servicers and/or sub servicers of this loan and or agreement has serviced this loan and or agreement in accordance with statute, law, and the terms of agreement, monetary instrument and or title.

That this agreement and or loan account has properly been credited, debited, adjusted, amortized and charged correctly; that the principal and fees have been properly calculated and applied to this loan.

That any principal balance has been properly calculated, amortized and accounted for; that no charges, fees or expenses, not obligated by me in any agreement, have been charged, assessed or collected from this account.

In order to validate this debt and audit this account, I need copies of pertinent documents to be provided to me. I also need answers, certified in writing, under penalty of perjury to various servicing questions described below.

For each record kept on computer or in any other electronic file or format, please provide a paper copy of all information in each field or record in each computer system, program or database used by you that contains any information on this account number or my name,

As such, please send to me, Executrix: c/o attn: NICOLE JOHNSON, Estate, Executrix office, P.O. 1274, Beacon, New York [12508], copies of the documents requested below as soon as possible.

Please also provide copies of:

1)     Any certified or un-certified security, front and back, used for the funding of account # 1023496407.

2)     Any and all "Pooling Agreement(s)", including account # 1023496407 between **JPMORGAN CHASE & CO., dba JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; MERS** and any government sponsored entity, hereinafter (GSE).

6

3)    Any and all "Deposit Agreement(s)" regarding any "Pooling Agreement(s)" including account # 1023496407, between JPMORGAN CHASE & CO., dba JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; MERS and any GSE.

4)    Any and all "Servicing Agreement(s)" between JPMORGAN CHASE & CO., dba JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; MERS and any GSE.

5)    Any and all "Custodial Agreement(s)" between, JPMORGAN CHASE & CO., dba JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; MERS and any GSE.

6)    Any and all "Master Purchasing Agreement" between JPMORGAN CHASE & CO., dba JPMORGAN CHASE BANK, NATIONAL ASSOCIATION LOAN # 1023496407, MERS and any GSE.

7)    DEED OF TRUST/SECURITY AGREEMENT, JPMORGAN CHASE & CO., dba JPMORGAN CHASE BANK, NATIONAL ASSOCIATION LOAN # 1023496407 and MERS and any GSE.

8)    Any and all "Commitment to Guarantee" agreement(s) between JPMORGAN CHASE BANK, NATIONAL ASSOCIATION LOAN # 1023496407, MERS and any GSE.

9)    Any and all "Commitment to Guarantee" agreement(s) between JPMORGAN CHASE BANK, NATIONAL ASSOCIATION LOAN # 1023496407, MERS and any GSE.

10)   Any and all "Release of Document" agreement(s) between JPMORGAN CHASE BANK, NATIONAL ASSOCIATION LOAN # 1023496407, MERS and any GSE.

11)   Any and all "Master Agreement for Servicer's Principle and Interest Custodial Account" between JPMORGAN CHASE BANK, NATIONAL ASSOCIATION LOAN # 1023496407, MERS and any GSE.

12)   Any and all "Servicers Escrow Custodial Account" between JPMORGAN CHASE BANK, NATIONAL ASSOCIATION LOAN # 1023496407, MERS and any GSE.

13)   Any and all "Release of Interest" agreement(s) between JPMORGAN CHASE BANK, NATIONAL ASSOCIATION LOAN # 1023496407, MERS and any GSE.

14)   Please send to the Purchaser a copy of any and all document(s) establishing any Grantor for this Title **and** any NOTE.

15)   All assignments, transfers, Allonge, or other document evidencing a transfer, sale or assignment of this loan, monetary instrument or other document that secures payment by me to this obligation in this account from the inception of this account to the present date.

16)   The front and back of each and every canceled check, money order, draft, debit or credit notice issued to any Servicers of this account for payment of any monthly payment, other payment, late charge, fee or expense on this account.

17)   The front and back of each and every canceled check, draft, or debit notice issued for payment of closing costs, fees and expenses listed on any and all disclosure statement(s) including, but not limited to, appraisal fees, etc.

When Recorded Return to:
Attn: JPMorgan Chase Bank, National Association; DIRECTOR, Legal Dept
One Chase Manhattan Plaza, 26th Fl.
New York, New York 10005-1489

18)     Front and back copies of all payment receipts, checks, money orders, drafts, automatic debits and written evidence of payments made by any others or me on this account.

19)     All letters, statements and documents sent to me by your company.

20)     All letters, statements and documents sent to me by your agents, attorneys or representatives of your company.

21)     All agreements, contracts and understandings with vendors that have been paid for any charge on this account from the inception of this account to the present date.

