# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

NICOLE JOHNSON-GELLINEAU,

    Plaintiff,

    v.

STIENE & ASSOCIATES, P.C.;
CHRISTOPHER VIRGA, ESQ.; RONNI
GINSBERG, ESQ.; JPMORGAN CHASE
BANK, NATIONAL ASSOCIATION;
WELLS FARGO BANK NATIONAL
ASSOCIATION, AS TRUSTEE FOR
CARRINGTON MORTGAGE LOAN
TRUST, SERIES 2007-FRE1, ASSET-
BACKED PASS-THROUGH
CERTIFICATES,

    Defendants.

*Document filed electronically*

Civil Action No. 7:16-cv-09945-KMK

---

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION BY
DEFENDANTS TO DISMISS THE COMPLAINT PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)**

---

**BUCKLEY MADOLE, P.C.**
420 Lexington Avenue, Suite 840
New York, New York 10170
Telephone: 347-286-7409
Brian P. Scibetta, Esq.
*Attorneys for Defendants, JPMorgan Chase Bank,
National Association and Wells Fargo Bank
National Association, as Trustee for Carrington
Mortgage Loan Trust, Series 2007-FRE1, Asset-
Backed Pass-Through Certificates*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ................................ 4

LEGAL ARGUMENT ............................................................................................. 8

   I.    FRCP 12(b)(6) STANDARD OF REVIEW ............................................... 8

   II.    PLAINTIFF HAS FAILED TO ALLEGE FDCPA CLAIMS AGAINST WFBNA AND CHASE ...................................................................................... 9

     A.   PLAINTIFF HAS NOT PLAUSIBLY ALLEGED THAT WFBNA OR CHASE ARE DEBT COLLECTORS UNDER THE FDCPA ........................................... 9

     1.   WFBNA is a Creditor, Not a Debt Collector, as Defined by the FDCPA .............. 10

     2.   Chase is Not a Debt Collector Within the Meaning of the FDCPA ........................ 12

     B.   PLAINTIFF HAS FAILED TO ALLEGE ANY ACT BY THE BANK DEFENDANTS THAT COULD BE PLAUSIBLY CONSTRUED AS PROHIBITED UNDER THE FDCPA ................................................................................ 15

     1.   Pleadings Filed in the Foreclosure Action are not Debt Collection Activity under the FDCPA ............................................................................................. 15

     2.   The Mortgage Statements Sent by Chase do Not Constitute Debt Collection Activity .............................................................................................. 18

     3.   Plaintiff has not Stated Claims Against the Bank Defendants Pursuant to § 1692e or § 1692g of the FDCPA .................................................................. 19

CONCLUSION ...................................................................................................... 23

## TABLE OF CITATIONS

### Cases

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ........................................................................ 8

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) .................................................... 8, 9

*Bloomingburg Jewish Educ. Center v. Village of Bloomingburg, N.Y.*, 111 F.Supp.3d 459 (S.D.N.Y. 2015) .......................................................................................................... 6

*Brass v. Am. Film Technologies, Inc.*, 987 F.2d 142 (2d Cir. 1993) ............................. 4

*Burns v. Bank of Am.*, 655 F.Supp.2d 240 (S.D.N.Y. 2008) ........................................ 12

*Castro v. Green Tree Servicing LLC,* 959 F.Supp.2d 698 (S.D.N.Y. 2013) ............... 19

*Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.,* 56 F.3d 359 (2d Cir.1995) 22

*Cohen v. Ditech Financial LLC*, 15-cv-6828, 2017 WL 1134723 (E.D.N.Y. March 24, 2017) .. 17

*Drew v. Chase Manhattan Bank, N.A.*, Civ. No. 95-3133(JGK), 1998 WL 430549 (S.D.N.Y. July 30, 1998) ............................................................................................................... 21

*Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti,* 374 F.3d 56 (2d Cir. 2004) ............................................................................................................. 10, 12

*Harris v. Mills,* 572 F.3d 66 (2d Cir.2009) ................................................................... 8

*Hill v. DLJ Mortgage Capital, Inc.*, 15-cv-3083, 2016 WL 5818540 (E.D.N.Y. Sept. 30, 2016) .......................................................................................................................... 16, 18

*Hill v. DLJ Mortgage Capital, Inc.*, 2017 WL 1732114, at *1 (2d Cir. May 3, 2017) ................ 18

*Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77 (2d Cir. 2005) ..................... 20

*Hoo-Chong v Citimortgage, Inc.*, 15-CV-4051, 2016 WL 868814 (E.D.N.Y. Mar. 7, 2016) ...... 13

*Huock v. US Bank NA*, 15-cv-10042, 2016 WL 5720783, at *9 (S.D.N.Y. Sept. 30, 2016) ... 10, 11

*In re NYSE Specialists Secs. Litig.,* 503 F.3d 89 (2d Cir. 2007) ................................... 8

*Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66 (2nd Cir. 1998) ............................................................................................................. 4

*Izmirligil v. Bank of New York Mellon*, No. 11-CV-5591, 2013 WL 1345370 (E.D.N.Y. Apr. 2, 2013) .......................................................................................................................... 11

*Kilpakis v. JPMorgan Chase Financial Company, LLC*, 229 F.Supp.3d 133 (E.D.N.Y. 2017) .. 14

*Macias v. Ocwen Loan Servicing LLC*, 16-cv-2215, 2017 WL 836028 (S.D.N.Y. March 2, 2017)…………………………………………………………………………………...14

*Maguire v. Citicorp Retail Services, Inc.*, 147 F.3d 232 (2d Cir. 1998)....................................... 19

*Munroe v. Specialized Loan Servicing LLC*, 14-cv-1883, 2016 WL 1248818 (E.D.N.Y. March 28, 2016).......................................................................................................... 10, 11

*Okyere v. Palisades Collection, LLC*, 961 F.Supp.2d 508 (S.D.N.Y. 2013) .................................. 9

*Pascal v JPMorgan Chase Bank, Nat. Assn.*, 09-CV-10082 ER, 2013 WL 878588 (S.D.N.Y. March 11, 2013) ...................................................................................................... 13, 14

*Plummer v. Atlantic Credit & Finance, Inc.*, 66 F.Supp.3d 484 (S.D.N.Y. 2014) ...................... 10

*Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79 (2d Cir. 2014)....................................... 22

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)....................................................................... 20

*Schuh v. Druckman & Sinel, L.L.P.*m 602 F.Supp.2d 454 (S.D.N.Y. 2009) ............................... 12

*Simmons v. Roundup Funding, LLC,* 622 F.3d 93 (2d Cir. 2010) ................................................ 17

