UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NICOLE JOHNSON-GELLINEAU,

              Plaintiff,

    -against-

STIENE & ASSOCIATES, P.C., CHRISTOPHER
VIRGA, ESQ., RONNI GINSBERG, ESQ., JP MORGAN
CHASE BANK NATIONAL ASSOCIATION, WELLS
FARGO BANK NATIONAL ASSOCIATION, AS
TRUSTEE FOR CARRINGTON MORTGAGE LOAN
TRUST, SERIES 2007-FRE1, ASSET-BACKED PASS-
THROUGH CERTIFICATES,

              Defendants.
------------------------------------------------------------------X

Case No.: 16-CV-9945

**DECLARATION IN SUPPORT**

MATTHEW J. BIZZARO, hereby declares as follows:

1. I am a member of the law firm of L'Abbate, Balkan, Colavita & Contini, L.L.P., attorneys for defendants, Stiene & Associates, P.C., Christopher Virga, Esq. and Ronni Ginsberg, Esq. (collectively, the "Attorney Defendants") in the above-captioned matter. As such, I am fully familiar with the facts and circumstances of this action based upon a review of the file maintained by this office.

2. This declaration is submitted in support of Defendants' motion seeking: (i) an Order pursuant to Rule 12 (b) (6) and/or (1) of the Federal Rules of Civil Procedure, dismissing the claims asserted against them by plaintiff, Nicole Johnson-Gellineau ("Plaintiff").

3. This lawsuit arises out of the Attorney Defendants' actions in the context of a foreclosure action commenced against Plaintiff in the Supreme Court, Dutchess County, under Index No. 3344/13, entitled *Wells Fargo Bank National Association, As Trustee For Carrington Mortgage*

*Loan Trust, Series 2007-FRE1, Asset-Backed Pass-Through Certificates v. Nicole Johnson, et al.* (the "Foreclosure Action"). A copy of Plaintiff's complaint is annexed as Exhibit "1."

4. Particularly, Plaintiff alleges that certain documents served in the Foreclosure Action violated the Fair Debt Collection Practices Act ("FDCPA"). *Id.*

5. As set forth in the accompanying memorandum of law, the service of documents in conjunction with a foreclosure action does not fall within the purview of the FDCPA. *See,* accompanying memorandum of law, Point I.

6. Finally, to the extent that Plaintiff alleges that the Attorney Defendants are somehow liable under the FDCPA for foreclosing on the subject property on behalf of a creditor which purportedly lacked standing, such claims are barred by the Rooker-Feldman doctrine and/or the doctrine of collateral estoppel. *Id.*, Point II.

7. As a result, it is respectfully submitted that the claims asserted against the Attorney Defendants be dismissed in their entirety.

**WHEREFORE**, it is respectfully submitted that the Attorney Defendants' motion be granted in its entirety, together with such other relief as this Court deems just and proper.

Dated: Garden City, New York
August 11, 2017

_____
MATTHEW J. BIZZARO