UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NICOLE JOHNSON-GELLINEAU,                          Case No.: 16-cv-9945

                              Plaintiff,

        -against-

STIENE & ASSOCIATES, P.C.; CHRISTOPHER
VIRGA, ESQ.; RONNI GINSBERG, ESQ.;
JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION; WELLS FARGO BANK
NATIONAL ASSOCIATION, AS TRUSTEE FOR
CARRINGTON MORTGAGE LOAN TRUST,
SERIES 2007-FRE1, ASSET-BACKED
PASS-THROUGH CERTIFICATES;

                              Defendants.
-------------------------------------------------------------------X

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

L'ABBATE, BALKAN, COLAVITA & CONTINI, L.L.P.
Attorneys for Defendants
*Stiene & Associates, P.C., Ronni Ginsberg, Esq. and*
*Chris Virga, Esq.*
1001 Franklin Avenue
Garden City, New York 11530
(516) 294-8844

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT.................................................................................1

RELEVANT GOVERNING STANDARD ............................................................2

THE ALLEGATIONS IN THE COMPLAINT ......................................................3

POINT I

      THE SERVICE AND SUBMISSION OF DOCUMENTS
      IN THE FORECLOSURE ACTION DOES NOT FALL
      WITHIN THE SCOPE OF THE FDCPA ......................................................5

POINT II

      PLAINTIFF'S CLAIMS ARE BARRED BY THE
      ROOKER-FELDMAN DOCTRINE AND/OR THE
      DOCTRINE OF COLLATERAL ESTOPPEL .................................................8

CONCLUSION ......................................................................................................11

## TABLE OF AUTHORITIES

<u>Cases</u>                                                                                                           <u>Page</u>

*Achtman v. Kirby, McInerney & Squire, LLP,*
   464 F.3d 328 (2d Cir.2006)............................................................................ 2

*Anthony v. Fein,*
   2016 WL 5415779 (N.D.N.Y. 2016) ............................................................. 8

*Ashcroft v. Iqbal,*
   556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)............................ 2, 3, 4

*Aurora Loan Services, LLC v. Lopa,*
   88 A.D.3d 929 (2d Dep't 2011) ..................................................................... 6

*Barbato v. U.S. Bank Nat'l Assoc.,*
   2016 WL 158588 (S.D.N.Y. 2016) ............................................................... 8

*Beckford v. Citibank, N.A.,*
   2000 WL 1585684 (S.D.N.Y. 2000)............................................................. 9

*Bell Atlantic Corp. v. Twombley,*
   550 U.S. 544 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2006) ............................. 2

*Carlin v. Davidson Fink LLP,*
   2015 WL 5794250 (E.D.N.Y. 2015).............................................................. 5

*Cohen v. Ditech Financial LLC,*
   2017 WL 1134723 (E.D.N.Y. 2017)............................................................. 5, 7

*Dockery v. Cullen & Dyckman,*
   90 F.Supp.2d 233 (E.D.N.Y. 2000) .............................................................. 9

*Drew v. Chase Manhattan Bank, N.A.,*
   1998 WL 430549 (S.D.N.Y. 1998)................................................................ 9

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,*
   544 U.S. 280, (2005)...................................................................................... 8

*Feinstein v. The Chase Manhattan Bank,*
   2006 WL 898076 (E.D.N.Y. 2006)................................................................ 9

*Fequiere v. Tribeca Lending,*
   2016 WL 1057000 (E.D.N.Y. 2016).............................................................. 10

*Hill v. DLJ Mortgage,*
   2016 WL 5818540 (E.D.N.Y. 2016)................................................................................ 5, 6

*Holblock v. Albany Cty. Bd. of Elections,*
   422 F.3d 77 (2d Cir. 2005).................................................................................................. 8

*In re Scott,*
   2017 WL 2579033 (S.D.N.Y. June 14, 2017) ................................................................... 5

*Johnson v. Home State Bank,*
   501 U.S. 78 (1991).............................................................................................................. 6

