UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NICOLE JOHNSON-GELLINEAU,                          Case No.: 16-cv-9945

                Plaintiff,

     -against-

STIENE & ASSOCIATES, P.C.; CHRISTOPHER
VIRGA, ESQ.; RONNI GINSBERG, ESQ.;
JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION; WELLS FARGO BANK
NATIONAL ASSOCIATION, AS TRUSTEE FOR
CARRINGTON MORTGAGE LOAN TRUST,
SERIES 2007-FRE1, ASSET-BACKED
PASS-THROUGH CERTIFICATES;

              Defendants.
------------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW

L'ABBATE, BALKAN, COLAVITA & CONTINI, L.L.P.
Attorneys for Defendants
*Stiene & Associates, P.C., Ronni Ginsberg, Esq. and
Chris Virga, Esq.*
1001 Franklin Avenue
Garden City, New York 11530
(516) 294-8844

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ........................................................................... 1

POINT I

        THE SERVICE AND SUBMISSION OF DOCUMENTS
        IN THE FORECLOSURE ACTION DOES NOT FALL
        WITHIN THE PURVIEW OF THE FDCPA................................................ 3

POINT II

        PLAINTIFF'S CLAIMS ARE OTHERWISE BARRED BY
        THE ROOKER-FELDMAN DOCTRINE AND/OR THE
        DOCTRINE OF COLLATERAL ESTOPPEL ........................................... 9

CONCLUSION.................................................................................................... 12

## <u>TABLE OF AUTHORITIES</u>

<u>Case</u>                                                                                                                      <u>Page</u>

*Barbato v. U.S. Bank Nat'l Assoc.*,
   2016 WL 158588 (S.D.N.Y. 2016) ........................................................................ 10

*Boyd v. J.E. Robert Co., Inc.*
   2012 WL 4718723 (E.D.N.Y. 2012), *aff'd on other grounds*, 765 F.3d 123 (2d Cir. 2014) ...... 5

*Burks v. Jakubowski*,
   837 F.Supp. 48 (N.D.N.Y. 1993) ......................................................................... 10

*Carbone v. Caliber Homes Loans, Inc.*,
   2017 WL 4157265 (E.D.N.Y. Sept. 19, 2017) ................................................ 1, 3, 5

*Carlin v. Davidson Fink LLP*,
   2014 WL 4826248 (E.D.N.Y. 2014) .................................................................. 6, 7

*Carlin v. Davidson Fink LLP*,
   2015 WL 5794250 (E.D.N.Y. 2015) ...................................................................... 6

*Carlin v. Davidson Fink, LLP*,
   852 F.3d 207 (2d Cir. 2017) .................................................................................. 8

*Cohen v. Ditech Financial LLC*,
   2017 WL 1134723 (E.D.N.Y. March 24, 2017) .................................................... 4

*Countrywide Home Loans, Inc. v. Taylor*,
   17 Misc.3d 595, 843 N.Y.S.2d 495 (Sup. Ct. Suffolk County 2007) ..................... 12

*Derisme v. Hunt Leibert Jacobson P.C.*,
   880 F.Supp.2d 311 (D. Conn. 2012) .................................................................. 4, 5

*Glazier v. Chase Home Fin. LLC*,
   704 F.3d 453 (6th Cir. 2013) ................................................................................ 6

*Hooks v. Forman Holt Elisades & Ravin LLC*,
   2015 WL 5333513 (S.D.N.Y. 2015) .................................................................. 6, 8

*Household Finance Realty Corp. of New York v. Wynn*,
   19 A.D.3d 545, 791 N.Y.S.2d 576 (2d Dep't 2005) .............................................. 11

*In re Scott*,
   2017 WL 2579033 (S.D.N.Y. June 14, 2017) ........................................................ 4

*Indymac Bank, FSB v. Boyd,*
   22 Misc.3d 1112(A), 880 N.Y.S.2d 224 (Sup. Ct. Kings Co. 2009) ........................................ 11

*Kataz v. Eat-Ville Realty Co.,*
   249 A.D.2d 243, 672 N.Y.S.2d 308 (1st Dep't 1998) ............................................................ 11

