# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

NICOLE JOHNSON-GELLINEAU,

      Plaintiff,

      v.

STIENE & ASSOCIATES, P.C.;
CHRISTOPHER VIRGA, ESQ.; RONNI
GINSBERG, ESQ.; JPMORGAN CHASE
BANK, NATIONAL ASSOCIATION;
WELLS FARGO BANK NATIONAL
ASSOCIATION, AS TRUSTEE FOR
CARRINGTON MORTGAGE LOAN
TRUST, SERIES 2007-FRE1, ASSET-
BACKED PASS-THROUGH
CERTIFICATES,

      Defendants.

*Document filed electronically*

Civil Action No. 7:16-cv-09945-KMK

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION BY
DEFENDANTS TO DISMISS THE COMPLAINT PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)**

---

**BUCKLEY MADOLE, P.C.**
420 Lexington Avenue, Suite 840
New York, New York 10170
Telephone: 347-286-7409
Brian P. Scibetta, Esq.
*Attorneys for Defendants, JPMorgan Chase Bank,
National Association and Wells Fargo Bank
National Association, as Trustee for Carrington
Mortgage Loan Trust, Series 2007-FRE1, Asset-
Backed Pass-Through Certificates*

## <u>TABLE OF CONTENTS</u>

**PRELIMINARY STATEMENT** ............................................................................................ 1

**LEGAL ARGUMENT** ....................................................................................................... 2

   **I.**   **PLAINTIFF HAS NOT PLAUSIBLY ALLEGED THAT WFBNA IS A "DEBT COLLECTOR" UNDER THE FDCPA** ............................................................... 2

   **II.**   **PLAINTIFF HAS NOT PLAUSIBLY ALLEGED THAT CHASE IS A "DEBT COLLECTOR" UNDER THE FDCPA** ........................................................... 5

   **III.**   **THE CONDUCT ALLEGED BY PLAINTIFF IS NOT DEBT COLLECTION ACTIVITY COVERED BY THE FDCPA** ................................................... 8

**CONCLUSION** ............................................................................................................ 10

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Carbone v. Caliber Home Loans, Inc.*, No. 15-CV-5190(JS)(GRB), 2017 WL 4157265 (E.D.N.Y. Sept. 19, 2017) ......................................................................... 9

*Cohen v. Ditech Fin. LLC*, No. 15-CV-6828, 2017 WL 1134723 (E.D.N.Y. Mar. 24, 2017) ....... 9

*Estate of Keys v. Union Planters Bank, N.A.*, 578 F.Supp.2d 629 (S.D.N.Y. 2008) .................... 3

*Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56 (2d Cir. 2004)... 5

*Hill v. DLJ Mortgage Capital, Inc.*, 15-cv-3083, 2016 WL 5818540 (E.D.N.Y. Sept. 30, 2016).. ......................................................................................................................... 2, 9

*Hill v. DLJ Mortgage Capital, Inc.*, 2017 WL 1732114 (2d Cir. May 3, 2017) ........................... 9

*Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77 (2d Cir. 2005) ..................................... 3

*In re Scott*, 572 B.R. 492 (Bankr. S.D.N.Y. 2017) ....................................................... 8

*Izmirligil v. Bank of New York Mellon*, No. 11-CV-5591, 2013 WL 1345370 (E.D.N.Y. Apr. 2, 2013)............................................................................................................. 5

*Munroe v. Specialized Loan Servicing LLC*, 14-cv-1883, 2016 WL 1248818 (E.D.N.Y. March 28, 2016)......................................................................................................... 4, 5

*Okyere v. Palisades Collection, LLC*, 961 F.Supp.2d 508 (S.D.N.Y. 2013)................................. 8

*Pascal v JPMorgan Chase Bank, Nat. Assn.*, 09-CV-10082 ER, 2013 WL 878588 (S.D.N.Y. March 11, 2013) ................................................................................................ 6, 7

*Plummer v. Atlantic Credit & Finance, Inc.*, 66 F.Supp.3d 484 (S.D.N.Y. 2014)........................ 3

*Romea v. Heiberger & Assocs.*, 163 F.3d 111 (2d Cir. 1998) ....................................................... 8

