| | ALABAMA | ILLINOIS |
| --- | --- | --- |
| | CALIFORNIA | MISSISSIPPI |
| | CONNECTICUT | NEVADA |
| | FLORIDA | NEW JERSEY |
| | GEORGIA | NEW YORK |

**MRLP**
McCalla Raymer Leibert Pierce, LLC

420 Lexington Avenue, Suite 840
New York, New York 10170
(347) 286-7409
**www.mccalla.com**

May 8, 2017

*Via CM/ECF only*
Hon. Kenneth M. Karas, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street, Room 533
White Plains, NY 10601

           Re:   Nicole Johnson-Gellineau v. Stiene & Associates, P.C., et al.
                 Civil Action No.: 7:16-cv-09945-KMK

Dear Judge Karas:

This firm represents Defendants, JPMorgan Chase Bank, National Association ("Chase") and Wells Fargo Bank National Association, as Trustee for Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass Through Certificates ("WFBNA," and collectively with Chase, the "Bank Defendants"), in this matter. The purpose of this letter-motion is to request that the Court schedule a pre-motion conference to discuss the Bank Defendants' proposed pre-answer motion to dismiss the First Amended Complaint (the "AC") filed by Plaintiff, Nicole Johnson-Gellineau ("Plaintiff"), pursuant to Fed. R. Civ. P. ("FRCP") 12(b)(6). In accordance with Your Honor's Individual Practice II.A, this letter will set forth the basis for the Bank Defendants' anticipated motion.

Plaintiff originally brought this action alleging several violations of the Fair Debt Collection Practices Act ("FDCPA") against the Bank Defendants and Defendants, Stiene & Associates, P.C., Ronni Ginsberg, Esq., and Christopher Virga, Esq. (collectively, the "Attorney Defendants"), the attorneys who allegedly acted on behalf of the Bank Defendants in the related foreclosure action against Plaintiff before the Supreme Court of the State of New York, Dutchess County, titled, *Wells Fargo Bank National Association, as Trustee for Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass Through Certificates v. Nicole Johnson, et al.*, Index No. 3344/2013 (the "Foreclosure Action"). WFBNA is the plaintiff in the Foreclosure Action, and Chase services the mortgage loan that is the subject of the Foreclosure Action on behalf of WFBNA. *See* Complaint, ¶ 32 and Exhs. A and D.

Both the Bank Defendants and the Attorney Defendants filed pre-answer motions to dismiss the original Complaint, pursuant to FRCP 12(b)(6). On March 29, 2018, the Court issued an Opinion



| | |
|---|---|
| ALABAMA | ILLINOIS |
| CALIFORNIA | MISSISSIPPI |
| CONNECTICUT | NEVADA |
| FLORIDA | NEW JERSEY |
| GEORGIA | NEW YORK |

420 Lexington Avenue, Suite 840
New York, New York 10170
(347) 286-7409
**www.mccalla.com**

& Order (the "Dismissal Opinion"), granting the Bank Defendants' motion in its entirety.[1] The Court found that on the facts alleged by Plaintiff, in addition to the documents she attached to the Complaint and information/documents submitted by Chase of which the Court could take judicial notice, neither WFBNA nor Chase could be considered "debt collectors" under the FDCPA, warranting a dismissal of the action against them. Notwithstanding, the Court permitted Plaintiff thirty (30) days to file an amended complaint in an effort to correct the deficiencies identified in the Dismissal Opinion. On April 30, 2018, Plaintiff filed the AC, again alleging FDCPA violations by the Bank Defendants and the Attorney Defendants.

Based on the allegations, purported legal analysis, and claims asserted by Plaintiff in the AC, it is very clear that she has misapprehended the import of the Court's prior ruling as to viability of her FDCPA claims against the Bank Defendants. Indeed, Plaintiff primarily pursues the exact same "debt collection without a creditor" theory against WFBNA that this Court already rejected. To pursue that same theory, again, Plaintiff advances additional allegations regarding the purported securitization and transfer of the loan, which, aside from being largely incoherent, would not alter the Court's previous well-founded conclusion that the trustee stands in the shoes of the trust and is the creditor entity under these circumstances. *See* Dismissal Opinion at p. 26. Nor would it alter the Court's prior conclusion that Wells Fargo acquired the debt prior to Plaintiff's default, supported by the loan modification agreement signed by Plaintiff establishing that fact.[2]

