# MEMO ENDORSED



Nicole Johnson-Gellineau
Consumer-Plaintiff
149 Wilkes Street
Beacon, New York 12508

May 14, 2018

Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street, Room 533
White Plains, NY 10601

>        Re:    Nicole Johnson-Gellineau v. Stiene & Associates, P.C., et al.
>               Civil Action No.: 7:16-cv-09945-KMK

Dear Judge Karas,

Please accept this my response to Mr. Scibetta's pre-motion letter anticipating requesting permission to file a FRCP 12(b)(6) motion re my First Amended Complaint ("FAC") as to Wells Fargo and Chase ("Bank Defendants"). Wells Fargo is a trustee and Chase is a non-bank servicer for an unnamed investor. They are not banks that offered or extended credit creating the debt.

In its Opinion and Order ("O&O"), Doc. No. 55, the Court's well-founded dismissal regarding the Bank Defendants largely hinged on the determination that it was not plausibly pled that Wells Fargo acquired the debt in default, and that it was not sufficiently pled that the Bank Defendants are debt collectors in the first place. The dismissal was without prejudice to filing an amended complaint to address those deficiencies.

Based on thirty days' research, I have addressed all the defects which resulted in the dismissal against the Bank Defendants. With respect to my debt, Wells Fargo acquired the debt after default based on actual events described, not simply language in the mortgage.[1] Chase in turn received and acquired the right to collect on behalf of Wells Fargo after default, ¶ 26. Bank Defendants are indeed debt collectors in the first place based on the huge volume of regular collection of debts for third parties, and as their post-default-trust business described in detail. (See generally FAC, and ¶¶ 29, 51.) As distinguished from a statutory trust, or a trustee of a corporation or in bankruptcy, every pertinent trust described in the FAC (¶ 18) is specifically not an independent corporation or juridical *person*, 15 U.S.C.

---

[1] In an attempt to establish that Wells Fargo acquired the debt prior to default, Mr. Scibetta refers to a purported loan modification agreement with Wells Fargo which cannot be considered in that it is outside the FAC, is generally inconsistent with the FAC, and specifically inconsistent with ¶ 60 ("Plaintiff has made no agreement with Wells Fargo or any person acting on Wells Fargo's behalf.").

§ 1692a(4), that a trustee can stand in the shoes of to be my creditor under the FDCPA. I didn't allege any foreclosure action mentioned by Mr. Scibetta, and I only attached and rely on two exhibits in drafting the FAC, a letter and monthly statements Chase mailed to me.

The Court already decided that Chase began servicing the debt *for Wells Fargo* when Wells Fargo acquired transfer of the debt, see O&O, p. 30 ("Chase attempted to collect a debt 'owed or due another'—Wells Fargo—it argues that it did so 'concern[ing] a debt which was not in default at the time it was obtained by such person,' and thus is not a debt collector.") However, in the FAC, (e.g., ¶¶ 26-28) Wells Fargo acquired the debt in default based on actual events described.

Mr. Scibetta is perturbed that my claim in the FAC is the same as before and argues that I should have to explain myself. My addressing the same claims addresses the deficiencies noted by the Court. The Court's O&O was remarkably clear, to wit:

> [Plaintiff] argues that Wells Fargo, while the owner of the Note and Mortgage and the entity to whom she owed money, was not a "creditor" under the FDCPA because it acquired her debt after she defaulted, and she requests damages for Defendants' failure to inform her of that fact in their communications with her when attempting to collect her debt. *If Plaintiff prevails on that claim, the Court would have to find that Wells Fargo is not a "creditor" under the FDCPA*

O&O, p. 18 (emphasis added). Rather it is Mr. Scibetta who should explain and demonstrate that the FAC is not now sufficient to state a claim upon which relief can be granted, which ground he failed to mention in his pre-motion letter.

