UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NICOLE JOHNSON-GELLINEAU,

                Plaintiff,

          -against-

STIENE & ASSOCIATES, P.C.; CHRISTOPHER
VIRGA, ESQ.; RONNI GINSBERG, ESQ.;
JPMORGAN CHASE BANK NATIONAL
ASSOCIATION; WELLS FARGO BANK
NATIONAL ASSOCIATION, As Trustee For
Carrington Mortgage Loan Trust, Series 2007-FRE1,
Asset-Backed Pass-Through Certificates,

                Defendants.
------------------------------------------------------------------X

Case No.:16-CV-9945 (KMK)

**ANSWER TO FIRST
AMENDED COMPLAINT**

       Defendants, Stiene & Associates, P.C. (the "Firm"), Christopher Virga, Esq. and Ronni Ginsberg, Esq. (collectively, the "Attorney Defendants"), by their attorneys, L'Abbate, Balkan, Colavita & Contini, L.L.P., as and for its answer to the First Amended Complaint (the "Amended Complaint") of the plaintiff, Nicole Johnson-Gellineau ("Plaintiff"), set forth as follows:

       1.    Deny each and every allegation contained in paragraph designated "1" of the Amended Complaint, and refer all questions of law to the Court for a determination of same.

       2.    Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "2" of the Amended Complaint, and refer all questions of law to the Court for a determination of same.

       3.    Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "3" of the Amended Complaint, and refer all questions of law to the Court for a determination of same.

4. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "4" of the Amended Complaint, and refer all questions of law to the Court for a determination of same.

5. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "5" of the Amended Complaint, and refer all questions of law to the Court for a determination of same.

6. Admit the allegations contained in paragraph designated "6" of the Amended Complaint.

7. Deny each and every allegation contained in paragraph designated "7" of the Amended Complaint, except admit that Mr. Virga was an associate of the Firm, and refer the Court to the LinkedIn page for a complete and accurate statement of its contents.

8. Deny each and every allegation contained in paragraph designated "8" of the Amended Complaint, except admit that Mr. Virga was an associate of the Firm, and refer the Court to the LinkedIn page for a complete and accurate statement of its contents.

9. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "9" of the Amended Complaint.

10. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "10" of the Amended Complaint.

11. Deny each and every allegation contained in paragraph designated "11" of the Amended Complaint, except admit that the Firm represented Wells Fargo Bank N.A., as Trustee for the Certificate holders of Carrington Mortgage Loan Trust, Series 2007-FRE1 Asset-Backed Pass-Through Certificates in a foreclosure action pertaining to the premises located at 149 Wilkes Street, Beacon, New York 12508 (the "Foreclosure Action").

12. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "12" of the Amended Complaint, and refer all questions of law to the Court for a determination of same.

13. With respect to paragraph designated "13" of the Amended Complaint, the Attorney Defendants herein repeat, reiterate and reallege each and every denial and admission set forth in paragraphs designated "1" through "13" above with the same force and effect as if set forth at length herein.

14. Deny each and every allegation contained in paragraph designated "14" of the Amended Complaint, and refer all questions of law to the Court for a determination of same.

15. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "15" of the Amended Complaint, refer the Court to the original Note for a complete and accurate statement of its terms and refer all questions of law to the Court for a determination of same.

16. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "16" of the Amended Complaint, and refer the Court to the original Note for a complete and accurate statement of its terms.

17. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "17" of the Amended Complaint, and refer all questions of law to the Court for a determination of same.

18. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "18" of the Amended Complaint, and refer all questions of law to the Court for a determination of same.

19. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "19" of the Amended Complaint.

20. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "20" of the Amended Complaint.

21. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "21" of the Amended Complaint.

22. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "22" of the Amended Complaint.

23. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "23" of the Amended Complaint, except admit that Plaintiff defaulted on her payments due under the note and mortgage, and refer the Court to the originals of the referenced documents for a complete and accurate statement of their contents.

24. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "24" of the Amended Complaint, and refer the Court to the original assignment of mortgage for a complete and accurate statement of its contents.

25. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "25" of the Amended Complaint.

26. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "26" of the Amended Complaint.

27. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "27" of the Amended Complaint, and refer all questions of law to the Court for a determination of same.

28. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "28" of the Amended Complaint.

29. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "29" of the Amended Complaint, and refer all questions of law to the Court for a determination of same.

30. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "30" of the Amended Complaint.

31. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "31" of the Amended Complaint.

32. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "32" of the Amended Complaint.

33. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "33" of the Amended Complaint.

34. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "34" of the Amended Complaint, and refer all questions of law to the Court for a determination of same.

35. Deny each and every allegation contained in paragraph designated "35" of the Amended Complaint.

36. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "36" of the Amended Complaint, and refer all questions of law to the Court for a determination of same.

37. With respect to paragraph designated "37" of the Complaint, the Attorney Defendants refer all questions of law to the Court for a determination of same.

38. With respect to paragraph designated "38" of the Complaint, the Attorney Defendants refer all questions of law to the Court for a determination of same.

39. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "39" of the Amended Complaint, and refer all questions of law to the Court for a determination of same.

40. With respect to paragraph designated "40" of the Amended Complaint, the Attorney Defendants refer all questions of law to the Court for a determination of same.

41. Deny each and every allegation contained in paragraph designated "41" of the Amended Complaint.

42. Deny each and every allegation contained in paragraph designated "42" of the Amended Complaint, and refer all questions of law to the Court for a determination of same.

43. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "43" of the Amended Complaint.

44. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "44" of the Amended Complaint.

45. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "45" of the Amended Complaint.

46. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "46" of the Amended Complaint, except admit that the Attorney Defendants were not directed to cease contact with Plaintiff.