22)     All account servicing records, payment payoffs, payoff calculations, payment records, transaction histories, account histories, accounting records, ledgers, and documents that relate to the accounting of this account from the inception of this account until present date.

23)     All account servicing transaction records, ledgers, registers and similar items detailing how this account has been serviced from the date of inception of this account until present date.

24)  Who loaned the money for this loan, or was it funded by MY OWN, NICOLE JOHNSON pass-through account known as MY Social Security Number?

Further, In order to conduct the audit and review of this account, and to determine all proper amounts due, I need the following answers to questions concerning the servicing and accounting of this account from its inception to the present date. Accordingly, can you please provide me, in writing, the answers to the questions listed below.

## ACCOUNT ACCOUNTING & SERVICING SYSTEMS

1)  Please indentify for me each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date, so that these experts can decipher the data provided.

2)  For each account accounting and servicing system identified by you and any sub-servicers or previous servicers from the inception of this account to the present date; please provide the name and address of the company or party that designed and sold the system.

3)  For each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the complete transaction code list for each systems so that I and others can adequately audit this account.

## DEBITS & CREDITS

8

When Recorded Return to:
Attn: JPMorgan Chase Bank, National Association; DIRECTOR, Legal Dept
One Chase Manhattan Plaza, 26th Fl.
New York, New York 10005-1409

1) In a spreadsheet form or in letter form in columnar format, please detail for me each and every credit on this account and the date such credit was posted to this account, as well as the date any credit was received.
2) In a spreadsheet form or in letter form in a columnar format, please detail for me each and every debit on this account and the date debit was posted to this account as well as the date any debit was received.
3) For each debit or credit listed, please provide me with the definition for each corresponding transaction code you utilize.
4) For each transaction code, please provide me with the master transaction code last used by you or previous servicers.

## LATE FEES

For purposes of my questions below dealing with late fees, please consider the terms late fees and late charges to be one in the same.

1) Have you reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?
2) Has any previous servicers or sub-servicers of this loan reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?
3) Do you consider the payment of late fees as liquidated damages to you for not receiving payment on time? Yes or No?
4) Are late fees considered interest? Yes or No?
5) Please detail for me in writing what expenses and damages you incurred for any payment I made that was late.
6) Were any of these expenses or damages charged or assessed to this account in any other way? Yes or No?
7) If yes, could please describe what expenses or charges were charged or assessed to this account?
8) Could you please describe for me in writing what expenses you or others undertook due to any payment I made, which was late?
9) Could you please describe for me in writing what damages you or others incurred due to any payment I made, which was late?
10) Could you please identify for me in writing the provision, paragraph, section or sentence of any note, or any agreement I signed authorizing the assessment or collection of late fees?
11) Please detail and list for me in writing each separate late fee assessed to this account and for which corresponding payment period or month such late fee was assessed from the inception of this account to present date.
12) Please detail and list for me in writing each separate late fee collected from this account and for which corresponding payment period or month such late fee was collected from the inception of this account to the present date.
13) Please detail and list for me in writing any adjustments in late fees assessed and on what date such adjustments were made and the reason for such adjustments.

9

When Recorded Return to:
Attn: JPMorgan Chase Bank, National Association; DIRECTOR, Legal Dept
One Chase Manhattan Plaza, 26th Fl.
New York, New York 10005-1489

14) Has interest been charged on any late fee assessed or charged to this account? Yes or No?

15) Is interest allowed to be assessed or charged on late fees to this account? Yes or No?

16) Have any late charges been assessed to this account? Yes or No?

17) If yes, how much in total late charges have been assessed to this account from the inception of this account until present date? **PLEASE PROVIDE THE AMOUNT**.

18) Please provide me with the exact months or payment dates you or other previous servicers of this account claim I have been late with a payment from the inception of this account to the present date.

19) Have late charges been collected on this account from the inception of this account until present date? Yes or No?

20) If yes, how much in total late charges have been collected on this account from the inception of this account until present date?

⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛ ⬛

This is a "**Affidavit Of Termination and Revocation of All Fiduciary(s), Trustee(s), Successor(s), Beneficiary(s)",Under The Dodd–Frank Wall Street Reform and Consumer Protection Act (Pub.L. 111-203, H.R. 4173).**

Because of this dispute, I am requesting all of the following information:

1. A complete and itemized statement of the loan history from the date of the loan to the date of this letter including, but not limited to, all receipts by way of payment or otherwise and all charges to the loan in whatever form. This history should include the date of each and every debit and credit to any account related to this loan, the nature and purpose of each such debit and credit, and the name and address of the payee of any type of disbursement related to this account.