*Williams v. Citibank, N.A.*, 565 F.Supp.2d 523 (S.D.N.Y. 2008) ................................................ 10

*Zinermon v. Burch*, 494 U.S. 113 (1990) ....................................................................................... 8

## **Statutes**

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* ........................... passim

15 U.S.C. § 1692e .................................................................................................... 7, 19, 22

15 U.S.C. § 1692g .......................................................................................................... 19, 22

15 U.S.C. § 1692a(4) ........................................................................................................... 10

15 U.S.C. § 1692a(6) ...................................................................................................... 10, 13

Truth in Lending Act, 15 U.S.C. § 1638(f)……………………………………………………18

## Other Authorities

Implementation Guidance for Certain Mortgage Servicing Rules, 10152013 CFPBGUIDANCE, 2013 WL 9001249 (C.F.P.B. Oct. 15, 2013) ........................................................................ 19

## Rules

Fed R. Civ. P. 12(b)(6)............................................................................................. passim

Fed. R. Evid. § 201 ........................................................................................................ 4

Defendants, JPMorgan Chase Bank, National Association ("Chase") and Wells Fargo Bank National Association, as Trustee for Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass-Through Certificates ("WFBNA," and collectively with Chase, the "Bank Defendants") submit this memorandum of law in support of their Motion to Dismiss the Verified Complaint (the "Complaint") filed by Plaintiff, Nicole Johnson-Gellineau ("Plaintiff"), pursuant to Fed. R. Civ. P. ("FRCP") 12(b)(6) (the "Motion").

## PRELIMINARY STATEMENT

On December 18, 2006, Plaintiff entered into a $262,880 mortgage loan with WFBNA's predecessor in interest, secured by a mortgage on real property located in Beacon, New York.  The loan thereafter transferred to WFBNA, after which Plaintiff entered into a loan modification agreement with WFBNA on August 26, 2008.  As conceded by Plaintiff, she later defaulted on her payment obligations about a year after modifying the loan.  On June 3, 2013, WFBNA, represented by Defendant, Stiene & Associates, P.C. ("Stiene," and collectively with Defendants, Ronni Ginsberg, Esq., and Christopher Virga, Esq., the "Attorney Defendants"), initiated a foreclosure action against Plaintiff in the Supreme Court of the State of New York, ultimately taking the action to judgment in April 2016.  In awarding WFBNA a foreclosure judgment that remains undisturbed to date, the state court adjudged the following: i) that WFBNA was Plaintiff's creditor, with standing to foreclose; ii) that Plaintiff owed $430,431.62 to WFBNA; and iii) that WFBNA be permitted to proceed with a foreclosure sale of the Beacon, New York property to satisfy the judgment.

Seemingly in direct response to being foreclosed, Plaintiff now brings this action, contending, with no viable basis whatsoever, that in initiating and taking the foreclosure action to judgment, each of WFBNA, Chase, and the Attorney Defendants violated the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  Specifically, Plaintiff asserts that pleadings filed by WFBNA in the Foreclosure Action, and other communications sent to her by Chase as the servicer of the loan for WFBNA, were in violation of the FDCPA.  But fatal to Plaintiff's position, neither WFBNA nor Chase can be deemed "debt collectors" within the meaning of the FDCPA under this set of facts.  Nor has Plaintiff alleged any conduct by WFBNA or Chase that could subject them to FDCPA liability under Second Circuit law.  Each of those failings warrant dismissal of the Complaint at the pleading stage.

The documents the Court may consider on this motion establish that WFBNA is a "creditor" under the FDCPA, rather than a "debt collector," and therefore exempt from the statute's reach.  Both the 2008 loan modification agreement Plaintiff entered into with WFBNA (which she attaches to the Complaint), and the foreclosure judgment issued by the state court in favor of WFBNA, reflect that WFBNA is the entity to whom Plaintiff owes her debt – and therefore, her "creditor" under the statute.  Since it is well established that "creditors" are not subject to FDCPA liability when attempting to collect their own debts, Plaintiff's FDCPA claims against WFBNA necessarily fail.

Plaintiff has further not plausibly alleged that Chase, as the mortgage servicer for WFBNA, is a "debt collector" under the FDCPA.  Her conclusory allegations, none of which are even specifically directed at Chase, fall short of establishing the prerequisites for pleading that an entity is a "debt collector" under the FDCPA.  Additionally, Plaintiff's attempt to brand Chase in its capacity as mortgage servicer as a "debt collector" under the statute cannot be reconciled with a prior decision from this Court, which found that the FDCPA was not intended to cover "mortgage servicers" such as Chase.  But even assuming, *arguendo*, that Chase could be deemed a mortgage servicer collecting a debt for another potentially within the purview of the statute, under prevailing

law in the Second Circuit a mortgage servicer is still not considered a debt collector if it began servicing the mortgage at issue prior to the mortgagor's default.  The documents attached by Plaintiff to the Complaint fail to plausibly establish that Chase began servicing her loan subsequent to her default – in fact, they demonstrate exactly the opposite.  Consequently, regardless of the scope of review Chase cannot be deemed a "debt collector" under the FDCPA.

Although the Court's inquiry need go no further, it is equally fatal to Plaintiff's position that she has not plausibly plead that either WFBNA or Chase engaged in any act or omission in violation of FDCPA requirements.  Plaintiff alleges that a December 24, 2015 filing by the Attorney Defendants on behalf of WFBNA in the foreclosure action, and monthly mortgage statements and other correspondence sent by Chase during the foreclosure action, constituted prohibited communications under the statute.  But both contentions run afoul of prevailing FDCPA law in the Second Circuit.  As the district courts in the Second Circuit have found time and again recently, a mortgagee's enforcement of a secured interest through a foreclosure proceeding that does not seek a monetary judgment is not debt collection for purposes of the FDCPA.  Thus, WFBNA's filings in the foreclosure action – indisputably an action to foreclose rather than an action to collect under the note – cannot form the predicate for an FDCPA claim.  Nor can a mortgage servicer's federally mandated sending of periodic mortgage statements, and provision of accurate information regarding the loan, support a claim under the statute.

Overall, Plaintiff has failed to plausibly allege that the Bank Defendants are "debt collectors" or engaged in a prohibited act or omission under the FDCPA.  Accordingly, pursuant to FRCP 12(b)(6) the Complaint should be dismissed as to the Bank Defendants, with prejudice.