*Kropelnicki v. Siegel,*
   290 F.3d 118 (2d Cir. 2002)................................................................................................ 9

*McCarthy v. Dun & Bradstreet Corp.,*
   482 F.3d 184 (2d Cir. 2007)................................................................................................ 2

*Mintz, Baker & Sonnenfeldt,*
   701 F.Supp.2d 340 (E.D.N.Y. 2010) ............................................................................... 10

*Parker Waichman LLP v. Gilman Law LLP,*
   2013 WL 3863928 (E.D.N.Y. 2013)................................................................................... 2

*Rutty v. Esagoff,*
   2017 WL 2178432 (E.D.N.Y. 2017)............................................................................. 5, 10

*United States ex rel. Anti-Discrimination Ctr. of Metro New York, Inc. v. Westchester County, New York,*
   495 F.Supp.2d 375 (S.D.N.Y. 2007).................................................................................. 2

*United States of America v. Alfano,*
   34 F. Supp. 2d 827 (E.D.N.Y. 1999) .................................................................................. 6

*Vossbrinck v. Accredited Home Lenders, Inc.,*
   773 F.3d 423 (2d Cir. 2014)................................................................................................ 8

*Wells Fargo Bank, N.A. v. Goans,*
   136 A.D.3d 709, 24 N.Y.S.3d 386 (N.Y. App. Div. 2016) ............................................... 6

Statutes
11 U.S.C. § 524 ....................................................................................................................... 6
15 U.S.C. Section 1692a(2) ................................................................................................... 4
Conn. Gen. Stat. § 49–14 ....................................................................................................... 7
*N.Y. Real Prop. Acts. § 1301* ................................................................................................ 7
*NYRPAPL 1371(2)* ................................................................................................................. 7

Rules

Rule 12(b)(1) of the Federal Rules of Civil Procedure ................................................................. 1
Rule 12(b)(6) of the Federal Rules of Civil Procedure ............................................................ 1, 2

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of the motion of defendants, Stiene & Associates, P.C. ("S&A"), Christopher Virga, Esq., Ronni Ginsberg, Esq. (collectively, "the Attorney Defendants") seeking: (i) an Order pursuant to Rule 12(b) (6) and/or (1) of the Federal Rules of Civil Procedure ("FRCP"), dismissing the claims asserted against them by plaintiff, Nicole Johnson-Gellineau ("Plaintiff").

This action arises out of the Attorney Defendants' actions in sending to Plaintiff and the Court a Notice of Hearing and Referee's Oath & Report dated December 30, 2015 (the "Notice of Hearing") in conjunction with a foreclosure action commenced against Plaintiff in the Supreme Court, Dutchess County under Index No. 3344/13, entitled *Wells Fargo Bank National Association, As Trustee For Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass-Through Certificates v. Nicole Johnson, et al.* (the "Foreclosure Action"). A copy of Plaintiff's complaint (the "Complaint") is annexed to the Declaration of Matthew J. Bizzaro, Esq. dated August 11, 2017 ("Bizzaro Dec.") as Exhibit 1.

Plaintiff alleges that the transmission of the Notice of Hearing constituted a violation of the Fair Debt Collection Practices Act ("FDCPA"). *Id.*, paragraph "21" through "23" and "30."

Plaintiff further alleges that the motion seeking a judgment of foreclosure and sale served by the Attorney Defendants somehow violated the FDCPA as well. *Id.*, paragraphs "28" and "30."

As set forth more fully below, however, the service of documents in the context of a foreclosure proceeding does not fall within the purview of the FDCPA. Therefore, it is respectfully submitted that the claims against the Attorney Defendants should be dismissed.

## <u>RELEVANT GOVERNING STANDARD</u>

A court considering a Rule 12(b)(6) motion must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *See, McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). It is well settled, however, that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." *See, Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir.2006); *United States ex rel. Anti-Discrimination Ctr. of Metro New York, Inc. v. Westchester County, New York*, 495 F.Supp.2d 375, 384 (S.D.N.Y. 2007).