*Kaufman v. Eli Lilly and Company,*
   65 N.Y.2d 449, 492 N.Y.S.2d 584, 482 N.E.2d 63 (1985) .............................................. 10, 11

*Reese v. Ellis, Painter, Ratterree & Adams, LLP,*
   678 F.3d 1211 (11th Cir. 2012) ............................................................................................. 8

*Rinaldi v. Green Tree Servicing, LLC,*
   2015 WL 5474115 (S.D.N.Y. 2015) ...................................................................................... 8

*Romea v. Heiberger & Associates,*
   163 F.3d 111 (2d Cir. 2012) .................................................................................................. 9

*Rutty v. Esagoff,*
   2017 WL 2178432 (E.D.N.Y. May 17, 2017) ...................................................................... 4

*Sears Mortgage Corp. v. Yahhobi,*
   19 A.D.3d 402, 796 N.Y.S.2d 392 (2d Dep't 2005) ............................................................ 11

*Vossbrinck v. Accredited Home Lenders, Inc.,*
   773 F.3d 423 (2d Cir. 2014) ................................................................................................ 10

*Witelson v. Jamaica Estates Holding Corp. I.,*
   40 A.D.3d 284, 835 N.Y.S.2d 179 (1st Dep't 2007) ........................................................... 11

Statutes
Conn. Gen. Stat. § 49–14 ........................................................................................................... 5
N.Y. Real Prop. Acts. § 1301 ..................................................................................................... 5
NYRPAPL 1371(2) .................................................................................................................... 5

Rules
Rule 12(b)(6) and/or (1) of the Federal Rules of Civil Procedure ............................................. 1

## PRELIMINARY STATEMENT

This memorandum of law is submitted in reply to the opposition of plaintiff, Nicole Johnson-Gellineau ("Plaintiff") to the motion to defendants, Stiene & Associates, P.C., Christopher Virga, Esq. and Ronni Ginsberg, Esq. (the "Attorney Defendants") seeking: (i) an Order pursuant to Rule 12(b)(6) and/or (1) of the Federal Rules of Civil Procedure ("FRCP"), dismissing the claims asserted against them.

Simply put, the service and submission of documents in the context of a foreclosure proceeding does not fall within the purview of the Fair Debt Collection Practices Act ("FDCPA").

Plaintiff cites to barely any relevant Second Circuit case law to support her assertion that it does. *See*, Point I below. The scant authority cited by Plaintiff in her opposition further demonstrates the meritless nature of her claims.

In addition, less than two months ago, yet another court in the Second Circuit held that communications sent to a mortgagor in the context of a foreclosure action does not fall within the scope of the FDPCA. *See, Carbone v. Caliber Homes Loans, Inc.*, 2017 WL 4157265 (E.D.N.Y. Sept. 19, 2017) (Point I below).

Since the overwhelming majority of courts in the Second Circuit (and the most recent case law in the Southern District) support the Attorney Defendants' position, Plaintiff attempts to skirt the issue by arguing that the transmission of the Notice of Hearing to the State Court in the Foreclosure Action[1] constitutes an unauthorized transmission to a third party in violation of the FDCPA. Plaintiff's argument, however, is nothing more than a smokescreen employed in

---

[1] All capitalized terms referenced herein are defined in the Attorney Defendants' memorandum of law dated August 11, 2017.

attempt to divert this Court's attention from the fact that the FDCPA does not govern the allegations she asserted against the Attorney Defendants.

Furthermore, the adoption of Plaintiff's argument would produce the absurd result of attorneys throughout this Circuit potentially being held liable for submitting documents to the Court containing information about the defendant in a foreclosure action. This would not only open up the floodgates to a slew of new litigation, but runs contrary to the legislative intent behind the enactment of the FDCPA.

Finally, Plaintiff argues that the allegations are not barred by the Rooker-Feldman doctrine or the doctrine of collateral estoppel since the arguments set forth in the instant lawsuit are not the same as the defenses she asserted in the Foreclosure Action.