*Schuh v. Druckman & Sinel, L.L.P.*m 602 F.Supp.2d 454 (S.D.N.Y. 2009)................................. 5

*Wight v. BankAmerica Corp.*, 219 F.3d 79 (2d Cir. 2000) ........................................................... 4

**<u>Statutes</u>**

15 U.S.C. § 1692a(4) ................................................................................................. 1, 2

15 U.S.C. § 1692a(6) ................................................................................................. 2, 5, 7

**<u>Other Authorities</u>**

Implementation Guidance for Certain Mortgage Servicing Rules, 10152013 CFPBGUIDANCE,
   2013 WL 9001249 (C.F.P.B. Oct. 15, 2013) ......................................................... 10

**<u>Rules</u>**

Fed. R. Civ. P. 12(b)(6)............................................................................................. 5

## PRELIMINARY STATEMENT

In moving for dismissal of this action in which Plaintiff[1] solely asserts claims arising under the FDCPA, the Bank Defendants argued that neither could be considered a "debt collector" within the meaning of the statute under this spectrum of facts.  Based on the documents the Court may consider on this motion, the only conclusion to be reached is that WFBNA is a "creditor" – the "person . . . to whom a debt is owed" (15 U.S.C. § 1692a(4)) – as defined by the statute, rather than a "debt collector."  The state court already made that finding in the Foreclosure Action, and Plaintiff's attempt to re-litigate the issue here should be rejected.  There is further no merit to Plaintiff's assertion that a trustee for a mortgage loan trust is collecting debt for another, a position belied both by holdings among the district courts within the Second Circuit and the contours of the trustee-beneficiary relationship.  Overall, under the prevailing law within this Circuit, both the foreclosure judgment and the loan modification agreement Plaintiff entered into with WFBNA compel a finding that WFBNA is a "creditor" exempt from the FDCPA's reach.

Plaintiff has similarly failed to establish that Chase is a "debt collector."  Contrary to that position, this Court previously opined that Chase in its capacity as mortgage servicer is not the type of entity intended to be covered by the FDCPA.  While Plaintiff contends that prior ruling is not binding here, she cites to no case law that would support a conclusion to the contrary.  Perhaps more importantly though, in relying upon conclusory allegations and documents attached to the Complaint that contradict her legal theories, Plaintiff has not plausibly pled that Chase is a "debt collector" under the FDCPA.

---

[1] Unless otherwise stated, proper terms previously defined in the moving papers shall carry the same meaning herein.

Also fatal to her claims, Plaintiff has failed to allege any conduct by either WFBNA or Chase that is prohibited by the FDCPA.  As the district courts within the Second Circuit have consistently held, pleadings filed within the context of a foreclosure action are not covered by the FDCPA.   Nevertheless, Plaintiff asks this Court to ignore that growing body of case law, and instead be guided by a Second Circuit decision concerning the applicability of the FDCPA in the context of a landlord-tenant proceeding governed by Article 7 of the New York Real Property Actions and Proceedings Law.  But to pretend that the facts of that case align with those in the case at bar, or that a foreclosure action is the equivalent of a landlord-tenant proceeding, demands a fiction too great.  This Court should instead find, in line with its sister courts, that "communications" within a foreclosure proceeding are "not taken in connection with the collection of the debt evidenced by the Note" (*Hill v. DLJ Mortgage Capital, Inc.*, 15-cv-3083, 2016 WL 5818540, at *7 (E.D.N.Y. Sept. 30, 2016)), and therefore not covered by the FDCPA.

For the foregoing reasons and those set forth herein, the Motion should be granted in its entirety, and the action dismissed as to the Bank Defendants, with prejudice.