Aside from failing to adequately address the fatal defects as to WFBNA, Plaintiff has not even attempted to address the Court's previous conclusion that Chase qualifies for an exception to "debt collector" status under the FDCPA because Chase began servicing Plaintiff's loan prior to her default. Nothing alleged by Plaintiff in the AC even broaches that issue. Instead, as to Chase, Plaintiff regurgitates the same allegations from the original Complaint, namely that Chase sent her various monthly mortgage statements in 2016 in its capacity as loan servicer for WFBNA. But Chase's conduct in 2016 is immaterial to the legal question of whether Chase is a "debt collector" under the FDCPA – this Court found that Chase began servicing the loan in 2006 prior to Plaintiff's default, and therefore it is not.

Though the Court's inquiry need go no further, given the extent to which Plaintiff now focuses on the purported securitization and transfer of her loan, the AC is ironically subject to dismissal for an additional reason beyond why the original Complaint was subject to dismissal. In other words, instead of correcting deficiencies in the original pleading, as the Court gave her an opportunity to

---

[1] The Court reserved a decision on the Attorney Defendants' motion, pending the outcome of another matter presently before the Second Circuit.

[2] Simply by alleging that WFBNA is a "sham trust" (AC, ¶ 36), Plaintiff cannot change the inescapable reality that she entered into a loan modification agreement with WFBNA yet is still asking the Court to accept, implausibly, that WFBNA is not the entity to whom she owes her debt.



| | |
|---|---|
| ALABAMA | ILLINOIS |
| CALIFORNIA | MISSISSIPPI |
| CONNECTICUT | NEVADA |
| FLORIDA | NEW JERSEY |
| GEORGIA | NEW YORK |

420 Lexington Avenue, Suite 840
New York, New York 10170
(347) 286-7409
**www.mccalla.com**

do, Plaintiff has shifted into reverse and actually increased the number of fatal defects. In particular, Plaintiff's conspiracy theory themed recitation of the purported securitization and transfer of her loan (AC, ¶¶ 17-36), and conclusion that an "unnamed investor" is the owner of her loan (AC, ¶¶ 34-39), are nothing more than a thinly veiled attempt to challenge in this Court which entity has the right to enforce an interest in her loan – the exact type of borrower challenge the Second Circuit firmly rejected in *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79 (2d Cir. 2014). In that case, the Second Circuit held that borrowers such as Plaintiff lacked Article III and prudential standing to assert these challenges in federal court, under the sound reasoning that borrowers have no actual or concrete injury stemming from any deficiencies in the transfers of their mortgage loans. *Rajamin* has been followed numerous times by this Court and its sister courts,[3] and should act as a bar to the type of substantive challenge Plaintiff asserts in the AC, irrespective of whether she has advanced the challenge under the guise of an FDCPA claim.

These arguments and others not expressly set forth in this letter-motion (due to page constraints) form the basis of the Bank Defendants' anticipated motion to dismiss the AC. Accordingly, the Bank Defendants respectfully request that the Court schedule another pre-motion conference to address their desire to respond to the AC with a motion to dismiss. The Bank Defendants further respectfully request that Plaintiff be required to sufficiently explain at the conference how her pleading of the FDCPA claims in the AC serves to correct the prior deficiencies identified by the Court in the Dismissal Opinion, before they are forced to incur further expense in bringing another dispositive motion.

Please have Your Honor's Chambers contact me if there are any questions or concerns. We thank the Court for its courtesies.

                              Respectfully submitted,
                              McCalla Raymer Leibert Pierce, LLC

                              By:   /s/ Brian P. Scibetta
                                    Brian P. Scibetta, Esq.

cc:    via CM/ECF only:    Matthew J. Bizzaro, Esq. (counsel for the Attorney Defendants)
       via FedEx:               Nicole Johnson-Gellineau, *pro se*

---

[3] *See, e.g., Le Bouteiller v. Bank of New York*, No. 14 Civ. 6013, 2015 WL 5334269, at *4-6 (S.D.N.Y. Sept. 11, 2015); *Suarez v. Bank of New York*, No. 14 Civ. 4246, 2015 WL 6128714, at *3 (S.D.N.Y. Oct. 19, 2015); *Ocampo v. JPMorgan Chase Bank*, 93 F. Supp.3d 109, 115-17 (E.D.N.Y. 2015).