Instead, he cites to *Rajamin*, 757 F.3d 79 (2d Cir. 2014), which explains an unrelated pool securitization and the intention of third parties to pooling and servicing agreements, governed by New York law, that Deutsche Bank as trustee would become the legal owner and holder of the notes and security instruments in that case. But it is axiomatic that not every trust is a pool securitization according to a pooling and servicing agreement in legal contemplation, and the FDCPA recognizes that debt collectors such as Bank Defendants acquire consumer debts in default. Circuit law in *Romea, Hart,* and *Carlin* [2] applies to the effect that regardless of the subjective intention of parties to a trust under New York law, a debt collector must also comply with the FDCPA per *Romea* ("It is the provisions of the FDCPA that by and of themselves determine what debt collection activities are improper under federal law."). Debt collectors (and creditors in the circumstances described in the FAC) are liable to the consumer for violations. As alleged in the FAC, (e.g., ¶ 32) Mr. Scibetta is asserting a version of a story he has been told, but which is outside of, and conflicts with, the factual account in the FAC.

---

[2] *Romea v. Heiberger & Assoc.*, 163 F.3d 111 (2d Cir. 1998); *Hart v. FCI Lender Services, Inc.*, 797 F.3d 219 (2d Cir. 2015); *Carlin v. Davidson Fink LLP*, 15-3105 (2d Cir. 2017).

Mr. Scibetta's fatalistic analysis of the FAC, that I have increased the number of "fatal defects" as he says, has no merit, and his use of the words "conspiracy theory" in reference to my FAC should be stricken as scandalous matter. I never said the trusts were unlawful or the behavior of the trustees was an unlawful conspiracy.[3] I alleged the opposite. I embrace the trusts and their almost limitless utility, zero tax liability per IRS instructions, and I embrace the alleged transfers and assignment of the Note and Mortgage ultimately to Wells Fargo on February 22, 2010.

Mr. Scibetta's resort to *Rajamin* and similar cases in an attempt to manufacture a challenge to Plaintiff's standing to sue under the FDCPA is "*déjà vu* all over again." His previous challenge similarly based on issue preclusion and the Rooker-Feldman doctrine was ruled inapposite, and now his invoking *Rajamin*[4] on the same-sounding theme is similarly futile and a waste of this Court's time and resources. Mr. Scibetta cannot demonstrate that I alleged a lack of compliance with provisions of any assignment agreements or that any transfers of mortgage loans were defective or deficient in any way. I simply alleged that my Note was NOT deposited into the Pass-Through Trust by any Pooling and Servicing Agreement (FAC, ¶ 20). *His straw issue of which entity (Wells Fargo) has the right to enforce an interest in my loan is not at issue here, but whether Wells Fargo can enforce an interest— communicating through its attorneys, to prohibited third parties, information regarding the same debt Chase is also trying to collect from me directly— without Defendants incurring liability under the FDCPA, is at issue.*

I oppose a pre-motion conference as unnecessary because Mr. Scibetta's pre-motion letter has no merit and Bank Defendants should serve their answer to the FAC.

The Court will hold a pre-motion conference on July 25, 2018, at 2:30.

So Ordered

MK

5/16/18

Respectfully submitted,

Nicole Johnson-Gellineau, Consumer-Plaintiff
149 Wilkes Street
Beacon, New York 12508
Cell: 646-456-1151
nikkigelly@gmail.com

---

[3] I never said that any alleged trust is a sham trust. See FAC, n.8; ¶¶ 35-36. I meant that, alternatively, if Defendants insist on pleading that a trustee is the beneficiary or similar type of violation of the merger doctrine, or if Wells Fargo is acting as nominee in both capacities, that it would be a sham trust anticipating that, in discovery, Bank Defendants would fully demonstrate the diversity of parties to the trusts and, in any event, would be deceptive and misleading to a *pro se* consumer.

[4] *Rajamin* is about a plaintiff's challenges to defendants' (a) ownership of plaintiffs' loans and mortgages, (b) right to collect and receive payment on the loans, and (c) right to commence or authorize the commencement of foreclosure proceedings where payments have not been made or received on the ground, inter alia, *that there was a lack of compliance with provisions of the assignment agreements.*