47. Deny each and every allegation contained in paragraph designated "47" of the Amended Complaint.

48. Deny each and every allegation contained in paragraph designated "48" of the Amended Complaint, except admit that Mr. Virga sent a notice to the Supreme Court, Dutchess County in connection with the Foreclosure Action, and refer the Court to the original notice for a complete and accurate statement of its contents.

49. Deny each and every allegation contained in paragraph designated "49" of the Amended Complaint, except admit that Ms. Ginsberg sent a notice to the Supreme Court, Dutchess County in connection with the Foreclosure Action, and refer the Court to the original notice for a complete and accurate statement of its contents.

50. Deny each and every allegation contained in paragraph designated "50" of the Amended Complaint.

51. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "51" of the Amended Complaint.

52. Deny each and every allegation contained in paragraph designated "52" of the Amended Complaint, except admit that the Firm commenced foreclosure actions in 2007 through and including 2016, and that Mr. Virga and Ms. Ginsberg worked on certain of those foreclosure actions.

53. Deny that the Attorney Defendants violated the Fair Debt Collection Practices Act, and admit that Plaintiff was not represented by counsel in the Foreclosure Action and is not currently represented by counsel.

54. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "54" of the Amended Complaint, and refer all questions of law to the Court for a determination of same.

55. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "55" of the Amended Complaint.

56. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "56" of the Amended Complaint, except admit that Plaintiff does not have an escrow arrangement with the Attorney Defendants.

57. With respect to paragraph designated "57" of the Complaint, the Attorney Defendants refer all questions of law to the Court for a determination of same.

58. Deny each and every allegation contained in paragraph designated "58" of the Amended Complaint.

59. Deny each and every allegation contained in paragraph designated "59" of the Amended Complaint.

60. Deny each and every allegation contained in paragraph designated "60" of the Amended Complaint.

61. Deny each and every allegation contained in paragraph designated "61" of the Amended Complaint, and refer all questions of law to the Court for a determination of same.

## ANSWERING COUNT I

62. With respect to paragraph designated "62" of the Amended Complaint, the Attorney Defendants herein repeat, reiterate and reallege each and every denial and admission set forth in paragraphs designated "1" through "61" above with the same force and effect as if set forth at length herein.

63. Deny each and every allegation contained in paragraph designated "63" of the Amended Complaint.

64. Deny each and every allegation contained in paragraph designated "64" of the Amended Complaint.

65. Deny each and every allegation contained in paragraph designated "65" of the Amended Complaint.

66. Deny each and every allegation contained in paragraph designated "66" of the Amended Complaint.

67. Deny each and every allegation contained in paragraph designated "67" of the Amended Complaint.

68. Deny each and every allegation contained in paragraph designated "68" of the Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

69. Plaintiff has failed to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

70. To the extent Plaintiff seeks to recover damages and/or penalties for acts and/or omissions occurring more than one year prior to the date the Amended Complaint was filed, or seek to recover attorneys' fees based upon acts occurring more than one year prior to the

filing of the Amended Complaint, the Attorney Defendants raise the expiration of the Statute of Limitations as a bar to such action.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

71.  Any violations alleged by Plaintiff, which violations are specifically denied by the Attorney Defendants herein, were not intentional and resulted, if at all, from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

72.  The damages allegedly sustained by Plaintiff, as alleged in the Amended Complaint, were sustained in whole or in part by the negligence, recklessness and/or culpable conduct of Plaintiff.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

73.  Plaintiff's damages, if any sustained from intervening acts of third parties over whom the Attorney Defendants exercise no control.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

74.  Plaintiff's claims are barred by the doctrines of collateral estoppel and/or res judicata.

**WHEREFORE**, Defendants, Stiene & Associates, P.C., Christopher Virga, Esq. and Ronni Ginsberg, Esq., demand judgment dismissing the Amended Complaint, together with

the costs and disbursements of this action, plus such other and further relief as this Court may deem just and proper.

Dated: Garden City, New York
       June 27, 2018

Yours, etc.,
L'ABBATE, BALKAN, COLAVITA
& CONTINI, L.L.P.

By: _____
    Matthew J. Bizzaro, Esq.
    Attorneys for Defendants
    *Stiene & Associates, P.C., Christopher*
    *Virga, Esq. and Ronni Ginsberg, Esq.*
    1001 Franklin Avenue, 3rd Floor
    Garden City, NY 11530
    (516) 294-8844

TO: Nicole Johnson-Gellineau
    149 Wilkes Street
    Beacon, NY 12508
    (646) 456-1151

    Brian P. Scibetta, Esq.
    Buckley Madole, P.C.
    Attorneys for Defendants
    *JPMorgan Chase Bank and*
    *Wells Fargo Bank*
    99 Wood Avenue South, Suite 803
    Iselin, NJ 08830
    (732) 692-6820

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NASSAU       )

       DENISE MITCHELL, being duly sworn, deposes and says that deponent is not a party to the within action, is over 18 years of age and resides in Nassau County, New York.

       That on the 27th day of June, 2018, deponent served the within **ANSWER TO FIRST AMENDED COMPLAINT** upon:

> Nicole Johnson-Gellineau
> 149 Wilkes Street
> Beacon, NY 12508

the respective party(ies) in this action, at the above address(es) designated by said party(ies) for that purpose by depositing same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

_/s/ Denise Mitchell_
DENISE MITCHELL

Sworn to before me this
27th day of June, 2018.

_/s/ Miranda A. Joe_
Notary Public

MIRANDA A. JOE
Notary Public, State of New York
No. 01JO6158380
Qualified in Nassau County
Commission Expires January 2, 2019