2. A complete and itemized statement of all advances or charges against this loan for any purpose that are not reflected on the loan history transaction statement provided in answer to question 'a'.

3. A complete and itemized statement of the escrow account of the loan, if any, from the date of the loan to the date of this letter, including, but not limited to, any receipts or disbursements with respect to real estate property taxes, fire or hazard insurance, flood insurance, mortgage insurance, credit insurance, or any other insurance product.

10

When Recorded Return to:
Attn: JPMorgan Chase Bank, National Association; DIRECTOR, Legal Dept
One Chase Manhattan Plaza, 26th Fl.
New York, New York 10005-1489

4. Have you purchased and charged to the account any Vendor's Single Interest Insurance?

5. A complete and itemized statement from the date of the loan to the date of this letter of any forced-placed insurance and expenses related thereto, related in any way to this loan.

6. A complete and itemized statement from the date of the loan to the date of this letter of any suspense account entries and/or any corporate advance entries related in any way to this loan.

7. A complete and itemized statement from the date of the loan to the date of this letter of any property inspection fees, property preservation fees, broker opinion fees, appraisal fees, bankruptcy monitoring fees, or other similar fees or expenses related in any way to this loan.

8. Identify the provision under the mortgage or note that authorizes charging each and every such fee against the loan of the debtors.

9. Please attach copies of all property inspection reports and appraisals.

10. A complete copy of any key loan transaction report or reports and any reports indicating any charges for any "add on products" sold to the debtors in connection with this loan from the date of the loan to the date of this letter.

11. A complete and itemized statement of any and all arrears including each month in which the default occurred, and the amount of each monthly default.

12. A complete and itemized statement of any late charges to this loan from the date of this loan to the date of this letter.

13. The amount, if applicable, of any "satisfaction fees."

14. A complete and itemized statement from the date of the loan to the date of this letter of any fees incurred to modify, extend, or amend the loan or to defer any payment due under the terms of the loan.

15. The current amount needed to pay-off the loan in full.

16. A full and complete comprehensible definitional dictionary of all transaction codes and other similar terms used in the statements requested above. The list of transaction codes should have an explanation of each code in plain English clearly stating the meaning of the code.

When Recorded Return to:
Attn: JPMorgan Chase Bank, National Association; DIRECTOR, Legal Dept
One Chase Manhattan Plaza, 26th Fl.
New York, New York 10005-1489

17. A complete and itemized statement of any funds deposited in any suspense account(s) or corporate advance account(s), including, but not limited to, the balance in any such account or accounts and the nature, source and date of any and all funds deposited in such account or accounts.

18. A complete and itemized statement from the date of this loan to the date of this letter of the amount, payment date, purpose and recipient of all foreclosure expenses, NSF check charges, legal fees, attorney fees, professional fees and other expenses and costs that have been charged against or assessed to this mortgage.

19. A complete and itemized statement of the amount, payment date, purpose and recipient of all fees for the preparation and filing of the original proof of claim, any amended proofs of claim or any supplemental proofs of claim in this case.

20. The full name, address and phone number of the current holder of this debt including the name, address and phone number of any trustee or other fiduciary. This request is being made pursuant to Section 1641(f)(2) of the <u>Truth In Lending Act</u>, which requires the servicer to identify the holder of the debt.

21. The name, address and phone number of any master servicers, servicers, sub-servicers, contingency servicers, back-up servicers or special servicers for the underlying <u>mortgage debt</u>.

22. A copy of any mortgage Pooling and Servicing Agreement and all Disclosure Statements provided to any Investors with respect to any mortgage-backed security trust or other special purpose vehicle related to the said Agreement and any and all Amendments and Supplements thereto.

23. If a copy of the Pooling and Servicing Agreement has been filed with the SEC, provide a copy of SEC Form 8k and the Prospectus Supplement, SEC Form 424b5.

24. The name, address and phone number of any Trustee under any pooling or servicing agreement related to this loan.

25. A copy of the Prospectus offered to investors in the trust.

26. Copies of all servicing, master servicing, sub-servicing, contingency servicing, special servicing, or back-up servicing agreements with respect to this account.

27. All written loss-mitigation rules and work-out procedures related to any defaults regarding this loan and similar loans.

When Recorded Return to:
Attn: JPMorgan Chase Bank, National Association; DIRECTOR, Legal Dept
One Chase Manhattan Plaza, 26th Fl.
New York, New York 10005-1489

28. The procedural manual used with respect to the servicing or sub-servicing of this loan.

29. A summary of all fixed or standard legal fees approved for any form of legal services rendered in connection with this account.

30. Is this loan subject to any Electronic Tracking Agreement? If the answer is yes, then state the full name and address of the Electronic Agent and the full name and address of the Mortgage Electronic Registration System.