## <u>STATEMENT OF FACTS AND PROCEDURAL HISTORY</u>

As plead by Plaintiff, and as set forth in publicly filed court pleadings,[1] the Bank Defendants set forth the following facts in support of the Motion:

1. On December 18, 2006, Plaintiff entered into a mortgage loan with Fremont Investment & Loan ("Fremont") in the amount of $262,880.00 (the "Subject Loan"), secured by a mortgage (the "Mortgage") granted to Fremont on real property located at 149 Wilkes St., Beacon, NY 12508 (the "Property"). *See* Complaint,[2] ¶ 14 and Exh. A at Affidavit of Gary Brunton ("Brunton Aff."), Exhs. A and B; Declaration of Brian P. Scibetta ("Scibetta Dec."), Exh. 3 at ¶¶ 4-5 and Exhibits A and C. The Mortgage was recorded in the Dutchess County Clerk's Office on March 3, 2008. *Id*.

2. The Subject Loan transferred to WFBNA. *See* Complaint, Exh. A at Brunton Aff.; Scibetta Dec., Exh. 3 at ¶ 6. Plaintiff thereafter entered into a loan modification agreement (the "Mod Agreement") dated August 26, 2008 with EMC Mortgage Corporation ("EMC"), as Servicing Agent for WFBNA, which *inter alia* modified the principal balance of the Subject Loan to $279,763.22. *See* Complaint, Exh. A at Brunton Aff. at Exh. C; Scibetta

---

[1] The Court may consider these types of documents on a motion to dismiss pursuant to FRCP 12(b)(6) because they are matters of which the Court may take judicial notice. *See Brass v. Am. Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) (the Court is permitted to consider "matters of which judicial notice may be taken on Rule 12(b)(6) motion); *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) ("a court may take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings"); Fed. R. Evid. § 201 (judicial notice may be taken of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

[2] Pursuant to the Individual Practices of the Hon. Kenneth M Karas, U.S.D.J., II.B, a copy of the Complaint accompanies the Bank Defendants' moving papers, attached as Exhibits 1 and 2 (due to file size) to the Scibetta Declaration.

Dec., Exh. 3 at Exh. D.  The Mod Agreement also expressly states that WFBNA is the holder of the Note and Mortgage for the Subject Loan.  *Id.*

3.  Plaintiff defaulted on her payment obligations under the Subject Loan by failing to make the payment due on September 1, 2009, and each payment thereafter.  *See* Complaint, Exh. D; Scibetta Dec., Exh. 3 at ¶ 10.  Plaintiff alleges essentially the same, that she has made no payments towards the Subject Loan past October 2009.[3]  *See* Complaint, ¶ 35.

4.  Resulting from Plaintiff's default, on June 3, 2013 WFBNA commenced a foreclosure action against Plaintiff and other defendants with an interest in the Property in the Supreme Court of the State of New York, Dutchess County, titled *Wells Fargo Bank National Association, as Trustee for Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass-Through Certificates*, Index No. 2013/3344 (the "Foreclosure Action").  *See* Scibetta Dec., Exh. 3.  Stiene represented WFBNA in the Foreclosure Action.  *Id.*

5.  On June 28, 2013, Plaintiff filed a Verified Answer, Affirmative Defenses and Counterclaims in the Foreclosure Action. *See* Scibetta Dec., Exh. 4.   In her First Affirmative Defense, Plaintiff alleged that WBFNA was not the entity to whom she owed her debt, and therefore lacked standing to foreclose.  *Id.*

6.  In March 2015, WFBNA moved for summary judgment in the Foreclosure Action.  *See* Scibetta Dec., Exh. 6.  On August 10, 2015, the state court issued an Order: i) granting summary judgment on the foreclosure in favor of WFBNA; ii) striking Plaintiff's Verified

---

[3] Whether Plaintiff actually defaulted in September 2009 or October 2009 is of no consequence to the legal issues to be decided on this Motion, as Plaintiff concedes not having made any payments towards the Subject Loan since October 2009, and WFBNA's foreclosure action was not thereafter commenced until June 2013.  *See* Scibetta Dec., Exh. 2.  Nevertheless, because on a Rule 12(b)(6) motion Plaintiff is entitled to the presumption that her allegations are true, the Bank Defendants will refer to her default as having occurred in October 2009 for purposes of this motion only.

Answer, including the affirmative defenses and counterclaims; and iii) appointing a Referee to compute and ascertain the amount Plaintiff owed to WFBNA.  *Id.* at Exh. 5.

7. On December 30, 2015, Plaintiff received a Notice of Hearing & Referee's Oath and Report from WFBNA, served on her by Stiene.  *See* Complaint, ¶ 21 and Exh. A.  The notice advises Plaintiff of a January 20, 2016 hearing before the Referee to affix the amount due and owing to WFBNA.  *Id.*  Also attached to the notice is an affidavit executed by a representative of Chase, as servicer for WFBNA, *inter alia* detailing the amounts Plaintiff owed to WFBNA.  *Id.* at Exh. A at Brunton Aff.

8. In response to the Notice of Hearing, Plaintiff alleges she sent a Consumer Notice of Dispute to the Attorney Defendants and Chase on January 12, 2016.  *See* Complaint, ¶ 26 and Exh. B.

9. Chase responded to Plaintiff's notice by sending Plaintiff two letters, dated January 20, 2016 and January 21, 2016.  *See* Complaint, Exh. G.  In the January 20, 2016 letter, Chase identified WFBNA as the owner of the Subject Loan, also stating it serviced the loan for WFBNA.  *Id.*  In the January 21, 2016 letter, Chase provided to Plaintiff various details concerning the Subject Loan, including origination information, balance information, and payment information, and also advised that the Subject Loan had transferred to Chase for servicing on May 1, 2007.[4]  *Id.*

---

[4] Chase is successor servicer to loans formerly serviced by EMC as of April 1, 2011.  The Court may take judicial notice of this fact based on the Consent Order entered before the Board of Governors of the Federal Reserve System, Washington D.C., in the matter titled, *In re JPMorgan Chase & Co. and EMC Mortgage Corporation*, Docket No. 11-023, publicly available online at https://www.federalreserve.gov/newsevents/pressreleases/files/enf20110413a5.pdf.  *See* Scibetta Dec., Exh. 7 at p. 2 (referring to the "EMC Servicing Rights Transfer" to Chase on April 1, 2011, after which EMC no longer engaged in residential mortgage loan servicing); *see also Bloomingburg Jewish Educ. Center v. Village of Bloomingburg, N.Y.*, 111 F.Supp.3d 459, 472 (S.D.N.Y. 2015) (court may take judicial notice of "matters of public record").