In addition, mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action will not do. *See, Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2006) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the… 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do.").

Although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See, Parker Waichman LLP v. Gilman Law LLP*, 2013 WL 3863928 (E.D.N.Y. 2013), *citing Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

## THE ALLEGATIONS IN THE COMPLAINT

In the Complaint, Plaintiff alleges in relevant part as follows:

> On or about December 30, 2015, Plaintiff received via regular U.S. mail a packet titled Notice of Hearing & Referee's Oath and Report ("Notice of Hearing") with a cover sheet, dated December 24, 2015, from the Stiene Defendants in connection with "foreclosure" of Plaintiff's place of abode located at 149 Wilkes Street, Beacon, New York 12508.

> Mailing of the Notice of Hearing was a step in the process of obtaining a money judgment and liquidation of Plaintiff's place of abode, and part of a strategy to make collection of a debt by way of foreclosure and sale more likely.

> At the time Plaintiff received the Notice of Hearing, Plaintiff was an unrepresented consumer in the foreclosure action and remains so.

*Id.*, paragraphs "21" through "23".

Plaintiff further alleges:

> On January 12, 2016, within thirty days of receiving the Notice of Hearing, Plaintiff mailed Defendants Stiene firm, Mr. Virga, and Chase, via Certified Mail, Return Receipt Requested, a Consumer Notice of Dispute, attached as Exhibit B, disputing the entire debt, and requiring Defendants to cease and desist from collection efforts and communications under Section 1692c(c) unless certain information is provided to Plaintiff, including among other things "the name of the creditor to whom the debt is owed."

> On March 17, 2016, Defendant Ms. Ginsberg mailed a communication, attached as Exhibit C, entitled Notice of Motion, together with an Affirmation of Regularity in Support of Motion, to Plaintiff and the New York court requesting Judgment of Foreclosure and Sale.

> The Judgment, dated April 18, 2016, for the sum of $430,431.62 plus costs and fees, states that the judgment was granted to Wells Fargo upon the mentioned affirmation of Ms. Ginsberg, signed by her and dated March 17, 2016.

> Defendant's Notice of Hearing and motions to the New York court and Referee are communications in connection with the collection of

3

a debt, as defined within 15 U.S.C. Section 1692a(2). Their actions in seeking to recover sums of money by judgment of foreclosure constituted a step in collecting debt and thus debt collection activity that is regulated by the FDCPA.

Without a creditor, the Stiene Defendants cannot avoid the FDCPA's broad consumer protections for Plaintiff and strict liability for debt collector Defendants by communicating, as they did, in the form of misleading formal pleadings as a deceptive means to circumvent the requirements of Section 1692g(1)(2). The communications from the Stiene Defendants are not exempted under 1692c and 1692e from coverage by the FDCPA.

*Id.,* paragraphs "26," and "28" through "30."

Based upon the foregoing, Plaintiff alleges that the Attorney Defendants violated the FDCPA by:

…sending communications in connection with the collection of the debt to the New York court (that is not a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector) without prior consent given directly to the Stiene Defendants or express permission of a court of competent jurisdiction, nor as reasonably necessary to effectuate a postjudgment judicial remedy without a creditor.

*Id.,* paragraph "56" of the Complaint.

Finally, Plaintiff alleges that the Foreclosure Action involved "debt collection without a creditor." *Id.,* paragraph "58."

For the reasons set forth below, the claims against the Attorney Defendants should be dismissed.

## POINT I

### THE SERVICE AND SUBMISSION OF DOCUMENTS IN THE FORECLOSURE ACTION DOES NOT FALL WITHIN THE SCOPE OF THE FDCPA

Plaintiff's claims against the Attorney Defendant should be dismissed since all of the relevant allegations pertain to actions they took during the Foreclosure Action. *See*, Bizzaro Dec., Ex. 1.