First, the Attorney Defendants argued "*...to the extent Plaintiff is asserting claims against the Attorney Defendants based upon proceeding with the Foreclosure Action 'without a creditor,'* those claims should nonetheless be dismissed since they are barred by: (i) the Rooker-Feldman doctrine; and/or (ii) the doctrine of collateral estoppel." *See,* Attorney Defendants' Memorandum of Law dated August 11, 2017 ("Attorney Defendants' MOL"), p. 8. Therefore, if Plaintiff is not asserting these claims against the Attorney Defendants, the arguments set forth in Attorney Defendants' MOL addressing same are moot. If, however, Plaintiff is pursuing a claim that the Attorney Defendants somehow violated the FDCPA by proceeding with a Foreclosure Action "without a creditor," this claim is barred by the Rooker-Feldman doctrine and/or the doctrine of collateral estoppel.

Specifically, in the Foreclosure Action, Plaintiff argued that the lender lacked standing to pursue the lawsuit. As Plaintiff admits in her papers, the lender prevailed on its motion for summary judgment. While it is true that an appeal is currently pending, as of now, the order

2

granting the lender summary judgment in the Foreclosure Action is dispositive and final. Thereafter, Plaintiff commenced the instant lawsuit. As such, the four requirements of the Rooker-Feldman doctrine are met (*see*, Attorney Defendants' MOL, p. 8 and Point II below), and Plaintiff is barred from re-litigating the issue of whether the lender named in the Foreclosure Action was the creditor (i.e., whether the lender had standing) in the instant lawsuit, since it was raised and previously determined in the State Court.

Based upon the foregoing, and for the reasons set forth in Attorney Defendants' MOL, it is respectfully submitted that the claims against the Attorney Defendants be dismissed in their entirety.

## POINT I

### THE SERVICE AND SUBMISSION OF DOCUMENTS IN THE FORECLOSURE ACTION DOES NOT FALL WITHIN THE PURVIEW OF THE FDCPA

In the very recent case of *Carbone v. Caliber Home Loans, Inc.*, 2017 WL 4157265 (E.D.N.Y. Sept. 19, 2017), the Court followed the most recent decisions in the Second Circuit, which have held that the enforcement of a security interest through foreclosure proceedings that do not seek monetary judgments against debtors is not debt collection for the purposes of the FDCPA.

In *Carbone*, the plaintiff alleged that the defendant's pre-foreclosure notice and default letter violated the FDCPA. The defendant moved to dismiss the complaint, and the court granted the motion. In doing so, the Court held in relevant part: "After all, a mortgage is a security interest, not a payment obligation." *Id.* at 2.

The Court also determined that the "debt-demand language" contained in the defendant's pre-foreclosure notice did not convert the security interest into a "debt" under the FDCPA, and held: "this statement, however, does not convert the non-judicial foreclosure into an attempt to

3

collect a debt under the FDCPA" *quoting Evalobo v. Aldridge Pite, LLP*, 201 WL 7379021 (D. Nev. Dec. 20, 2016).

Finally, the Court noted that while certain courts in other circuits have permitted FDCPA claims if the debt collector also seeks a deficiency judgment, "…in New York, 'defendants cannot file a motion for a deficiency judgment against plaintiff until after the foreclosure sale,'; so [the defendant] has 'not engaged in any conduct related to the collection of money to date'". *Id.* p. 3, n. 3 *quoting Hill v. DLJ Mortg. Capital, Inc.*, 2016 WL 5818540 (E.D.N.Y. 2016) at 7, n. 9.

The Court's decision in *Carbone* is in accordance with the holdings of the majority of the courts in the Second Circuit, ***including the most recent decision in the Southern District***.  *See, In re Scott*, 2017 WL 2579033 (S.D.N.Y. June 14, 2017) ("The actions that the Debtor says the Mortgagee Defendants took in connection with the foreclosure process fall outside the scope of the FDCPA"); *Rutty v. Esagoff*, 2017 WL 2178432 (E.D.N.Y. May 17, 2017) ("As to the role of the law firm and Esagoff, while the Second Circuit has not addressed whether instituting a foreclosure action constitutes debt collection under the FDCPA…, the vast majority of the courts in this Circuit found that such an action to enforce an interest in real property does not qualify as a debt collection activity"); *Cohen v. Ditech Financial LLC*, 2017 WL 1134723 (E.D.N.Y. March 24, 2017) ("Here, Green Tree elected to commence an action to foreclose on the mortgage and the "communications" at issue were made in the context of enforcing its security interest. As such, there was no attempt to enforce a debt actionable under the FDCPA"); *Hill v. DLJ Mortgage*, 2016 WL 5818540 (E.D.N.Y. October 5, 2016) ("Prosecuting a state foreclosure action is simply not the type of abusive collective practices that the FDCPA is aimed at eliminating"), *citing Derisme v. Hunt Leibert Jacobson P.C.*, 880 F.Supp.2d 311 (D. Conn.