## LEGAL ARGUMENT

**I.   PLAINTIFF HAS NOT PLAUSIBLY ALLEGED THAT WFBNA IS A "DEBT COLLECTOR" UNDER THE FDCPA**

The Complaint fails as to WFBNA because Plaintiff has not plausibly alleged that WFBNA is a "debt collector" within the meaning of the FDCPA.   A "debt collector" under the FDCPA is defined as "a person who regularly collects... debts owed … to another" or a person involved "in any business the principal purpose of which is the collection of any debts."  15 U.S.C. § 1692a(6). Conversely, the FDCPA defines a "creditor" as "any person . . . to whom a debt is owed" (15 U.S.C. § 1692a(4), and it is well-established in this Court that "creditors" attempting to collect their own debts are not "debt collectors," and therefore not subject to the FDCPA.  *See, e.g., Huock*

2

*v. US Bank NA*, 15-cv-10042, 2016 WL 5720783, at *9 (S.D.N.Y. Sept. 30, 2016) (FDCPA "does not apply to creditors"); *Plummer v. Atlantic Credit & Finance, Inc.*, 66 F.Supp.3d 484, 488 (S.D.N.Y. 2014) ("creditor... is [] not subject to the FDCPA").

Both the Judgment of Foreclosure and Sale issued by the state court in favor of WFBNA in the Foreclosure Action, and the Mod Agreement Plaintiff entered into with WFBNA in 2008, documents the Court may consider on this motion, support that WFBNA is a "creditor" rather than a "debt collector."  Within the foreclosure judgment, *inter alia* the state court adjudged that Plaintiff owed to WFBNA the sum of $430,431.62 under the Subject Loan (*see* Complaint, Exh. D), and as a result of that ruling, Plaintiff is unable to plausibly allege in this action that WFBNA is not the entity to whom she owes her debt.  By taking a position here that in essence asks this Court to find to the contrary, even under the guise of an FDCPA claim, Plaintiff has run afoul of well-established law.

Pointedly, pursuant to the Rooker-Feldman abstention doctrine, Plaintiff may not challenge the propriety of a state court foreclosure judgment in this forum.  *See, e.g., Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (adopting the Rooker-Feldman abstention doctrine); *Estate of Keys v. Union Planters Bank, N.A.*, 578 F.Supp.2d 629 (S.D.N.Y. 2008) (finding that homeowner claims that in effect challenge a state court foreclosure judgment are barred by Rooker-Feldman abstention doctrine).  While Plaintiff urges that the state court in the Foreclosure Action never made a specific determination as to whether WFBNA was a "creditor" under the FDCPA (*see* Pl. Brief at p. 1), that position cannot be reconciled with the state court's rejection of her standing defense, in which Plaintiff asserted that WFBNA "is not the true and lawful owner of said alleged Note and Mortgage securing the same nor are any sums due [WFBNA] thereunder."  *See* Scibetta Dec., Exh. 4 at ¶ 31.  By striking her pleading (Scibetta Dec.,

3

Exh. 5), the state court necessarily made a determination that the standing defense lacked merit, and Rooker-Feldman prevents Plaintiff's challenge to that determination here.

In another effort to sidestep the state court's ruling, Plaintiff argues that Wells Fargo Bank, National Association acted in its capacity as trustee for a mortgage loan trust, and therefore must be collecting a debt owed to another – the certificate-holders in the trust.  *See* Pl. Brief at p. 7. However, this argument very plainly ignores the reality that the foreclosure judgment was rendered in favor of Wells Fargo Bank, National Association in its same capacity as trustee for the very same mortgage loan trust.  *See* Complaint, Exh. D.  It also fundamentally misunderstands the role of a trustee – as the Second Circuit has stated, a "trustee stands in the shoes of the corporation." *Wight v. BankAmerica Corp.*, 219 F.3d 79, 87 (2d Cir. 2000).  For this reason, a trustee for a mortgage loan trust cannot be separated out from the underlying mortgage loan trust for the purpose of creating FDCPA liability.  *See also, e.g., Munroe v. Specialized Loan Servicing LLC*, 14-cv-1883, 2016 WL 1248818, at *5 (E.D.N.Y. March 28, 2016)[2] (Bank of New York, in capacity as trustee for a mortgage loan trust, is a "creditor" under the FDCPA).