31. Is the servicing of this loan provided pursuant to any type of mortgage electronic registration system? If the answer is yes, then attach a copy of the mortgage electronic registration system procedures manual.

32. A copy of the LSAMS Transaction History Report for the debtors' mortgage loan account, with a detailed description of all fee codes.

33. Is this a MERS Designated Mortgage Loan? If the answer is yes, then identify the electronic agent and the type of mortgage electronic system used by the agent.

34. Is this mortgage part of a Mortgage Warehouse Loan? If so, then state the full name and address of the Lender and attach a copy of the Warehouse Loan Agreement.

35. Upon any default or notice of default, state whether or not the Mortgage Warehouse Lender has the right to override any servicers or sub-servicers and provide instructions directly to the Electronic Agent? If the answer is yes, then specifically identify the legal basis for such authority.

36. Is this mortgage part of a Whole Loan Sale Agreement? If the answer is yes, then state the name and address of the Purchaser, the Custodian, the Trustee, the Electronic Agent and any Servicer or Sub-Servicers.

37. Please state the full name and address of any attorney you have retained to provide any legal services in this case at any time post-petition.

38. Please provide copies of all the documents we signed at the closing of this loan.

When Recorded Return to:
Attn: JPMorgan Chase Bank, National Association; DIRECTOR, Legal Dept
One Chase Manhattan Plaza, 26th Fl.
New York, New York 10005-1489

**Power of Attorney: When JPMORGAN CHASE & CO., dba JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; LANDSTAR TITLE AGENCY, INC. and MERS, or any other entities noticed here** fails by not rebutting to any part of this "Request" WELLS FARGO BANK, NA d/b/a WELLS FARGO HOME MORTGAGE; LANDSTAR TITLE AGENCY, INC. and MERS or any other entities noticed here, agrees with the granting unto NICOLE JOHNSON unlimited **Power of Attorney** and any and all full authorization in signing or endorsing **JPMORGAN CHASE & CO., dba JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; LANDSTAR TITLE AGENCY, INC. and MERS or any other entities noticed here including any/all named SUCCESSOR, ASSIGNS, TRANSFEREE,** name upon any instrument in satisfaction of the obligation(s) of this **REQUEST**/Agreement or any agreement arising from this agreement. Pre-emption of or to any Bankruptcy proceedings shall not discharge any obligation(s) of this agreement. Consent and agreement with this Power of Attorney by **JPMORGAN CHASE & CO., dba JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; LANDSTAR TITLE AGENCY, INC. and MERS or any other entities noticed here** waives any and all claims and/or defenses and remains in effect until satisfaction of all obligation(s) by **JPMORGAN CHASE & CO., dba JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; LANDSTAR TITLE AGENCY, INC. and MERS or any other entities noticed here** has been satisfied.

**Effective immediately Buyer, Purchaser, Grantor, Trustor, NICOLE JOHNSON,**

Estate forever Revokes, Cancels, Voids, Rescinds any Power of Attorney, authority or other granted, granting by signatures, assigned or assigning to any parties, including JPMORGAN CHASE & CO., dba JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; LANDSTAR TITLE AGENCY, INC. and MERS or any other entity noticed here and namely alleged present JPMORGAN CHASE & CO., dba JPMORGAN CHASE BANK, NATIONAL ASSOCIATION and any appointment made by them, including all Trustee(s), Successor Trustee(s), Beneficiary(s), any and all successors, and/or substitutes.

I, NICOLE JOHNSON hereby revoke and withdraw any and all power and authority in the matter of JPMORGAN CHASE & CO., dba JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, loan # 1023496407 conferred therein. YOU ARE NO LONGER TRUSTEE(s), SUCCESSOR TRUSTEE(s) or BENEFICIARY(s). CEASE AND DESIST ALL ACTIONS OF ASSIGNMENT(s) or APPOINTMENT BY ABOVE ENTITY. CONTINUED ACTION MAY RESULT IN LEGAL ACTIONS AGAINST YOU.