10. On or about March 17, 2016, WFBNA moved for Judgment of Foreclosure and Sale in the Foreclosure Action.  *See* Complaint, Exh. C; Scibetta Dec., Exh. 5.  On April 18, 2016, the state court granted Judgment of Foreclosure and Sale in favor of WFBNA, *inter alia* adjudging that Plaintiff owed the amount of $430,431.62 to WFBNA, and permitting WFBNA to proceed with a foreclosure sale of the Property.  *See* Complaint, Exh. D.  WFBNA's foreclosure judgment against Plaintiff remains undisturbed to date.  *See* Scibetta Dec., Exh. 6.

11. In connection with its servicing of the Subject Loan, Chase mailed to Plaintiff monthly mortgage statements in 2016.  *See* Complaint, ¶ 32 and Exhs. E and F.

12. Plaintiff commenced this action on December 23, 2016, alleging that each of WFBNA, Chase, and the Attorney Defendants violated § 1692c(b) of the FDCPA through the December 24, 2015 communication with the Court in the Foreclosure Action.  Plaintiff further alleges that all of the defendants violated § 1692e of the FDCPA by engaging in what she terms "debt collection without a creditor."  *See* Complaint, ¶ 58.

13. On May 10, 2017, the Bank Defendants appeared in the action by filing a letter-motion requesting a pre-motion conference with respect to their intention to file the Motion.  *See* Docket Entry No. 21.  On July 11, 2017, the Court held the pre-motion conference and permitted the Bank Defendants to proceed with filing the Motion, thereafter issuing a Motion Scheduling Order on July 17, 2017.  *Id.* at No. 29.

14. The Bank Defendants now move to dismiss the Complaint pursuant to FRCP 12(b)(6) for failure to state a claim under which relief can be granted.

## LEGAL ARGUMENT

## I.    FRCP 12(b)(6) STANDARD OF REVIEW

Fed R. Civ. P. 12(b)(6) allows a party to move for dismissal based on the pleader's "failure to state a claim upon which relief can be granted."  A complaint should be dismissed if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The Second Circuit has explained that, after *Twombly,* the Court's inquiry under Rule 12(b)(6) is guided by two principles.  *See Harris v. Mills,* 572 F.3d 66 (2d Cir.2009), *citing Ashcroft v. Iqbal,* 556 U.S. 662 (2009).  "First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' " *Id.* at 72, *quoting Iqbal,* 556 U.S. at 678. " 'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and '[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal,* 556 U.S. at 663–64). "When there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." *Iqbal,* 556 U.S. at 679.

The Court must accept as true the factual allegations set forth in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *In re NYSE Specialists Secs. Litig.,* 503 F.3d 89, 91 (2d Cir. 2007).  Plaintiffs, however, must do more than simply set out the elements of their claims; they must plead "enough factual matter (taken as true) to suggest" the required element."  *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010), *quoting Twombly,* 550 U.S. at 556 (2007).  The "[f]actual allegations [of the complaint]

must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* If the Court is satisfied that "the complaint cannot state any set of facts that would entitle the plaintiff to relief," it will grant dismissal pursuant to Rule 12(b)(6). *Hertz Corp. v. City of New York,* 1 F.3d 121, 125 (2d Cir.1993).

In the case at bar, Plaintiff has insufficiently plead FDCPA claims against WFBNA and Chase, and the Complaint should be dismissed against both of them accordingly.

## II.  PLAINTIFF HAS FAILED TO ALLEGE FDCPA CLAIMS AGAINST WFBNA AND CHASE

There are three elements that must be plead to establish an FDCPA claim: "1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements." *Okyere v. Palisades Collection, LLC*, 961 F.Supp.2d 508, 513 (S.D.N.Y. 2013). While Plaintiff may be able to satisfy the first element, that she is a "consumer" under the FDCPA, under this spectrum of facts she cannot plausibly plead that either WFBNA or Chase are "debt collectors" as defined by the statute, or engaged in any act or omission in violation of the FDCPA.

### A.  PLAINTIFF HAS NOT PLAUSIBLY ALLEGED THAT WFBNA OR CHASE ARE DEBT COLLECTORS UNDER THE FDCPA

A "debt collector" under the FDCPA is defined as "a person who regularly collects... debts owed … to another" or a person involved "in any business the principal purpose of which is the collection of any debts." 15 U.S.C. § 1692a(6); *Okyere*, 961 F.Supp.2d at 514. The Second Circuit has affirmed that "[t]he FDCPA establishes two alternative predicates for 'debt collector' status—

engaging in such activity as the 'principal purpose' of the entity's business and 'regularly' engaging in such activity." *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti,* 374 F.3d 56, 61 (2d Cir. 2004) (*citing* 15 U.S.C. § 1692a(6)).   In the Complaint, Plaintiff has not sufficiently – or plausibly – plead that either WFBNA or Chase are "debt collectors" under the FDCPA, warranting dismissal of the action.  *See Huock v. US Bank NA*, 15-cv-10042, 2016 WL 5720783, at *9 (S.D.N.Y. Sept. 30, 2016) ("to survive motion to dismiss, [p]laintiff must allege [] that the defendants are 'debt collectors' within the meaning of the FDCPA").

### 1.  WFBNA is a Creditor, Not a Debt Collector, as Defined by the FDCPA

The FDCPA defines a "creditor" as "any person who offers or extends credit creating a debt *or to whom a debt is owed*…." 15 U.S.C. § 1692a(4) (emphasis added).  It is well-established in this Court that "creditors" attempting to collect their own debts are not "debt collectors," and therefore do not fall within the ambit of the FDCPA.  *See, e.g., Huock*, *supra*, 2016 WL 5720783, at *9 (FDCPA "does not apply to creditors"); *Plummer v. Atlantic Credit & Finance, Inc.*, 66 F.Supp.3d 484, 488 (S.D.N.Y. 2014) ("creditor... is [] not subject to the FDCPA"); *Williams v. Citibank, N.A.*, 565 F.Supp.2d 523, 528 (S.D.N.Y. 2008) ("creditors are not subject to the FDCPA"); *see also, e.g., Munroe v. Specialized Loan Servicing LLC*, 14-cv-1883, 2016 WL 1248818 (E.D.N.Y. March 28, 2016) (same).