Specifically, the large majority of the courts in the Second Circuit (including the most recent decision in the Southern District) have held that "the enforcement of a security interest through foreclosure proceedings that do not seek monetary judgments against debtors is not debt collection for the purposes of the FDCPA." *See, In re Scott*, 2017 WL 2579033 (S.D.N.Y. June 14, 2017) ("The actions that the Debtor says the Mortgagee Defendants took in connection with the foreclosure process fall outside the scope of the FDCPA). Accordingly, 'the majority rule [is] that the enforcement of a security interest through foreclosure proceedings that do not seek monetary judgments against debtors is not debt collection for the purposes of the FDCPA'"), citing *Carlin v. Davidson Fink LLP*, 2015 WL 5794250 (E.D.N.Y. 2015) (reversed on other grounds), quoting *Boyd v. J.E. Robert Co.*, 2013 WL 5436969 (E.D.N.Y. 2013); *Rutty v. Esagoff*, 2017 WL 2178432 (E.D.N.Y. 2017) ("As to the role of the law firm and Esagoff, while the Second Circuit has not addressed whether instituting a foreclosure action constitutes debt collection under the FDCPA..., the vast majority of the courts in this Circuit found that such an action to enforce an interest in real property does not qualify as a debt collection activity"); *Cohen v. Ditech Financial LLC*, 2017 WL 1134723 (E.D.N.Y. 2017) ("Here, Green Tree elected to commence an action to foreclose on the mortgage and the "communications" at issue were made in the context of enforcing its security interest. As such, there was no attempt to enforce a debt actionable under the FDCPA"); *Hill v. DLJ Mortgage*, 2016 WL 5818540 (E.D.N.Y. 2016) ("'Prosecuting a state foreclosure action is simply

5

not the type of abusive collective practices that the FDCPA is aimed at eliminating'"), *citing Derisme v. Hunt Leibert Jacobson P.C.,* 860 F.Supp.2d 311 (D. Conn. 2012) ("Although there is a split of authority on th[e] issue [of whether an action seeking foreclosure should be considered the enforcement of a security interest as opposed to an action to collect a debt], it appears that a majority of courts who have addressed this question have also concluded that foreclosing on a mortgage does not qualify as debt collection activity for purposes of the FDCPA.").

"This is so because under New York law, the holder of a note and mortgage may proceed at law to recover on the note or proceed in equity to foreclose on the mortgage, but must only elect one of these alternate remedies." *See, Hill* at 7; *see also, Wells Fargo Bank, N.A. v. Goans*, 136 A.D.3d 709, 709, 24 N.Y.S.3d 386 (N.Y. App. Div. 2016) ("Where a creditor holds both a debt instrument and a mortgage which is given to secure the debt, the creditor may elect either to sue at law to recover on the debt, or to sue in equity to foreclose on the mortgage."); *Aurora Loan Services, LLC v. Lopa*, 88 A.D.3d 929, 930 (2d Dep't 2011).

If foreclosing on real property is an act of a debt collector (rather than that of an enforcer of a security interest), then there would always be a debt to collect. In a bankruptcy proceeding, however, the debtor's discharge extinguishes his/her in personam liability on the note secured by a mortgage, but the secured creditor's right to foreclose on the mortgage survives and passes through the bankruptcy. *See, Johnson v. Home State Bank*, 501 U.S. 78 (1991); *United States of America v. Alfano*, 34 F. Supp. 2d 827, 838 (E.D.N.Y. 1999) ("Discharge does not affect liability in rem and prepetition liens remain enforceable after discharge."). Thus, if foreclosing on real property is debt collection, then post-discharge foreclosure would be prohibited as an illegal attempt to collect a discharged debt in violation of 11 U.S.C. § 524. But this is not the law. Rather, only the debt

reflected in the note (in personam liability) is discharged, and the security interest of the mortgage in the collateral (in rem liability) remains unaffected by the discharge.