4

2012) ("Although there is a split of authority on th[e] issue [of whether an action seeking foreclosure should be considered the enforcement of a security interest as opposed to an action to collect a debt], it appears that a majority of courts who have addressed this question have also concluded that foreclosing on a mortgage does not qualify as debt collection activity for purposes of the FDCPA."); *Boyd v. J.E. Robert Co., Inc.*, 2012 WL 4718723 (E.D.N.Y. 2012) ("The court finds that the foreclosure actions on liens against [the p]laintiffs' interests in their properties,...did not seek monetary judgments against debtor-property owners and consequently were not debt collection activities actionable under [sections] 1692e and 1692f [of the FDCPA]"), *aff'd on other grounds*, 765 F.3d 123, 126 n.3 (2d Cir. 2014).

As noted in *Carbone* and *Hill*, even where the complaint in the foreclosure action seeks a deficiency judgment, the FDCPA is not invoked unless there is a deficiency, and the lender then seeks a deficiency judgment against the borrower.  *See, NYRPAPL 1371(2)* (In New York, a lender seeking a deficiency judgment against a borrower must file a motion within ninety days of the consummation of the sale of the subject property); see also, *Carbone* p. 3, n. 3; *Cohen* at 4 "(Plaintiff cites no case law to support the inference that [seeking a deficiency judgment] somehow affects the nature of the Foreclosure Action or changes it from an equitable proceeding to one at law.  Indeed, such a result would violate New York's election of remedies framework"); *Hill* at 7 ("Defendants' communications were not taken in connection with the collection of the debt evidenced by the Note and, indeed, could not have been taken in connection with the collection of the debt evidenced by the Note until after the foreclosure sale of the Property pursuant to both New York law..."), *citing N.Y. Real Prop. Acts. § 1301*; *Derisme* at 326 ("As discussed above under Conn. Gen. Stat. § 49–14, a mortgagee only seeks a personal judgment against the mortgagor upon a timely filed written motion. Consequently the other provisions of

the FDCPA, such as Sections 1692g and 1692e, will only apply in a Connecticut foreclosure proceeding once a timely filed motion for a deficiency judgment pursuant to § 49–14 has been made").

The Attorney Defendants did not seek a deficiency judgment on the lender's behalf in the Foreclosure Action.  Therefore, the protections afforded by the FDCPA are not involved in the case at law.

Plaintiff cites very little Second Circuit case law to support her position that she has adequately stated a claim against the Attorney Defendants.  The reason is simple…there is very little relevant case law to cite.

First, in *Hooks v. Forman Holt Elisades & Ravin LLC*, 2015 WL 5333513 (S.D.N.Y. 2015), the Court  acknowledged that "[t]he view adopted by a majority of district courts…is that mortgage foreclosure is not debt collection" (*citing, Glazier v. Chase Home Fin.* LLC, 704 F.3d 453 (6th Cir. 2013)), but based its decision on the rationale of the Honorable Joanna Seybert in *Carlin v. Davidson Fink LLP*, 2014 WL 4826248 (E.D.N.Y. 2014).  More specifically, the court held: "The key, however, as noted by the district court in *Carlin*, 2014 WL 4826248, at 6, is whether Defendant can pursue a foreclosure action and *also* engage in debt collection under the FDCPA." *Id.* at 11.

What Plaintiff fails to mention is that following the defendant's motion seeking reconsideration, Judge Seybert vacated her prior decision.  *See, Carlin v. Davidson Fink LLP*, 2015 WL 5794250 (E.D.N.Y. 2015).  In her order granting the defendant reconsideration, Judge Seybert held in relevant part as follows:

> In assessing this argument, the Court acknowledged that a majority of courts has found that the FDCPA does not apply to foreclosure-related activities. *Carlin*, 2014 WL 4826248, at *9 (collecting cases). However, the Court went on to state that it believed that

neither party squarely addressed the dispositive issue, which the Court phrased as: "whether Davidson [Fink] can pursue a foreclosure action and also engage in debt collection under the FDCPA." *Carlin*, 2014 WL 4826248, at *9.