Plaintiff's execution of the Mod Agreement (Pl. Brief at p. 4-5), a loan document she attaches to the Complaint and which expressly sets forth that WFBNA is the holder of the Note and Mortgage for the Subject Loan, is also fatal to her FDCPA claim against WFBNA.  *See* Complaint, Exh. A at Brunton Aff. at Exh. C; Scibetta Dec., Exh. 3 at Exh. D.  Specifically, the Mod Agreement states that as of the effective date, August 26, 2008, Plaintiff owed and promised

---

[2] In attempting to distinguish *Munroe*, it is evident that Plaintiff misunderstands the facts attendant to that case and the import of the Court's ruling.  Indeed, one of the defendants in that action who the plaintiff-borrower sought to hold liable under the FDCPA was "Bank of New York, as Trustee for the Certificate Holders of CWMBS, Inc., CIL Mortgage Pass-Through Trust 2005-04 Mortgage Pass-Through Certificates Series 2004-5," an analogous entity to WFBNA here.  Ultimately, the Court in *Munroe* rejected the plaintiff-borrower's theory, finding that the Bank of New York as trustee entity was a "creditor" within the meaning of the FDCPA.  2016 WL 1248818, at *5

4

to pay the amount of $279,763.22 to WFBNA.  *Id.* at ¶¶ 1-2.  To the extent Plaintiff has nevertheless alleged that WFBNA acquired the Subject Loan subsequent to her October 2009 default (Complaint, ¶ 42; Pl. Brief at p. 5), the existence of the Mod Agreement renders that allegation implausible.  Just as significantly, whether WFBNA acquired the Subject Loan before or after Plaintiff's October 2009 default is legally irrelevant to the determination of whether WFBNA is a "debt collector" under the FDCPA, since even an entity that acquires a defaulted debt is not a "debt collector" so long as it seeks to collect only on its own behalf rather than for another.  *See, e.g., Munroe*, 2016 WL 1248818, at *5 (E.D.N.Y. March 28, 2016); *Izmirligil v. Bank of New York Mellon*, No. 11-CV-5591, 2013 WL 1345370, at *4 (E.D.N.Y. Apr. 2, 2013).  Accordingly, Plaintiff's argument that WFBNA should be subjected to FDCPA liability because it acquired the Subject Loan after her default, is unavailing both on the facts and as a matter of law.

Overall, based on the documents this Court may consider on a FRCP 12(b)(6) motion, Plaintiff has failed to plausibly allege that WFBNA is "debt collector" under the FDCPA, rather than a "creditor," and therefore the action should be dismissed as to WFBNA, with prejudice.

## II.   PLAINTIFF HAS NOT PLAUSIBLY ALLEGED THAT CHASE IS A "DEBT COLLECTOR" UNDER THE FDCPA

As the Second Circuit has stated, "[t]he FDCPA establishes two alternative predicates for 'debt collector' status—engaging in such activity as the 'principal purpose' of the entity's business and 'regularly' engaging in such activity."  *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti,* 374 F.3d 56, 61 (2d Cir. 2004) (*citing* 15 U.S.C. § 1692a(6)).  Importantly though, where a complaint "fails to provide any facts that actively and plausibly support the conclusion that [] the [defendant is a] 'debt collector[]' within the meaning of the statute," the plaintiff has failed to state a FDCPA claim.  *See Schuh v. Druckman & Sinel, L.L.P.*, 602 F.Supp.2d 454, 463 (S.D.N.Y. 2009).  In the case at bar, Plaintiff relies solely on conclusory allegations to establish

that Chase is a "debt collector," stating in general terms that "[e]ach of the Defendants . . . regularly collects or attempts to collect... debts owed or due" and that "[e]ach of the Defendants' business is principally attempting to obtain payment on an alleged debt. . . ."  *See* Complaint, ¶¶ 37-38. Those allegations, unsupported by any specific facts, are insufficient to plead that an entity is a "debt collector" under the FDCPA, and the Complaint fails as to Chase for that reason alone.