"NOTICE TO AGENT IS NOTICE TO PRINCIPAL-NOTICE TO PRINCIPAL IS NOTICE TO AGENT"

You should be advised that **Under The Dodd–Frank Wall Street Reform and Consumer Protection Act (Pub.L. 111-203, H.R. 4173)** you must acknowledge receipt of this **"Affidavit Of Termination and Revocation of All Fiduciary(s),**

When Recorded Return to:
Attn: JPMorgan Chase Bank, National Association; DIRECTOR, Legal Dept
One Chase Manhattan Plaza, 26th Fl.
New York, New York 10005-1489

**Trustee(s), Successor(s), Beneficiary(s)In The Nature of A Qualified Written Request"** within 5 business days, pursuant to 12 U.S.C. Section 2605(e)(1)(A) and Reg. X Section 3500.21(e)(1) as the Act changes the acknowledgment deadline for QWRs from 15 days to only 5 days. The Act also changes the substantive response deadline from 60 days to just 30 days. It does allow a 15-day extension, if the borrower is notified of the extension and the reasons for the delay; but even with the extension, the time frames are still short enough that servicers must act quickly

You should also be advised that I will seek the recovery of damages, costs, and reasonable legal fees for each failure to comply with the questions and requests herein. I also reserve the right to seek statutory damages for each violation of any part of Section 2605 of Title 12 of the United States Code. The Act raises the available damages for failing to respond to RESPA requests as required. The available damages for each violation under 12 U.S.C. § 2605 changed as follows:
(1)  Individuals: actual damages plus $1,000 increased to actual damages plus $2,000; and
(2)  Class Actions: the cap for class action lawsuits increased from the lesser of $500,000 or 1 percent of the servicer's net worth to the lesser of $1,000,000 or 1 percent.

I trust you will govern yourselves accordingly.

Dated on the _8_ day of June, 2012.

BY: _____
EXECUTRIX

### Certificate of Acknowledgment of Notary Public

STATE OF NEW YORK        )
                         )
COUNTY OF DUTCHESS       )

WITNESS WHEREOF, I have set my hand this 8th day of June, 2012, in the City of Beacon, New York, and sworn to and subscribed before me by the occupant for the executrix office for NICOLE JOHNSON Estate, who is personally known to me and/or has produced the required positive identification.

_____
Notary Public                    (seal)

TONI ANN KILLMER
Notary Public, State of New York
No. 01KI6221635
Qualified in Dutchess County
Commission Expires May 10, 20___14

NEW YORK (COUNTY OF DUTCHESS) SS
BRADFORD KENDALL, COUNTY CLERK AND CLERK OF THE SUPREME AND COUNTY
COUNTY, DO HEREBY CERTIFY THAT I HAVE COMPARED THIS COPY WITH THE O
OR RECORDED IN MY OFFICE ON
IS A CORRECT TRANSCRIPT THEREOF
IN WHEREOF, I HAVE HEREUNTO SET MY HAND AND
JUL 1 2 2012
CLERK & CLERK OF THE SUPREME & COUNTY COURTS, DUTCHESS COUNTY

STATE OF NEW YORK (COUNTY OF DUTCHESS) SS

I, BRADFORD KENDALL, COUNTY CLERK AND CLERK OF THE SUPREME AND COUNTY COURTS

IN AND FOR SAID COUNTY DO HEREBY CERTIFY THAT I HAVE COMPARED THIS COPY WITH THE ORIGINAL

FILED OR RECORDED IN MY OFFICE ON           JUL 1 2 2012

AND THAT THE SAME IS A CORRECT TRANSCRIPT THEREOF

IN TESTIMONY WHEREOF I HAVE HEREUNTO SET MY HAND AND AFFIXED MY OFFICIAL SEAL

JUL 1 2 2012

COUNTY CLERK & CLERK OF THE SUPREME & COUNTY COURTS DUTCHESS COUNTY

Exhibit-C

SUPREME COURT OF THE STATE OF NEW YORK
DUTCHESS COUNTY
-------------------------------------------------------------------x
Wells Fargo Bank, NA,

                              Plaintiff(s),

                                                              ORDER OF DISMISSAL

             -against-

Nicole Johnson, et al.,                                       INDEX NO. 1492/10


                              Defendant(s).
-------------------------------------------------------------------x
DiBella, J.

       It appearing that an answer was served and issue joined in the above-captioned

action more than one year prior to the date of this Order, that a Conditional Order of

Dismissal was issued by this Court on February 14, 2012 and received by plaintiff's

attorney more than ninety days prior to the date of this Order, and plaintiff having failed to

proceed with prosecution of this action, it is hereby

       ORDERED that the complaint in the above-captioned action is dismissed for want

of prosecution, without costs and without prejudice, pursuant to CPLR 3216.

       The foregoing constitutes the Order of the Court.