Based on the allegations in the Complaint, the exhibits attached thereto, and public court records in the Foreclosure Action, the only conclusion to be reached is that WFBNA is a "creditor" of Plaintiff attempting to collect its own debt.  Two documents that the Court may consider on this motion demonstrate, conclusively, that WFBNA is Plaintiff's creditor: i) the Judgment of Foreclosure and Sale issued by the state court in favor of WFBNA in the Foreclosure Action; and ii) the Mod Agreement dated August 26, 2008 that Plaintiff entered into with WFBNA.  In issuing

a foreclosure judgment in favor of WFBNA, the state court found *inter alia* that Plaintiff owed to WFBNA the sum of $430,431.62 under the Subject Loan.  *See* Complaint, Exh. D.  WFBNA's foreclosure judgment remains undisturbed to date, and, accordingly, the issue of "to whom" Plaintiff owes her debt has already been adjudicated and put to rest.[5]  *See also infra* Section II.B.3 (discussion of legal reasons why Plaintiff cannot challenge in this action the propriety of the state court's ruling that WFBNA is the entity to whom she owes her debt).  The Mod Agreement also supports that WFBNA is Plaintiff's creditor.  Indeed, the agreement bears Plaintiff's signature and states in no uncertain terms that WFBNA is the holder of the promissory note for the Subject Loan, making it inarguable that WFBNA is the entity to whom Plaintiff owes her debt.  *See* Complaint, Exh. A at Brunton Aff. at Exh. C; Scibetta Dec., Exh. 3 at Exh. D.

Because the state court judgment and the loan documents Plaintiff attaches to her pleading conclusively demonstrate that WFBNA is the entity to whom she owes a debt, this Court should not accept the conclusory allegation that WFBNA is a "debt collector" (Complaint, ¶ 41),[6] and instead find, as a matter of law, that WFBNA is a "creditor" exempt from the FDCPA's reach.  *See also Huock*, *supra*, 2016 WL 5720783, at *9 ("because Wells Fargo was the very party to whom

---

[5] Prior to the foreclosure judgment the state court also struck Plaintiff's affirmative defense that challenged whether WFBNA had standing to foreclose, in doing so necessarily determining that WFBNA was the entity to whom Plaintiff owed her debt.  *Id.* at Exhs. 3 and 4.

[6] Plaintiff's other conclusory allegation that WFBNA acquired an interest in the Subject Loan after her October 2009 default and is therefore a "debt collector" rather than a "creditor" (Complaint, ¶ 42) should also be rejected, because it is contradicted by the August 26, 2008 Mod Agreement setting forth that WFBNA was already the holder of the Note and Mortgage.  Beyond being refuted by her submitted documents, Plaintiff's contention is also legally irrelevant, since even an entity that acquires a defaulted debt is not a "debt collector" so long as it seeks to collect only on its own behalf rather than for another.  *See, e.g., Munroe*, *supra*, 2016 WL 1248818, at *5; *Izmirligil v. Bank of New York Mellon*, No. 11-CV-5591, 2013 WL 1345370, at *4 (E.D.N.Y. Apr. 2, 2013).  In other words, by seeking only to collect its own debt, WFBNA would not fall within the scope of the FDCPA regardless of whether it acquired its interest in the Subject Loan before or after Plaintiff's default.

the debt was due, Wells Fargo was clearly not a debt collector under the FDCPA") (internal citations omitted).   Moreover, since a "creditor that is not itself a debt collector is not vicariously liable for the actions of a debt collector it has engaged to collect its debts" (*Burns v. Bank of Am.*, 655 F.Supp.2d 240, 255 (S.D.N.Y. 2008)), then irrespective of how the Court rules as to Chase or the Attorney Defendants, WFBNA cannot be found to have liability under the FDCPA.

**2.  Chase is Not a Debt Collector Within the Meaning of the FDCPA**

Plaintiff has similarly failed to sufficiently plead that Chase is a "debt collector" within the meaning of the FDCPA.  "The FDCPA establishes two alternative predicates for 'debt collector' status—engaging in such activity as the 'principal purpose' of the entity's business and 'regularly' engaging in such activity." *Goldstein, supra*, 374 F.3d at 61 (2d Cir. 2004).  Plaintiff attempts to create those predicates for Chase through conclusory allegations, stating in broad terms that "[e]ach of the Defendants . . . regularly collects or attempts to collect... debts owed or due" and that "[e]ach of the Defendants' business is principally attempting to obtain payment on an alleged debt. . . ."  Complaint, ¶¶ 37-38.  But absent from those allegations are specific facts that would plausibly support that Chase regularly collects debts owed to another or that such activity is the principal purpose of Chase's business.  As this Court has held, where a complaint "fails to provide any facts that actively and plausibly support the conclusion that [] the [defendant is a] 'debt collector[]' within the meaning of the statute," the plaintiff has failed to state a FDCPA claim.  *See Schuh v. Druckman & Sinel, L.L.P.*m 602 F.Supp.2d 454, 463 (S.D.N.Y. 2009).  The same finding should be made regarding the Complaint in this action.

Perhaps more importantly though, this Court has already previously determined that Chase in its capacity as mortgage servicer does not qualify as a "debt collector" under the FDCPA.  In *Pascal v JPMorgan Chase Bank, Nat. Assn.*, 09-CV-10082 ER, 2013 WL 878588, at *5 (S.D.N.Y.

March 11, 2013), this Court disagreed with the plaintiff-mortgagor's premise that Chase was a "debt collector" subject to the FDCPA, opining as follows:

> The Court finds that the legislative history of the FDCPA supports the finding that [Chase] is not a "debt collector" under the statute. The history suggests that the Act was not intended to cover the servicing of loans by widely-recognized national banks in the ordinary course of their business, as is the case here, but rather, to regulate the actions of 'third party debt collectors' who regularly engage in '[c]ollection abuse' by, among other things, using 'obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process.' S.Rep. No. 95–382, at 2 (1977). The FDCPA was clearly intended to cover 'independent collectors' who, unlike creditors and mortgage servicers, 'are likely to have no future contact with the consumer and often are unconcerned with the consumers' opinion of them,' and 'generally operate on a 50–percent commission.' *Id.* Thus, the legislative history makes clear that the FDCPA does not cover 'mortgage service companies,' like [Chase], 'who service outstanding debts for others.' *Id.* at 3–4.

This analysis holds true to date, and there is no reason for the Court to deviate from its prior ruling in this action. Indeed, Plaintiff alleges nothing more than that Chase is the mortgage servicer for WFBNA, and as this Court already found, Chase in that capacity does not fall within the scope of the FDCPA.