Even where the complaint in the foreclosure action seeks a deficiency judgment, the FDCPA is not invoked unless (i) there is a deficiency, and (ii) the lender then seeks a deficiency judgment against the borrower. *See, NYRPAPL 1371(2)* (In New York, a lender seeking a deficiency judgment against a borrower must file a motion within ninety days of the consummation of the sale of the subject property); *see also, Cohen* at 4 ("Plaintiff cites no case law to support the inference that [seeking a deficiency judgment] somehow affects the nature of the Foreclosure Action or changes it from an equitable proceeding to one at law. Indeed, such a result would violate New York's election of remedies framework"); *Hill* at 7 ("Defendants' communications were not taken in connection with the collection of the debt evidenced by the Note and, indeed, could not have been taken in connection with the collection of the debt evidenced by the Note until after the foreclosure sale of the Property pursuant to both New York law...and the forums of the Foreclosure Judgment itself"), *citing N.Y. Real Prop. Acts. § 1301*; *Derisme* at 326 ("As discussed above under Conn. Gen. Stat. § 49–14, a mortgagee only seeks a personal judgment against the mortgagor upon a timely filed written motion. Consequently the other provisions of the FDCPA, such as Sections 1692g and 1692e, will only apply in a Connecticut foreclosure proceeding once a timely filed motion for a deficiency judgment pursuant to § 49–14 has been made").

In the Foreclosure Action, there was no deficiency, which the Attorney Defendants sought on their client's behalf.

Based upon the foregoing, since Plaintiff's allegations against the Attorney Defendants all pertain to actions taken within the context of the Foreclosure Action, and the Attorney Defendants

did not pursue a deficiency judgment on their client's behalf, such acts do not fall within the scope of the FDCPA, and should be dismissed in their entirety.

## POINT II

### PLAINTIFF'S CLAIMS ARE BARRED BY THE ROOKER-FELDMAN DOCTRINE AND/OR THE DOCTRINE OF COLLATERAL ESTOPPEL

If this Court determines that Plaintiff's allegations against the Attorney Defendants should not be dismissed on the grounds that they do not fall within the purview of the FDCPA, and to the extent Plaintiff is asserting claims against the Attorney Defendants based upon proceeding with the Foreclosure Action "without a creditor," those claims should nonetheless be dismissed since they are barred by: (i) the Rooker-Feldman doctrine; and/or (ii) the doctrine of collateral estoppel.

The Rooker-Feldman doctrine denies "federal district courts...jurisdiction over cases that essentially amount to appeals of state court judgments." *See, Barbato v. U.S. Bank Nat'l Assoc.*, 2016 WL 158588 (S.D.N.Y. 2016), *citing Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423 (2d Cir. 2014).

To apply the Rooker-Feldman doctrine, the Court must find that the following four requirements are met:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must 'complain[ ] of injuries caused by [a] state court judgment[.]' third, the plaintiff must 'invit[e] district court review of rejection of [that] judgment[ ].' Fourth, the state-court judgment must have been 'rendered before the district court proceedings commenced.'

*See, Barbato* at 2, *citing Holblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77 (2d Cir. 2005), *quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, (2005); *See also, Anthony v. Fein*, 2016 WL 5415779 (N.D.N.Y. 2016) ("Accordingly, plaintiff's FDCPA claim is precluded by the Rooker-Feldman doctrine and, consequently, this federal court lacks subject matter jurisdiction").

Courts in this circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker-Feldman doctrine. *See, Feinstein v. The Chase Manhattan Bank*, 2006 WL 898076 (E.D.N.Y. 2006*); Dockery v. Cullen & Dyckman*, 90 F.Supp.2d 233 (E.D.N.Y. 2000) ("federal court lacks jurisdiction over a claim that foreclosure is obtained by fraud"); *Beckford v. Citibank, N.A.*, 2000 WL 1585684 (S.D.N.Y. 2000) ("federal court lacks jurisdiction over a claim that defendants violated state and federal laws during foreclosure proceedings"); *Drew v. Chase Manhattan Bank, N.A.*, 1998 WL 430549 (S.D.N.Y. 1998) ("federal court lacks jurisdiction over a claim that judgment of foreclosure was obtained by fraud").