The Court held that Davidson Fink could engage in both activities. In support, the Court relied on the decision in *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211 (11th Cir. 2012), where the Eleventh Circuit held that "[a] communication related to debt collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest." 678 F.3d at 1218. However, the Court overlooked an important factual distinction in that case. In Reese, the defendant law firm sent a debt collection notice before any foreclosure action was commenced and argued that it was not an attempt to collect a debt under the FDCPA because "the purpose was simply to inform the [plaintiffs] that [the mortgagee] intended to enforce its security deed through the process of non-judicial foreclosure." 678 F.3d at 1217. The *Reese* court rejected this argument, explaining that it "wrongly assume[d] that a communication cannot have dual purposes" and that the practical effect of the proposed rule would be that a debt collector could simply avoid the requirements of the FDPCA by sending a debt collection notice that also included notice of foreclosure on the secured interest. 678 F.3d at 1217–18.

The *Reese* case is factually distinguishable from this case because Davidson Fink commenced a foreclosure action and included the Debt Collection Notice with the Foreclosure Complaint. By overlooking this distinction and applying it to the present case, the Court deviated from the majority rule that "the enforcement of a security interest through foreclosure proceedings that do not seek monetary judgments against debtors is not debt collection for purposes of the FDCPA." *Boyd*, 2013 WL 5436969, at *9. This is because under New York law, "[t]he holder of a note and mortgage may proceed at law to recover on the note or proceed in equity to foreclose on the mortgage, but must only elect one of these alternate remedies." *Gizzi v. Hall*, 309 A.D.2d 1140, 1141, 767 N.Y.S.2d 469, 471 (3rd Dep't 2003). Because it sought to foreclose on the property, Davidson Fink was not engaging in the collection of a debt as a matter of law. The Complaint therefore should have been dismissed with prejudice.

*Id.* at 3-4.

Therefore, in rendering its decision, the Court in *Hooks* relied primarily on rationale, which Judge Seybert subsequently determined was unsound.[2]

Additionally, in *Hooks*, the plaintiff alleged that a notice sent to it by the defendant in accordance with the New Jersey Fair Foreclosure Act after they missed a mortgage payment on a timeshare interest in Atlantic City, New Jersey violated the FDCPA. *See, Hooks* at 1-2. The defendants sent this notice prior to commencing a foreclosure action.

Here, Plaintiff complains of the Notice of Hearing which the Attorney Defendants sent to Plaintiff and the Court in conjunction with the Foreclosure Action in the State of New York. This is yet another reason that Plaintiff's reliance upon *Hooks* is misplaced.

Therefore, Plaintiff is left only with the case of *Rinaldi v. Green Tree Servicing, LLC*, 2015 WL 5474115 (S.D.N.Y. 2015) to support her position that the Attorney Defendant's service and submission of documents in the context of the Foreclosure Action falls under the ambit of the FDCPA.

Notably, ***not a single case in this Circuit or any other Circuit*** has cited *Rinaldi*. As such it is respectfully submitted that this Court reject the holding of this one case, and follow the

---

[2]Subsequently, the Second Circuit Court of Appeals vacated this decision and determined that a letter sent by the defendant to the plaintiff in response to a letter sent by the plaintiff following his receipt of a foreclosure complaint constituted an "initial communication" under the FDCPA. *See, Carlin v. Davidson Fink, LLP*, 852 F.3d 207 (2d Cir. 2017). The Second Circuit Court of Appeals held that this letter "was not sent in connection with the foreclosure proceeding, and in fact makes no mention of the proceeding." *Id.* at 214-251. The Second Circuit, however, did not address the issue of whether the commencement of a foreclosure proceeding falls within the context of the FDCPA:

> Because we conclude that the erroneously attached notice was not an initial communication, we need not confront the parties' extensive arguments regarding whether the initiation of a foreclosure action is done "in connection with the collection of any debt." Nor do we need to consider the district court's interpretation of the Eleventh Circuit's ruling in *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211 (11th Cir. 2012), as that case offers little guidance on the issues we confront here.