This Court has also previously stated that the legislators behind the FDCPA did not intend the statute to cover mortgage servicing by "widely-recognized national banks" such as Chase, and therefore Chase could not be a "debt collector" as the statute contemplates.  *See Pascal v JPMorgan Chase Bank, Nat. Assn.*, 09-CV-10082 ER, 2013 WL 878588, at *5 (S.D.N.Y. March 11, 2013).  On opposition to the Motion, Plaintiff argues that this Court should ignore this prior ruling because it is an unreported decision and because the central issue in *Pascal* was whether Chase had obtained the servicing of the loan subsequent to the borrower's default.  *See* Pl. Brief at p. 8-9.  While *Pascal* is certainly not binding, it is highly persuasive precedent, given that this Court is faced with the same issue of whether Chase in its capacity as mortgage servicer can be deemed a "debt collector" under the FDCPA.  Plaintiff has also failed to cite to any other case from this Court or its sister courts that came to a different conclusion on the issue than *Pascal*. She is thus left in the unenviable position of asking this Court to disregard *Pascal* simply because she finds the decision inconvenient to her argument.

While the Court's inquiry need go no further, Plaintiff's assertion that Chase is subject to the FDCPA because it began servicing the Subject Loan subsequent to her October 2009 default is equally unpersuasive, based on the documents the Court may consider on this motion.  The FDCPA exempts from the "debt collector" definition "any person collecting or attempting to collect any debt owed or due ... another to the extent such activity ... (iii) concerns a debt which

6

was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). Plaintiff argues that her allegation that Chase began servicing the Subject Loan on February 22, 2010, subsequent to her October 2009 default, is sufficient to establish that the above exemption cannot be applied here. *See* Pl. Brief at p. 9. Fatal to that position, however, the document to which Plaintiff refers, a February 22, 2010 Assignment of Mortgage executed by MERS, as nominee for Fremont, assigning the Mortgage to WFBNA (Complaint, Exh. A at Brunton Aff. at Exh. D), makes no mention of Chase whatsoever, and therefore does not support her allegation that Chase began servicing the Subject Loan on that date.

Also contrary to Plaintiff's position, another document attached to the Complaint reflects that Chase began servicing the Subject Loan on May 1, 2007, well before Plaintiff defaulted. *See* Complaint, Exh. G. While EMC was the nominal servicer during that timeframe,[3] this Court may take judicial notice of the fact, based on public records, that Chase is successor servicer for all mortgage loans formerly serviced by EMC. *See* Scibetta Dec., Exh. 7. It is here that the proposition that Plaintiff contends *Pascal* stands for exclusively finally comes into play. As this Court found, "where a defendant company acquires a debt through its merger with a previous creditor or servicer of the plaintiff, rather than via a specific assignment, the debt was not 'obtained' while it was in default." *Pascal*, 2013 WL 878588, at *4. Accordingly, based on the manner in which Chase began servicing the Subject Loan, not a specific assignment from EMC but rather an across the board assignment and assumption of servicing, Chase "stands in the place of [EMC] as Plaintiff's loan servicer" (*id.*), rendering implausible Plaintiff's assertion that Chase began servicing after the October 2009 default.

---

[3] Among the documents the Court can consider on the Motion, the Mod Agreement, dated August 26, 2008, reflects that EMC was servicing the Subject Loan for WFBNA at that time.

For the foregoing reasons, Plaintiff has failed to plausibly allege that Chase is a "debt collector" within the meaning of the FDCPA, and therefore the action should also be dismissed as to Chase, with prejudice.

## III.   THE CONDUCT ALLEGED BY PLAINTIFF IS NOT DEBT COLLECTION ACTIVITY COVERED BY THE FDCPA

Even assuming, *arguendo*, that Plaintiff had sufficiently alleged that the Bank Defendants are "debt collectors," the Complaint would still be subject to dismissal because she has failed to allege that the Bank Defendants "engaged in any act or omission in violation of FDCPA requirements." *Okyere v. Palisades Collection, LLC*, 961 F.Supp.2d 508, 513 (S.D.N.Y. 2013). Plaintiff continues to posit that pleadings filed within the Foreclosure Action can be construed as debt collection activity, despite the weight of authority among the courts within this Circuit holding to the contrary. *See* Pl. Brief at p. 10.  Plaintiff argues that this Court should instead look to *Romea v. Heiberger & Assocs.*, 163 F.3d 111 (2d Cir. 1998), to find that pleadings filed within the Foreclosure Action are debt collection activity.  However, *Romea* is inapposite.  In that case, the Second Circuit analyzed whether a notice sent by a landlord's attorney to a tenant as a precursor to an eviction proceeding pursuant to Article 7 of the Real Property Actions and Proceedings Law, could be construed as debt collection activity, finding in the affirmative.  But to the contrary, here Plaintiff alleges that pleadings filed within an initiated foreclosure proceeding, rather than notices preceding a tenant-landlord action, are in violation of the FDCPA.