Dated: July **31**, 2012
       Poughkeepsie, New York


                                                  Hon. Robert DiBella, JSC


To:    Stiene & Associates, P.C.
       Keith Abramson, Esq.
       187 East Main Street
       Huntington, New York 11743

       Nicole Johnson
       149 Wilkes Street
       Beacon, New York 12508

Exhibit -D

CHARLES G. STIENE

STEPHEN J. VARGAS
KEVIN M. CASTRO
DANIEL R. LEBOVIC
CHRISTOPHER VIRGA
COLIN J. McSHERRY
EILEEN M. RYAN

**STIENE & ASSOCIATES, P.C.**

ATTORNEYS AT LAW
187 EAST MAIN STREET
HUNTINGTON, NEW YORK 11743

(631) 935-1616
FAX (631) 935-1223

November 27, 2012

Nicole Johnson
149 Wilkes Street
Beacon, NY 12508

> **Re:** **Premises: 149 Wilkes Street, Beacon, NY 12508**
> **Loan No. 1023496407**
> **Our File No. 201201028-02**

Dear Nicole Johnson:

> #### Your mortgage loan has been referred to our firm for foreclosure.

Our client, JPMorgan Chase Bank, National Association, has referred your loan to us for foreclosure. While the foreclosure process has begun, you may still have alternatives available to you to avoid foreclosure sale.

**It's not too late to explore alternatives.**
You may have had an unexpected expense, loss of income, or another circumstance that has prevented you from making your mortgage payments. You can still explore alternatives to avoid foreclosure, but you will need to act soon. The first step would be to provide information to JPMorgan Chase Bank, National Association about your situation so that JPMorgan Chase Bank, National Association can determine whether you qualify for temporary or long-term relief.

JPMorgan Chase Bank, National Association may have previously sent you a letter about possible options to avoid foreclosure, with the documents you would need to complete and return to JPMorgan Chase Bank, National Association to be evaluated for these alternatives. If you did not receive or no longer have the letter, or have not returned all of the required documents, please contact JPMorgan Chase Bank, National Association at **(866) 550-5705.**

Once JPMorgan Chase Bank, National Association has evaluated your information, you will be contacted about options and next steps.

Please note that even if you have previously indicated you were not interested in alternatives to foreclosure, you can still be evaluated for alternatives to foreclosure now.

If you have questions, please contact JPMorgan Chase Bank, National Association at **(866) 550-5705**.

Sincerely,
STIENE & ASSOCIATES, P.C.

Joseph Cohen
Paralegal
Enc.

**JPMorgan Chase Bank, National Association is attempting to collect a debt, and any information obtained will be used for that purpose.**

Exhibit - E

Chase (OH4-7302)
3415 Vision Drive
Columbus, OH 43219-6009



June 18, 2012

Nicole Johnson
149 Wilkes Street
Beacon, NY 12508

**Verification of debt for mortgage loan ******6407**
Borrower(s):    Nicole Johnson

Dear Nicole Johnson:

We are writing in response to the letter we received on June 15, 2012 about your mortgage loan account above.

We have enclosed copies of the Note and Security Instrument that were signed at the origination of this loan. Our understanding is that this loan is a valid and legally enforceable financial obligation with JPMorgan Chase Bank, N.A. ("Chase").

We have enclosed copies of the following documents about your loan:

- Loan Transaction History
- Note
- Security Instrument
- Loan Application
- Appraisal
- HUD-1 Settlement Statement
- Truth-in-Lending
- Good Faith Estimate
- Applicable Disclosures
- - Assignment of Mortgage

Any information requested that we did not include is either unavailable or considered confidential.

As of the date of this letter, our records show the following details about this account:

| | |
|---|---|
| Unpaid Principal Balance | $278,355.24 |
| Accrued Interest from 8/1/2009 to 6/18/2012 | $40,039.64 |
| Escrow Advances | $15,967.19 |
| Other Fees and Advances | $6,480.18 |
| Subtotal | $340,842.25 |

| Total | $340,842.25 |
|-------|-------------|

*Please note that the total above is not a payoff quote. Accrued interest, fees, corporate and escrow advances, payments received, and other charges may have been assessed or credited to the loan since the date of this letter.*

If there is a specific dispute regarding the origination or servicing of this loan that you wish Chase to address, please provide a detailed letter and the supporting documentation so we may further research that for you.

Information regarding the Mortgage Electronic Registration Systems (MERS) can be located on the MERS website at http://www.mersinc.org/. The MIN number for this account is 1001944 3000912183 4 and was registered on January 26, 2012.

Statement copies for this account are available and viewable on www.chase.com. A payment history is included for your payment records. If, for any reason, you are unable to view these statements online, please contact us at the number provided below.

To further understand your credit dispute, please send us detailed information that includes the specific month and year of the dispute, along with your loan number and any supporting documentation, such as detail copy of the credit report to the following address:

Chase (OH4-7302)
P.O. Box 24696
Columbus, OH 43224-0696

## Accounting and Servicing Systems

- The information requested under this section is confidential and cannot be provided.