While the Court's inquiry need go no further, even assuming *arguendo* that Chase could somehow fall within the purview of the FDCPA in its role as mortgage servicer collecting a debt for another, the FDCPA also exempts from the "debt collector" definition "any person collecting or attempting to collect any debt owed or due ... another to the extent such activity ... (iii) concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). Thus, "mortgage servicers are not 'debt collectors' as defined by the FDCPA if they obtained the particular mortgage at issue before the mortgagor defaulted." *E.g., Hoo-Chong v Citimortgage, Inc.*, 15-CV-4051, 2016 WL 868814, at *3 (E.D.N.Y. Mar. 7, 2016); *Pascal*,

*supra*, 2013 WL 878588, at *4.  As this Court held recently, the "FDCPA only covers servicers who obtain a mortgage that is *already* in default."  *Macias v. Ocwen Loan Servicing LLC*, 16-cv-2215, 2017 WL 836028, at *2 (S.D.N.Y. March 2, 2017).  The burden therefore lies with the FDCPA plaintiff to plausibly allege that the mortgage servicer acquired the mortgage loan after it was already in default.  *See Kilpakis v. JPMorgan Chase Financial Company, LLC*, 229 F.Supp.3d 133, 143 (E.D.N.Y. 2017) (burden on FDCPA plaintiff to plead "enough facts to make it plausible that [the mortgage servicer] began servicing the Mortgage only after the [] default").

Plaintiff has failed to so here.  Rather, she alleges that Chase services the loan for WFBNA (Complaint, ¶ 32) and attaches a document reflecting that Chase serviced the loan dating back to May 1, 2007 (Complaint, Exh. G), prior to her conceded October 2009 date of default (Complaint, ¶ 35).  In attaching a document to the Complaint that supports that Chase began servicing the loan before her default, Plaintiff has not sufficiently – or plausibly – alleged that Chase obtained the servicing of the loan after it was already in default.

In fact, Plaintiff advances only a solitary allegation purporting to show that Chase began servicing the Subject Loan after her default, stating in conclusory fashion that WFBNA and Chase received "transfer of the debt on February 22, 2010" after "notice of default."  *See* Complaint, ¶ 36.  But that allegation is refuted by the Mod Agreement dated August 26, 2008, bearing Plaintiff's signature and stating unequivocally that WFBNA was already the holder of the Note and Mortgage for the Subject Loan as of that date.  *See* Complaint, Exh. A at Brunton Aff. at Exh. C; Scibetta Dec., Exh. 3 at Exh. D.  The Mod Agreement further states that EMC is the servicer for WFBNA (*see id.*), and this Court may take judicial notice of the fact that Chase is successor servicer for mortgage loans formerly serviced by EMC.  *See* FN 4; Scibetta Dec., Exh. 7.  As it pertains to potential FDCPA liability for a successive mortgage servicer, *Pascal* again proves instructive.  In

that case, this Court acknowledged that "where a defendant company acquires a debt through its merger with a previous creditor or servicer of the plaintiff, rather than via a specific assignment, the debt was not 'obtained' while it was in default." *Pascal*, 2013 WL 878588, at *4. Accordingly, Chase "stands in the place of [EMC] as Plaintiff's loan servicer" (*id.*), and cannot be deemed to have acquired the servicing of the Subject Loan after Plaintiff's October 2009 default.

For the foregoing reasons, Plaintiff cannot plausibly plead that Chase is a "debt collector" within the meaning of the FDCPA under this spectrum of facts. The Complaint should be dismissed as to Chase, with prejudice, accordingly.

## B. PLAINTIFF HAS FAILED TO ALLEGE ANY ACT BY THE BANK DEFENDANTS THAT COULD BE PLAUSIBLY CONSTRUED AS PROHIBITED UNDER THE FDCPA

Although the issue of whether the Bank Defendants have engaged in any act in violation of the FDCPA should be considered academic due to Plaintiff's failure to sufficiently plead they are "debt collectors" covered by the statute, if the Court nevertheless reaches the issue it should find that Plaintiff has fallen short in this respect too.

### 1. Pleadings Filed in the Foreclosure Action are not Debt Collection Activity under the FDCPA

Plaintiff alleges that the Bank Defendants engaged in "debt collection" activity prohibited by the FDCPA through filing pleadings in the Foreclosure Action. Specifically, she alleges that the December 24, 2015 filing of a Notice of Hearing & Referee's Oath and Report by WFBNA constituted prohibited debt collection activity by each of WFBNA, Chase, and the Attorney Defendants. *See* Complaint, ¶¶ 21-23, 57. But contrary to Plaintiff's erroneous view, prevailing law among the courts in the Second Circuit holds to the contrary.

For example, in *Hill v. DLJ Mortgage Capital, Inc.*, 15-cv-3083, 2016 WL 5818540, at *7

(E.D.N.Y. Sept. 30, 2016), the Court analyzed whether the enforcement of a mortgage through

foreclosure proceedings constituted debt collection activity, opining as follows:

> The majority of courts in this Circuit that have considered this issue have held that "the enforcement of a security interest through foreclosure proceedings that do not seek monetary judgments against debtors is not debt collection for purposes of the FDCPA." *Boyd v. J.E. Robert Co.*, No. 05-cv-2455, 2013 WL 5436969, at * 9 (E.D.N.Y. Sept. 27, 2013), *aff'd on other grounds*, 765 F.3d 123 (2d Cir. 2014) 8 (citing cases); *see also Derisme v. Hunt Leibert Jacobson P.C.*, 880 F. Supp. 2d 311, 325 (D. Conn. 2012) ("Although there is a split of authority on th[e] issue [of whether an action seeking foreclosure should be considered the enforcement of a security interest as opposed to an action to collect a debt], it appears that a majority of courts who have addressed this question have also concluded that foreclosing on a mortgage does not qualify as debt collection activity for purposes of the FDCPA.")   "This is so because under New York law, the holder of a note and mortgage may proceed at law to recover on the note or proceed in equity to foreclose on the mortgage, but must only elect one of these alternate remedies." *Carlin v. Davidson Fink LLP*, No. 13-cv-6062, 2015 WL 5794250, at * 4 (E.D.N.Y. Sept. 30, 2015), *appeal* (quotations, alteration and citation omitted); see also N.Y. Real Prop. Acts. § 1301; *Wells Fargo Bank, N.A. v. Goans*, 136 A.D.3d 709, 709, 24 N.Y.S.3d 386 (N.Y. App. Div. 2016) ("Where a creditor holds both a debt instrument and a mortgage which is given to secure the debt, the creditor may elect either to sue at law to recover on the debt, or to sue in equity to foreclose on the mortgage.").