In addition to claims that are actually litigated in state court, the Rooker-Feldman doctrine bars federal courts from exercising jurisdiction over claims that are "inextricably intertwined" with state court determinations. *See, Kropelnicki v. Siegel*, 290 F.3d 118 (2d Cir. 2002). A claim is inextricably intertwined under the Rooker-Feldman doctrine when "at a minimum,…a federal plaintiff had an opportunity to litigate a claim in a state proceeding (as either the plaintiff or defendant in that proceeding),…[and] the claim…would be barred under the principle of preclusion." *Id.* at 128.

Here, it is undisputed that Plaintiff appeared in the Foreclosure Action and asserted various defenses, including the lack of standing of the mortgagee. The mortgagee, however, prevailed on its motion for summary judgment, and Plaintiff is currently pursuing an appeal from the Supreme Court's decision. Plaintiff, however, is barred from attacking the state court judgment issued in the Foreclosure Action via the instant lawsuit.

Furthermore, even if Plaintiff's claims were not barred by the Rooker-Feldman doctrine, she is prevented from pursuing this action under the doctrine of collateral estoppel.

Under New York law, collateral estoppel bars re-litigation of an issue when (i) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (ii) the party to be precluded from re-litigating the issue had a full and fair opportunity to litigate the issue in the prior action. *See, Caldwell v. Gutman v. Mintz, Baker & Sonnenfeldt*, 701 F.Supp.2d 340 (E.D.N.Y. 2010).

Plaintiff is barred from attempting to relitigate the issue as to the lack of standing of the mortgagee in the instant lawsuit, as it was previously raised and determined in the Foreclosure Action. *See, Rutty* at 2 ("...the Court observes that much of plaintiff's complaint is a transparent attempt to relitigate the issues he previously raised-and lost-in the Foreclosure Action...By virtue of the doctrine of collateral estoppel, plaintiff is precluded from claiming that the foreclosure was improper, that the assignments were backdated, that certain entities dissolved, and the myriad [of] other factual issues that this Court had to previously consider in the Foreclosure Action"); *Fequiere v. Tribeca Lending*, 2016 WL 1057000 (E.D.N.Y. 2016) ("Claim preclusion thus bars federal review of these claims, which were, or could have been brought as defenses in the State Action").

Therefore, Plaintiff's claims regarding the identity of the creditor in the Foreclosure Action are barred by the Rooker-Feldman doctrine and/or the doctrine of collateral estoppel.

## CONCLUSION

For the reasons set forth above, along with those asserted in the Bizzaro Dec., it is respectfully submitted that Plaintiff's claims asserted against the Attorney Defendants be dismissed in their entirety.

Dated:  Garden City, New York
        August 11, 2017

                                  Respectfully submitted,

                                  L'ABBATE, BALKAN, COLAVITA
                                   & CONTINI, L.L.P.

By: _____
                                  Matthew J. Bizzaro, Esq.
                                  Attorneys for Defendants
                                  Stiene & Associates, P.C.,
                                  Ronni Ginsberg, Esq. and
                                  Chris Virga, Esq.
                                  1001 Franklin Avenue, 3rd Floor
                                  Garden City, NY 11530
                                  (516) 294-8844

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                     ss.:
COUNTY OF NASSAU  )

         DENISE MITCHELL, being duly sworn, deposes and says that deponent is not a party to the within action, is over 18 years of age and resides in Nassau County, New York.

         That on the 11th day of August, 2017, deponent served the within **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** upon:

         Nicole Johnson-Gellineau
         149 Wilkes Street
         Beacon, NY 12508

the respective party(ies) in this action, at the above address(es) designated by said party(ies) for that purpose by dispatching a copy by Federal Express overnight delivery to each of the above persons at the last known address set forth after each name above.

                                   DENISE MITCHELL

Sworn to before me this
11th day of August, 2017.

Notary Public
MIRANDA A. JOE
Notary Public, State of New York
No. 01JO6158380
Qualified in Nassau County
Commission Expires January 2, 2019

1