*Id.*, n.1.

8

rationale set forth in both the majority of cases in the Second Circuit and the most recent case law in the Southern District.

Finally, *Romea v. Heiberger & Associates*, 163 F.3d 111 (2d Cir. 2012) has no bearing on the issues on the instant motion, as this case did not involve a foreclosure action, but a notice sent to a tenant by a landlord's attorney.

In conclusion, if this Court was to adopt Plaintiff's position the results would be absurd. Specifically, attorneys could potentially be held liable for submitting documents to the Court in a foreclosure action which contained information about the defendant.  Not only would this open up the floodgates to a slew of new litigation, but it runs contrary to the legislative intent behind the enactment of the FDCPA.

Based upon the foregoing, it is respectfully submitted that Plaintiff's claims asserted against the Attorney Defendants be dismissed in their entirety, since the service and submission of documents by the lender's attorney within the context of a foreclosure action do not fall within the scope of the FDPCA.

## POINT II

### PLAINTIFF'S CLAIMS ARE OTHERWISE BARRED BY THE ROOKER-FELDMAN DOCTRINE AND/OR THE DOCTRINE OF COLLATERAL ESTOPPEL

To the extent that Plaintiff is alleging that the Attorney Defendants somehow violated the FDCPA by commencing the Foreclosure Action "without a creditor", such claim is barred by the Rooker-Feldman doctrine and/or the doctrine of collateral estoppel.

Initially, Plaintiff falsely states that the Attorney Defendants did not discuss the four requirements for the Rooker-Feldman doctrine to apply.  In fact, Defendants expressly cited those requirements in their memorandum. *See,* the Attorney Defendants' MOL, p. 8.

For the Rooker-Feldman doctrine to apply, the Court must find that the following four elements are met: (i) the federal court plaintiff must have lost in state court; (ii) the federal court plaintiff must complain of injuries caused by a state court judgment; (iii) the federal court plaintiff must invite the district court's review of rejection of the state court judgment; and (iv) the state court judgment must have been rendered before the district court proceedings were commenced. *See, Barbato v. U.S. Bank Nat'l Assoc.*, 2016 WL 158588 (S.D.N.Y. 2016), *citing Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423 (2d Cir. 2014).

Collateral estoppel bars re-litigation of an issue when: (i) the identical issue necessarily was decided in the prior action and is decisive of the present action; and (ii) the party to be precluded from re-litigating the issue had a full and fair opportunity to litigate the issue in the prior action. *See, Burks v. Jakubowski*, 837 F.Supp. 48 (N.D.N.Y. 1993) ("First there must be an identity of issues which were necessarily decided in the prior action…Second, the party precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination"); *see also Kaufman v. Eli Lilly and Company*, 65 N.Y.2d 449, 456, 492 N.Y.S.2d 584, 588, 482 N.E.2d 63, 67 (1985).

Plaintiff argues that the Attorney Defendants' request that her claims be dismissed pursuant to the Rooker-Feldman doctrine and/or the doctrine of collateral estoppel "comes from a profound misunderstanding that Plaintiff's claim based on the FDCPA term 'creditor' necessarily means that the state court judgment was improper." *See*, Plaintiff's memorandum, p. 16. In the Complaint, however, Plaintiff alleges that the Foreclosure Action involved "debt collection without a creditor." *See,* Exhibit 1, paragraph "58."

More particularly, Plaintiff alleges in relevant part as follows:

> **All Defendants violated 15 U.S.C. Section 1692e.** This is Defendants' overarching violation. This suit is about debt

10

> collection without a creditor.  Congress unequivocally requires
> Wells Fargo be "the creditor to whom the debt is owed" in
> communications as well as in this Court in order for Defendants to
> even send Ms. Johnson-Gellineau an initial communication in
> compliance with 12 U.S.C. Section 1692g(a)(2)...
>
> All their communications, whether monthly statements from
> Chase, whether an initial or subsequent ones, when viewed through
> the eyes of a least sophisticated consumer, are misleading
> representations and deceptive means...
>
> Based on requirement in Section 1692g(a)(2) as to the
> communications of Wells Fargo and Chase, Plaintiff had the right
> to expect that Wells Fargo was the creditor to whom the debt was
> owed and for whom all of the Defendants were collecting.  The
> [Attorney Defendants'] communications when viewed together
> with Chase's communications, are false, misleading, and deceptive
> means in violation of Section 1692e.