Perhaps more importantly, the analogy to *Romea* ignores the growing body of post-*Romea* case law within this Circuit that finds that actions taken in connection with a foreclosure proceeding are not debt collection activity.  For example, in *In re Scott*, 572 B.R. 492, 531 (Bankr. S.D.N.Y. 2017), the bankruptcy branch of this Court found that actions taken by the mortgagee "in connection with the foreclosure process fall outside the scope of the FDCPA . . . [because] the

8

protection of an interest in real property is not the same as collecting a debt." Such holding is sensible because "a mortgage is a security interest, not a payment obligation." *Carbone v. Caliber Home Loans, Inc.*, No. 15-CV-5190(JS)(GRB), 2017 WL 4157265, at *2 (E.D.N.Y. Sept. 19, 2017). Indeed, as one court recently summarized, "[c]ourts in this [Second] Circuit that have considered whether actions taken within a foreclosure action constitute debt collection have held that 'the enforcement of a security interest through foreclosure proceedings that do not seek monetary judgments against debtors is not debt collection for purposes of the FDCPA.'" *Cohen v. Ditech Fin. LLC*, No. 15-CV-6828, 2017 WL 1134723, at *3 (E.D.N.Y. Mar. 24, 2017), *quoting Hill*, *supra*, 2016 WL 5818540 at *7. Nothing in *Romea*, or cases decided in other Circuits, compels a finding to the contrary.

Plaintiff lastly argues that monthly statements for the Subject Loan sent by Chase are prohibited debt collection activity under the FDCPA. *See* Pl. Brief at p. 20-21. Although Chase cited to a recent district court decision finding that periodic mortgage statements required by federal law are not covered by the FDCPA (*Hill*, *supra*), a decision that has been affirmed by the Second Circuit (*Hill v. DLJ Mortgage Capital, Inc.*, 2017 WL 1732114, at *1 (2d Cir. May 3, 2017)), Plaintiff nevertheless asserts that the inclusion of a debt collection disclaimer on the bottom of the mortgage statement serves to transform the statement into debt collection activity. In advancing this argument, Plaintiff does not cite to a single case within the Second Circuit supporting the proposition that a periodic mortgage statement can be deemed "debt collection" activity under the FDCPA, contrary to the holding in *Hill*. Additionally, the Consumer Financial Protection Bureau – an agency tasked with protecting homeowners with mortgage loans – disagrees with Plaintiff's position: "the CFPB concludes that a servicer that is considered a debt collector under the FDCPA with respect to a borrower that provides disclosures to and

9

communicates with the borrower pursuant to the provisions listed above [including Regulation Z, 12 CFR 1026.41 (periodic statement)], . . . is not liable under the FDCPA." *See* Implementation Guidance for Certain Mortgage Servicing Rules, 10152013 CFPBGUIDANCE, 2013 WL 9001249, at p. 3-4 (C.F.P.B. Oct. 15, 2013).  It is clear that applicable precedent and guidance favor Chase's position on this issue, and Plaintiff's reliance upon case law concerning communications other than mortgage statements, is unavailing.  Thus, to the extent the Court reaches this issue (the Bank Defendants contend the Court need not), it should find that the periodic mortgage statements sent by Chase to Plaintiff are not debt collection activity covered by the FDCPA.

## **CONCLUSION**

For all the foregoing reasons, and those set forth in the moving papers, the Bank Defendants respectfully request that the Court dismiss Plaintiff's Complaint, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Respectfully submitted,

**BUCKLEY MADOLE, P.C.**

Dated: November 9, 2017                    By:  */s/ Brian P. Scibetta*
                                          Brian P. Scibetta

10