## Debits and Credits

- Some of the information requested under this section is either confidential or unavailable and cannot be provided.

## Mortgage and Assignments

- Chase is the servicer of this mortgage loan.
- Any assignment of the Security Instrument, previous sellers, purchasers, assignors, and assignees would be a matter of public record. Please review public record for this information.

## Attorney Fees

- Please refer to the enclosed Loan Transaction History for any questions about attorneys' fees.
- Please refer to the enclosed copy of the Security Instrument for any questions regarding the applicability or nature of attorneys' fees, or our ability to assess and collect attorneys' fees.
- No interest has been charged on any attorneys' fees which may or may not have been assessed to this account. We do not charge interest on any type of fees which may or may not have been assessed to this account.
- Some of the information requested under this section is either confidential or unavailable and cannot be provided.

## Suspense/Unapplied Accounts

## Late Fees

- Please refer to the enclosed Loan Transaction History for any questions about late charges assessed or collected.
- Please refer to the enclosed copy of the Note and Security Instrument for any questions regarding the applicability or nature of late charges, or our ability to assess and collect late charges.

## Property Inspections

- Please refer to the enclosed Loan Transaction History for any questions about inspection fees assessed or collected.
- Please refer to the enclosed copy of the Security Instrument for any questions about the applicability or nature of property inspection fees, and our ability to conduct property inspections and assess and collect fees for property inspections.

## BPO Fees

- Please refer to the enclosed Loan Transaction History for any questions about fees assessed or collected in connection with any Broker's Price Opinion (BPO) that may have been ordered by Chase.
- Please refer to the enclosed copy of your Security Instrument for any questions about the nature and applicability of BPO fees, and our ability to obtain a BPO on the property, or to assess and collect BPO fees.

## Forced-Placed Insurance

- No force-placed insurance policy has been purchased for this loan.

## Servicing Questions

- Any assignment of the Security Instrument, previous sellers, purchasers, assignors, and assignees would be a matter of public record. Please review public record for this information.
- The investor for this loan is Wells Fargo, 9062 Old Annapolis Road, Columbia, MD 21045.
- Some of the information requested under this section is either confidential or unavailable, and cannot be provided.

If you have questions, please call us at the telephone number listed below.

Sincerely,

Chase
(800) 848-9136
(800) 582-0542 TDD / Text Telephone
www.chase.com

Enclosures

**We are a debt collector.**

**If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.**

**To the extent your original obligation was discharged, or is subject to an automatic stay of**

Exhibit-F

Paying Agent – Rust Consulting, Inc.
P.O. Box 8067
Faribault, MN 55021-9467

**An important message directed by Federal Banking Regulators- the Office of the Comptroller of the Currency and the Board of Governors of the Federal Reserve System**

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
PAID
Rust Consulting, Inc.

J

*1898548338-UPPN*

100J0763832- 0248-535-00
NICOLE JOHNSON
149 WILKES ST
BEACON, NY 12508-1536

OPEN NOW FOR MORE INFORMATION

Usted es elegible para obtener una compensación según órdenes emitidas por los reguladores federales de la banca.

**Atención:**

You are eligible for compensation pursuant to orders issued by Federal Banking Regulators.

# Attention

CU0763576-10030763832

## Payment related to the Independent Foreclosure Review

You are eligible to receive a payment as the result of an agreement between JPMorgan Chase and federal banking regulators—the Office of the Comptroller of the Currency and the Federal Reserve Board—announced in January. This payment is related to an enforcement action regarding deficiencies in the mortgage servicing and foreclosure processes of JPMorgan Chase. Payment will be made by the paying agent—Rust Consulting, Inc.

**You will receive a check or additional information about your payment from Rust Consulting within approximately four to eight weeks. Please watch your mail.**

Only Rust Consulting will contact you regarding your check or to request additional information if required to process your payment. Always use caution when providing personal information.

If you have questions, you may call toll free at 1-888-952-9105 or visit

www.independentforeclosurereview.com

www.occ.treas.gov

www.federalreserve.gov

Si tiene preguntas, puede llamar al número de teléfono 1-888-952-9105 para hablar con un representante.

Assistance is also available from the toll-free number in more than 200 languages, including Chinese, Korean, Vietnamese, Tagalog, Hmong, and Russian.

提供中文協助。

한국어 도움을 제공합니다.

Trợ giúp hiện có bằng tiếng Việt.

Available ang tulong sa wikang Tagalog.

Peb muaj cov neeg hais lus Hmoob pab nej.

Помощь на русском языке.