> As defendants' predecessor elected to proceed in equity to foreclose on the Hill Mortgage, and, in fact, obtained the Foreclosure Judgment, pursuant to which the amounts due thereunder, including the underlying mortgage debt, will be satisfied from the proceeds of the foreclosure sale of the Property, defendants' communications to plaintiff necessarily were sent in connection with their continued attempts to enforce that security interest pending the foreclosure sale of the Property. Defendants' communications were not taken in connection with the collection of the debt evidenced by the Note and, indeed, could not have been taken in connection with the collection of the debt evidenced by the Note until after the foreclosure sale of the Property pursuant to both New York law, *see* N.Y. Real Prop. Acts. § 1301, and the terms of the Foreclosure Judgment itself. (*See* Longoria Decl., Ex. H at 5, ¶ "Fifth" ["If the proceeds of such sale be insufficient to pay the amount reported due [Aurora] with interest and costs as aforesaid, [Aurora] may recover of ... [plaintiff] the whole deficiency or so much thereof as the [state] Court may determine to be just and equitable of the mortgage debt remaining unsatisfied after the sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the Real Property Actions and Proceeding Law within the time limited

16

therein, and the amount thereof is determined and awarded by an order of th[e] [state] Court as provided for in said action[.]"] ).

*See also Cohen v. Ditech Financial LLC*, 15-cv-6828, 2017 WL 1134723, at *3 (E.D.N.Y. March 24, 2017) (holding that filings in a foreclosure action do not constitute an attempt to collect a debt within meaning of FDCPA).  The logic underlying this conclusion among the courts in the Second Circuit is palpable – the purpose behind the FDCPA is to "protect unsophisticated consumers from unscrupulous debt collectors, [which] purpose is not implicated when a debtor is instead protected by the court system and its officers."  *Id.*, *quoting Simmons v. Roundup Funding, LLC,* 622 F.3d 93, 96 (2d Cir. 2010); *see also Cohen*, 2017 WL 1134723, at *4 ("[t]he New York court system can amply protect borrowers from any allegedly unscrupulous actions taken in the foreclosure proceeding").

While Plaintiff misleadingly alleges that the "weight of authority" compels a legal conclusion to the contrary (Complaint, ¶ 52), she cites only to briefs filed by the Consumer Financial Protection Bureau ("CFPB") in cases outside of the Second Circuit, in support of that statement.  But the CFPB's legal arguments in those briefs are not binding on this Court.  And, more importantly, nowhere does Plaintiff address the "weight of authority" among courts within the Second Circuit, all of which have found that filings within a foreclosure action seeking to enforce a mortgage do not constitute debt collection under the FDCPA.[7]

Turning to the facts in the case at bar, WFBNA's foreclosure complaint in the Foreclosure Action, and resulting judgment, demonstrate conclusively that WFBNA enforced its secured interest by proceeding only in equity to foreclose on the Mortgage.  *See* Scibetta Dec., Exh. 1;

---

[7] The Bank Defendants are not aware of any case within the Second Circuit holding to the contrary, nor has Plaintiff cited to such a case in either the Complaint or her letter opposition to the Bank Defendants' letter-motion requesting the pre-motion conference for the Motion.  *See* ECF Docket Entry No. 24.

Complaint, Exh. D.  In fact, WFBNA's judgment in the Foreclosure Action contains identical language to the defendant mortgagee's foreclosure judgment in the *Hill* action (*compare* Complaint, Exh. D at p. 6 *to Hill*, 2016 WL 5818540, at *7 (citation to Longoria Dec.)), warranting a similar finding here that the Foreclosure Action does not constitute debt collection activity. Equally significant, Plaintiff neither alleges, nor do any of the documents attached to the Complaint reflect, that WFBNA has taken the Property to sale such that it would even be in position to seek any deficiency resulting from inadequacy of the sale proceeds.  Accordingly, the only conclusion to be reached here, given the weight of authority and the allegations/documents that can be considered on the Motion, is that the various filings in the Foreclosure Action, whether deemed made by WFBNA, Chase, or the Attorney Defendants, do not constitute "debt collection" activity under the FDCPA.  For this additional reason, the Complaint should be dismissed as the Bank Defendants.

**2.  The Mortgage Statements Sent by Chase do Not Constitute Debt Collection Activity**

Plaintiff also alleges that Chase sent to her various mortgage statements in 2016 in violation of the FDCPA.  *See* Complaint, ¶ 32.  This position is, again, premised on a misapprehension of applicable law.  Contrary to Plaintiff's view, a party "cannot state a claim under the FDCPA with respect to the periodic mortgage statements [] sent [by the servicer] pursuant to federal law. . . ." *Hill*, 2016 WL 5818540, at *8.  In very recently affirming that ruling, the Second Circuit found that mortgage statements sent by servicers pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1638(f), "which [statute] requires mortgage loan servicers to transmit monthly statements to customers," are "not [] attempts to collect on the debt. . . ."  *Hill v. DLJ Mortgage Capital, Inc.*, 2017 WL 1732114, at *1 (2d Cir. May 3, 2017).  The logic of this ruling is, again, compelling, as it would be grossly unfair to subject mortgage servicers to FDCPA liability for merely following

the mandate of federal statute (TILA). *Hill*, 2016 WL 5818540, at *8. Indeed, as even the CFPB – who Plaintiff urges this Court should look to for guidance – has concluded, loan servicers are not liable under the FDCPA for sending federally required mortgage statements. *See* Implementation Guidance for Certain Mortgage Servicing Rules, 10152013 CFPBGUIDANCE, 2013 WL 9001249 (C.F.P.B. Oct. 15, 2013).

Consequently, Plaintiff has failed to state a FDCPA claim against Chase through attaching mortgage statements allegedly sent by Chase in connection with its servicing of the Subject Loan.