*Id.*

Now, Plaintiff asserts: "Plaintiff simply alleges that Defendant WFBNA is not a creditor

under FDCPA." *See,* Plaintiff's Memorandum, p. 20.

The Attorney Defendants take no position on whether the co-defendant is a "creditor"

under the FDCPA on the instant motion.  Since, however, Plaintiff alleges that the Attorney

Defendants violated the FDPCA by engaging in "debt collection without a creditor," this is

identical to its lack of standing defense in the Foreclosure Action, as the mortgagee would only

have the right to foreclose if it is the owner of the subject note and mortgage.  *See, Indymac*

*Bank, FSB v. Boyd*, 22 Misc.3d 1112(A), 880 N.Y.S.2d 224 (Sup. Ct. Kings Co. 2009); *Witelson*

*v. Jamaica Estates Holding Corp. I.*, 40 A.D.3d 284, 835 N.Y.S.2d 179 (1st Dep't 2007);

*Household Finance Realty Corp. of New York v. Wynn*, 19 A.D.3d 545, 791 N.Y.S.2d 576 (2d

Dep't 2005); *Sears Mortgage Corp. v. Yahhobi*, 19 A.D.3d 402, 796 N.Y.S.2d 392 (2d Dep't

2005*); Kataz v. Eat-Ville Realty Co.*, 249 A.D.2d 243, 672 N.Y.S.2d 308 (1st Dep't 1998) ("A

plaintiff has no foundation in law or fact to foreclose upon a mortgage in which the plaintiff has

not legal or equitable interest"); *Countrywide Home Loans, Inc. v. Taylor*, 17 Misc.3d 595, 843 N.Y.S.2d 495 (Sup. Ct. Suffolk County 2007) ("Indeed, foreclosure of a mortgage may not be brought by one who has no title to it and absent an effective transfer of the debt, assignment of the mortgage is a nullity").

Moreover, since the lender was granted summary judgment in the Foreclosure Action, this defense was raised, addressed and rejected by the State Court prior to the commencement of this lawsuit.

Based upon the foregoing, to the extent that Plaintiff is alleging that the Attorney Defendants somehow violated the FDCPA by commencing the Foreclosure Action "without a creditor", such claim is barred by the Rooker-Feldman doctrine and/or the doctrine of collateral estoppel.

## CONCLUSION

For the reasons set forth above, together with those asserted in Attorney Defendants' moving papers, it is respectfully submitted that Plaintiff's claims against the Attorney Defendants be dismissed in their entirety.

Dated: Garden City, New York
November 1, 2017

Yours, etc.,
L'ABBATE, BALKAN, COLAVITA
& CONTINI, L.L.P.

By: _____
Matthew J. Bizzaro, Esq.
Attorneys for Defendants
*Stiene & Associates, P.C., Ronni*
*Ginsberg, Esq. and Chris Virga, Esq.*
1001 Franklin Avenue
Garden City, New York 11530
(516) 294-8844

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                            ) ss.:
COUNTY OF NASSAU     )

        DENISE MITCHELL, being duly sworn, deposes and says that deponent is not a party to the within action, is over 18 years of age and resides in Nassau County, New York.

        That on the 1st day of November, 2017, deponent served the within **REPLY MEMORANDUM OF LAW** upon:

        Nicole Johnson-Gellineau
        149 Wilkes Street
        Beacon, NY 12508

the respective party(ies) in this action, at the above address(es) designated by said party(ies) for that purpose by dispatching a copy by Federal Express overnight delivery to each of the above persons at the last known address set forth after each name above.

DENISE MITCHELL

Sworn to before me this
1st day of November, 2017.

Notary Public

MIRANDA A. JOE
Notary Public, State of New York
No. 01JO6158380
Qualified in Nassau County
Commission Expires January 2, 2019