Paying Agent – Rust Consulting, Inc.
P.O. Box 8056
Faribault, MN 55021-9456

## Independent Foreclosure Review

**IMPORTANT PAYMENT AGREEMENT INFORMATION ENCLOSED**

April 26, 2013

J  ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
\* 1 6 0 8 5 4 8 3 3 8 – 3 8 0 8 6 3 9 \*

**Your payment is enclosed.**

NICOLE JOHNSON
149 WILKES ST
BEACON, NY 12508-1536

Reference Number: 1608548338
Property Address:
149 WILKES ST
BEACON NY 12508

*Si usted habla español, tenemos representantes que
pueden asistirle en su idioma.*



Dear Nicole Johnson,

You were recently sent a notice that you are eligible to receive a payment as a result of an agreement between federal banking regulators and JPMorgan Chase in connection with an enforcement action related to deficient mortgage servicing and foreclosure processes.

**This letter includes your check.**  It also explains the amount of the payment, why you are receiving a payment, how to cash the check, and other important information and disclosures.

## Your payment is: $300.00.

### Why you are receiving a payment

Earlier this year, JPMorgan Chase entered into an agreement with federal banking regulators—the Office of Comptroller of the Currency and the Board of Governors of the Federal Reserve System.  This agreement resolved the Independent Foreclosure Review required by the regulators.  Additional information about this agreement can be found at www.occ.gov and www.federalreserve.gov.

Regulators determined your payment amount based on the stage of your foreclosure process and other considerations related to your foreclosure.

### How to cash the check

**You must cash or deposit the check within 90 days, or the check will be void.**  All borrowers listed on the check must sign it to cash it.

> **The payment amount is final.**
>
> **There is no process to appeal the payment.**

*Continued on reverse side*

©OCC2013

A 13J1 000016964

## Important Information

- By cashing or depositing the check, you do not waive any legal claims against your servicer and you may pursue additional actions related to your foreclosure.

- Cashing or depositing the check may affect your taxes or public assistance benefits. Neither the paying agent —Rust Consulting, Inc., nor the regulators can advise you on tax liability or any effect on public assistance. If you have questions, you may consult a tax advisor or qualified individual or organization. You may also visit www.independentforeclosurereview.com/taxinfo for information about potentially taxable components of your payment. If required, tax documentation, such as a Form 1099, will be sent to you in January 2014.

- You may be eligible for foreclosure prevention assistance. To explore your options, contact a JPMorgan Chase specialist at 1-877-496-9919.

- If you need additional help with foreclosure prevention, please contact the Homeowner's HOPE Hotline at 1-888-995-HOPE (4673) (or at www.makinghomeaffordable.gov) and they can put you in touch with a U.S. Department of Housing and Urban Development approved nonprofit organization that can provide **free assistance.**

- Please refer this letter to your attorney or authorized representative, if you are represented by an attorney or other authorized third-party representative regarding a foreclosure, bankruptcy case involving this mortgage loan, or the Independent Foreclosure Review.

- This payment does not mean that you necessarily suffered financial injury or harm.

## Other disclosures

This letter is not an attempt to collect a debt or to impose personal liability for any obligation, including, without limitation, any obligation that was discharged, or is subject to an automatic stay in bankruptcy under Title 11 of the United States Code.

Information you provided as part of the Independent Foreclosure Review may not be used for any other purpose. If you would like JPMorgan Chase's internal records to include updated contact or personal information for future correspondence or notices, then you must separately provide your new contact or personal information directly to the servicer by calling 1-877-496-9919.

If you have any questions, please call the paying agent—Rust Consulting, Inc.—at 1-888-952-9105, Monday through Friday, 8 a.m. - 10 p.m. ET or Saturday, 8 a.m. - 5 p.m. ET.

Si tiene preguntas, puede llamar al número de teléfono 1-888-952-9105 para hablar con un representante.

Assistance is also available from the toll-free number in more than 200 languages, including Chinese, Korean, Vietnamese, Tagalog, Hmong, and Russian.

提供中文幫助。　　Trợ giúp hiện có bằng tiếng Việt.　　Peb muaj cov neeg hais lus Hmoob pab nej.
한국어 도움을 제공합니다.　　Available ang tulong sa wikang Tagalog.　　Помощь на русском языке.

Sincerely,

Paying Agent—Rust Consulting, Inc.



CERTIFIED MAIL

7011 3500 0002 2537 0642

RETURN RECEIPT
REQUESTED

JUL 01 2013

Shiene & Associates P.C.

Ms. Nicole Johnson
149 Wilkes Street
Beacon, NY 12508

Shiene & Assoc P.C.
187 East Main Street
Huntington, NY 11743