### 3.   Plaintiff has not Stated Claims Against the Bank Defendants Pursuant to § 1692e or § 1692g of the FDCPA

Finally, Plaintiff alleges violations of §§ 1692e and 1692g of the FDCPA against the Bank Defendants (and also the Attorney Defendants) for the purported failure to identify her actual creditor. *See* Complaint, ¶ 58. Strangely, Plaintiff does not allege who she contends her actual creditor to be, if not WFBNA, but she nevertheless asserts that the identification of WFBNA as her creditor is a violation of both § 1692e and § 1692g. *Id.*

Section 1692e of the FDCPA prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt. . . ." Courts within the Second Circuit will evaluate a claim under this provision "according to how the 'least sophisticated consumer' would understand the communication." *Castro v. Green Tree Servicing LLC*, 959 F.Supp.2d 698, 710 (S.D.N.Y. 2013), *citing Maguire v. Citicorp Retail Services, Inc.*, 147 F.3d 232 (2d Cir. 1998). In the Complaint, Plaintiff fails to identify the specific communication she contends is in violation of § 1692e, instead referring to the claim as concerning an "overarching violation" by the defendants. *See* Complaint, ¶ 58. To the extent she intends to rely upon the January 20, 2016 and January 21, 2016 letters from Chase providing various information concerning her loan account (Complaint, Exh. G), purportedly sent in response to her consumer notice of dispute (Complaint, ¶¶ 26-27),

there is nothing on the face of these communications that could be interpreted as "false, deceptive, or misleading" to even the "least sophisticated consumer."   To the contrary, Chase provided information that was both accurate and consistent with allegations made – and ultimately proven – in WFBNA's concurrent foreclosure action, including that WFBNA was the owner of the Subject Loan.[8]  *Id.* at Exhs. D and G; Scibetta Dec., Exhs. 4 and 5.

Perhaps more importantly, Plaintiff's effort to challenge whether WFBNA is her creditor in this proceeding is impermissible on several fronts.  First and foremost, her challenge should be deemed barred by the Rooker-Feldman Abstention Doctrine, which prevents lower federal courts from exercising jurisdiction over a case that would serve as the functional equivalent of an appeal from a state court judgment. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).   The Second Circuit has adopted the doctrine and employs a four-part test for its application: "[1], the federal-court plaintiff must have lost in state court. [2], the plaintiff must complain[ ] of injuries caused by [a] state-court judgment[.]  [3], the plaintiff must invit[e] district court review and rejection of [that] judgment[].  [4], the state-court judgment must have been rendered before the district court proceedings commenced."[9]  *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

---

[8] Chase also provided details as to the loan terms, the loan balance, and outstanding payment information, again consistent with WFBNA's allegations in the foreclosure complaint.  *See* Complaint, Exh. G; Scibetta Dec., Exhs. 2 through 4.  Even viewed in a light most favorable to Plaintiff, she has not plausibly alleged that Chase provided "false, deceptive, or misleading" information.

[9] In adopting the doctrine, the Second Circuit also opined as follows: "[u]nderlying the Rooker–Feldman doctrine is the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions. That principle animates the two substantive requirements for Rooker–Feldman 's application . . . [] the federal plaintiff must complain of injury from a state-court judgment; and [] the federal plaintiff must seek federal-court review and rejection of the state-court judgment." *Hoblock*, 422 F.3d at 85.

This Court has previously applied Rooker-Feldman to bar claims that are the functional equivalent of an appeal of a state court judgment of foreclosure.  For example, in *Estate of Keys v. Union Planters Bank, N.A.*, 578 F.Supp.2d 629 (S.D.N.Y. 2008), the plaintiff brought several claims against the defendant mortgagee stemming from the state court foreclosure and resulting sale of the property, all based upon her central theory that the foreclosure was improper.  This Court found that such claims were "essentially challenging the result of the New York Supreme Court proceedings," and applied *Rooker-Feldman* to hold that it lacked jurisdiction to decide the claims.  *Id.* at 637; *see also Drew v. Chase Manhattan Bank, N.A.*, Civ. No. 95-3133(JGK), 1998 WL 430549, at *5-6 (S.D.N.Y. July 30, 1998) (dismissing complaint pursuant to *Rooker-Feldman* where plaintiff's claims attacked state foreclosure judgment).

Turning to the case at bar, if it is indeed Plaintiff's intention to argue that WFBNA is not her creditor and by extension did not have standing to foreclose, using the FDCPA claim as the vehicle and pretext for that purpose, then Rooker-Feldman would plainly bar her from doing so. It is undisputed that WFBNA holds a valid foreclosure judgment against Plaintiff issued in state court on April 18, 2016, prior to the commencement of this action, which judgment remains operative to date.  *See* Complaint, Exh. D; Scibetta Dec., Exh. 5.  As part of this judgment, the state court found, unequivocally, that WFBNA is the entity to whom Plaintiff owes her debt under the Subject Loan.  *Id.*  Consequently, any argument by Plaintiff in this action that WFBNA is not the entity to whom she owes her debt would necessarily invite this Court to review and reject the state court judgment.  But Rooker-Feldman prevents this Court from undertaking that review.

Aside from Rooker-Feldman, Plaintiff is further barred by the doctrine of issue preclusion from relitigating whether WFBNA is her creditor.  The Second Circuit also employs a four-part test for the application of this doctrine: "(1) the issues of both proceedings must be identical, (2)

the relevant issues were actually litigated and decided in the prior proceeding, (3) there must have been 'full and fair opportunity' for the litigation of the issues in the prior proceeding, and (4) the issues were necessary to support a valid and final judgment on the merits." *Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.,* 56 F.3d 359, 368 (2d Cir.1995).   All of those elements are met here, as the state court in the Foreclosure Action determined that WFBNA is the entity to whom Plaintiff owes a debt, Plaintiff appeared in that action and had a "full and fair opportunity" to pursue her standing defense, and the issue was necessary to support WFBNA's foreclosure judgment.   *See* Scibetta Dec., Exhs. 3 and 4; Complaint, Exh. D.   Accordingly, the doctrine of issue preclusion further stands as a bar to Plaintiff relitigating this identical issue in this proceeding.[10]

Since the entire basis of Plaintiff's § 1692e and § 1692g FDCPA claims is her contention that WFBNA is not her creditor, a contention she is barred from pursuing in this action, her claims necessarily fail.   The Complaint should be dismissed as to the Bank Defendants, with prejudice.

---

[10] Moreover, to the extent that Plaintiff seeks a form of declaratory judgment/advisory opinion from the Court regarding the validity of WFBNA's interest in the Subject Loan, this, too, would be impermissible.   It is well-established in the Second Circuit that mortgagors (like Plaintiff) lack Article III and prudential standing to bring claims against mortgagees seeking to challenge the assignment and transfer of their mortgage loans.   *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 84-86 (2d Cir. 2014).   This is yet another reason why the issue of WFBNA's interest in the Subject Loan cannot be litigated in this forum/proceeding.

## <u>CONCLUSION</u>

For all the foregoing reasons, Defendants, JPMorgan Chase Bank, National Association and Wells Fargo Bank National Association, as Trustee for Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass-Through Certificates respectfully request that the Court dismiss Plaintiff's Complaint, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Respectfully submitted,

**BUCKLEY MADOLE, P.C.**

Dated: August 11, 2017                                By:   */s/ Brian P. Scibetta*
                                                                    Brian P. Scibetta

23