UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NICOLE JOHNSON-GELLINEAU,                          Case No.: 16-cv-9945

                              Plaintiff,

        -against-

STIENE & ASSOCIATES, P.C.; CHRISTOPHER
VIRGA, ESQ.; RONNI GINSBERG, ESQ.;
JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION; WELLS FARGO BANK
NATIONAL ASSOCIATION, AS TRUSTEE FOR
CARRINGTON MORTGAGE LOAN TRUST,
SERIES 2007-FRE1, ASSET-BACKED
PASS-THROUGH CERTIFICATES;

                              Defendants.
-------------------------------------------------------------------X


## MEMORANDUM OF LAW


L'ABBATE, BALKAN, COLAVITA & CONTINI, L.L.P.
Attorneys for Defendants
*Stiene & Associates, P.C., Ronni Ginsberg, Esq. and*
*Christopher Virga, Esq.*
1001 Franklin Avenue
Garden City, New York 11530
(516) 294-8844

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................. 1

GOVERNING STANDARD..................................................................................... 2

POINT I

    PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM
    THAT THE ATTORNEY DEFENDANTS ATTEMPTED
    TO COLLECT A DEBT WITHOUT A CREDITOR ....................................................... 3

POINT II

    COMMUNICATIONS SUBMITTED BY ATTORNEYS TO
    THE COURT DURING AN ONGOING LITIGATION DO
    NOT FALL WITHIN THE PURVIEW OF SECTION
    1692c(b)................................................................................................. 6

POINT III

    PLAINTIFF CONSENTED TO THE ATTORNEY
    DEFENDANTS' SUBMISSION OF THE NOTICE OF
    HEARING AND THE MOTION TO THE COURT
    AND/OR THE ATTORNEY DEFENDANTS WERE
    PERMITTED TO SUBMIT SAME ................................................................. 10

POINT IV

    THE ATTORNEY DEFENDANTS' SUBMISSIONS OF
    THE NOTICE OF HEARING AND MOTION WERE
    REASONABLY NECESSARY TO EFFECTUATE A
    POSTJUDGMENT JUDICIAL REMEDY ......................................................... 13

CONCLUSION.................................................................................................. 15

i

## TABLE OF AUTHORITIES

Case     Page

*Achtman v. Kirby, McInerney & Squire, LLP*,
    464 F.3d 328 (2d Cir. 2006) ...................................................................3

*Acosta v. Campbell*,
    2009 WL 190089 (11th Cir. 2009) ..........................................................7

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).........................3

*Augustus v. Brookdale Hosp. Medical Center*,
    2015 WL 5655709 (E.D.N.Y. 2015) .....................................................10

*Bigsby v. Barclays Capital Real Estate, Inc.*,
    298 F.Supp.3d 708 (S.D.N.Y. 2018) .......................................................5

*Brass v. Am. Film Tech., Inc.*,
    987 F.2d 142 (2d Cir. 1993) ...................................................................3

*Cohen v. Wolpoff & Abramson, LLP*,
    2008 WL 4513569 (D.N.J. 2008) ............................................................8

*Cortec Industries, Inc. v. Sum Holding L.P.*,
    949 F.2d 42 (2d Cir. 1991) .........................................................10, 11, 12

*Gallagher v. Int'l Broth of Elec. Workers*,
    127 F.Supp.2d 139 (N.D.N.Y. 2000).....................................................3, 4

*Heintz v. Jenkins*,
    514 U.S. 291, 115 S.Ct. 1489, 131 L.ed.2d 395 (1995) ..........................8

*Henson v. Santander Consumer USA Inc.*,
    137 S.Ct. 1718, 198 L.Ed 177, 85 USLW 4346 (2017) ........................5, 6

*Hunt v. Arthur Kill Correctional Facility*,
    2012 WL 7658364 (E.D.N.Y. 2012) .....................................................10

*Kramer v. Time Warner Inc.*,
    937 F.2d 767 (2d Cir. 1991) .................................................................14

*Le Bouteiller v. Bank of New York Mellon*,
    2015 WL 5334269 (S.D.N.Y. 2015)........................................................5

*Maynard v. Cannon, P.C.*,
  650 F.Supp.2d 1138 (E.D.N.C. 2008) ............................................................7

*McCarthy v. Dun & Bradstreet Corp.*,
  482 F.3d 184 (2d Cir. 2007) .........................................................................2

*Missionary Sisters of Sacred Heart, Inc. v. Dowling*,
  182 Misc.2d 1009 (Civ. Ct. New York Co. 1999)............................................7

*Obal v. Deutsche Bank Nat. Trust Co.*,
  2015 WL 631404 (S.D.N.Y. 2015).................................................................5

*Owoh v. Sena*,
  2018 WL 1221164 (D.N.J. 2018) ................................................................14

*Pani v. Empire Blue Cross Blue Shield*,
  152 F.3d 67 (2d Cir.1998) ..........................................................................14

*Parker v. Waichman LLP v. Gilman LLP*,
  2013 WL 3863928 (E.D.N.Y. 2013) ..............................................................3

*Rajamin v. Deutche Bank Nat'l Trust Co.*,
  757 F.3d 79 (2d Cir. 2014) .......................................................................4, 5

*Sira v. Morton*,
  380 F.3d 57 (2d Cir. 2004) ..........................................................................3

*Skimek v. Weissman, Nowack, Curry & Wilco, P.C.*,
  374 F.3d 1011 (11th Cir. 2004) ....................................................................7

*Smart v. Goord*,
  441 F.Supp.2d 631 (S.D.N.Y. 2006) .............................................................3

*Stewart v. Transp. Workers Union of Greater New York, Local 100*,
  561 F.Supp.2d 429 (S.D.N.Y.2008) ............................................................14

*Thompson v. Diversified Adjustment Service, Inc.*,
  2013 WL 3973976 (S.D. Texas 2013)............................................................7

*U.S. ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.*,
  152 F.Supp.2d 443 (S.D.N.Y. 2001) .............................................................3

*United States ex rel. Anti-Discrimination Ctr. of Metro New York , Inc. v. Westchester Co., New York*,
  495 F.Supp.2d 375 (S.D.N.Y. 2007) .............................................................3

*Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC,*
   127 F.Supp.3d 156 (S.D.N.Y. 2015) ......................................................................14

*Wilson v. Limited Brands, Inc.,*
   2009 WL 1069165 (S.D.N.Y. 2009) .......................................................................14

Rules

CPLR 321(a) ...........................................................................................................13
Rule 12(c) of the Federal Rules of Civil Procedure .......................................1, 2, 3, 14

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of the motion of defendants, Stiene & Associates, P.C. (the "Firm"), Christopher Virga, Esq., and Ronni Ginsberg, Esq. (collectively, the "Attorney Defendants") seeking an Order pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("FRCP"), granting them judgment on the pleadings, and dismissing the claims asserted against them by the plaintiff, Nicole Johnson-Gellineau ("Plaintiff").

In her Amended Complaint (the "Amended Complaint"), Plaintiff alleges that the Attorney Defendants violated Sections 1692c(b) and (e) of the Fair Debt Collection Practices Act ("FDCPA") by submitting to the Supreme Court, Dutchess County: (i) a Notice of Hearing & Referee's Oath & Report dated December 24, 2015 (the "Notice of Hearing"); and (ii) a motion seeking a judgment of foreclosure and sale dated March 17, 2016 (the "Motion"). *See*, DE-58, paragraphs "47" though "50."

Initially, Plaintiff's allegations regarding the alleged violations of Section 1692e are based upon the same unfounded theory that the Attorney Defendants sought to collect a debt without a "creditor" (as defined under the FDCPA), which was previously and properly rejected by this Court. *See*, DE-55, p. 26. Moreover, the allegations in the Amended Complaint are purely speculative, contradicted by the relevant case law, and do not alter this Court's proper finding that: (i) the trustee stands in the shoes of the trust and is the creditor under these circumstances; and (ii) Wells Fargo acquired the debt before Plaintiff's default. *See*, Point I below.

In addition, the legislative intent behind the enactment of Section 1692c(b) was not to prevent attorneys from submitting necessary and/or required documents to the Court during an ongoing litigation. *See*, Point II below. In fact, if Plaintiff is permitted to proceed on this theory

1

of liability, any time a debtor disputed a debt, the attorney representing a debt collector in a lawsuit would be barred from filing any documents with the Court on behalf of his/her client, *i.e.*, complaints, requests for preliminary conferences, motions, opposition to motions, orders with notice of entry, stipulations, etc. This would be an absurd result, as it would bar attorneys from acting as zealous advocates on behalf of their clients every time a debtor challenged a debt, and cause most debt collection lawsuits to come to a halt.

Furthermore, even if Section 1692c(b) did cover submissions of documents by attorneys to a court during an ongoing litigation, the claims asserted against the Attorney Defendants should nonetheless be dismissed since Plaintiff consented to the Attorney Defendants transmitting the Notice of Hearing and Motion to the Court  and/or the Attorney Defendants had the permission of the Court to submit same. *See*, Point III.

Finally, even if the submission of the Notice of Hearing and the Motion did fall within the scope of Section 1692c(b), Plaintiff did not consent to the transmission of these documents, and the Attorney Defendants did not have permission to submit same, Plaintiff's claims still fail, since the submission of the Notice of Hearing and Motion were "reasonably necessary to effectuate  a postjudgment judicial remedy." *See*, Point IV.

As a result of the foregoing, and as discussed more fully below, it is respectfully submitted that the claims asserted against the Attorney Defendants in the Amended Complaint be dismissed in their entirety.

## GOVERNING STANDARD

A trial court considering a Rule 12(c) motion must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *See, McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184 (2d Cir. 2007). It is well

settled, however, that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." *See, Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328 (2d Cir. 2006); *United States ex rel. Anti-Discrimination Ctr. of Metro New York, Inc. v. Westchester Co., New York*, 495 F.Supp.2d 375 (S.D.N.Y. 2007).

Although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions" thus "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See, Parker v. Waichman LLP v. Gilman LLP*, 2013 WL 3863928 (E.D.N.Y. 2013), *citing Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Additionally, when deciding a Rule 12(c) motion for judgment on the pleadings, a court may also consider the factual allegations in the complaint, documents attached to the complaint as an exhibit or incorporated by reference, matters of which judicial notice may be taken, or to documents either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit. *See, Brass v. Am. Film Tech., Inc.*, 987 F.2d 142 (2d Cir. 1993); *Sira v. Morton*, 380 F.3d 57 (2d Cir. 2004); *see also, Smart v. Goord*, 441 F.Supp.2d 631 (S.D.N.Y. 2006); *U.S. ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.*, 152 F.Supp.2d 443 (S.D.N.Y. 2001); *Gallagher v. Int'l Broth of Elec. Workers*, 127 F.Supp.2d 139 (N.D.N.Y. 2000).

For the reasons set forth below, it is respectfully submitted that the claims asserted against the Attorney Defendants in the Amended Complaint be dismissed in their entirety.

## POINT I

### PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM THAT THE ATTORNEY DEFENDANTS ATTEMPTED TO COLLECT A DEBT WITHOUT A CREDITOR

Plaintiff's allegation that the Attorney Defendants sought to collect a debt without a creditor was previously rejected by this Court. *See*, DE-55, p. 26.

3

This Court also properly determined that the trustee stands in the shoes of the trust and is the creditor under these circumstances. *Id.*

Finally, this Court correctly determined that Plaintiff failed to plausibly allege that Wells Fargo Bank National Association, as Trustee for Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass Through Certificates ("Wells Fargo") acquired the debt after Plaintiff's default, and as a result, did not allege that Wells Fargo was acting as a debt collector. *Id.*, pp. 27-28.

Plaintiff's amended complaint does not correct the foregoing deficiencies, and Plaintiff still fails to plausibly allege that either Wells Fargo or JPMorgan Chase Bank, National Association ("Chase") are debt collectors and not creditors, as defined under the FDCPA.

Instead, Plaintiff's claims now focus on the alleged securitization and transfer of the loan, and the allegations that an "unnamed investor" is the owner of the loan. *See,* DE-58, paragraphs "17" through "36" and "34" through "39." These allegations constitute an improper attempt by Plaintiff to challenge in this Court which entity has the right to enforce an interest in her loan. This type of claim was expressly rejected by the Second Circuit Court of Appeals in *Rajamin v. Deutche Bank Nat'l Trust Co.*, 757 F.3d 79 (2d Cir. 2014).

In *Rajamin*, the plaintiffs challenged the defendants': (a) ownership of plaintiffs' loans and mortgages, (b) right to collect and receive payment on the loans, and (c) right to commence or authorize the commencement of foreclosure proceedings where payments have not been made or received…, on the ground, *inter alia*, that there was a lack of compliance with provisions of the assignment agreements. *Id.* at 82. The Court rejected these claims and determined that the plaintiffs lacked standing under Article III and prudential standing to assert these challenges in

federal court on the grounds that they lacked any actual or concrete injuries stemming from any deficiencies in the transfers of their mortgage loans.

Subsequent decisions in the Southern District have followed *Rajamin's* decision, along with the rationale for same. *See, Bigsby v. Barclays Capital Real Estate, Inc.*, 298 F.Supp.3d 708 (S.D.N.Y. 2018) ("As in *Rajamin*, the absence of such allegations make it 'difficult to view' the plaintiffs' allegations that some entity other than Barclays's clients owned the beneficial ownership rights in their mortgages 'as other than conjectural or hypothetical.'"); *Le Bouteiller v. Bank of New York Mellon*, 2015 WL 5334269 (S.D.N.Y. 2015) (In *Rajamin v. Deutsche Bank Nat. Trust Co.*, 757 F.3d 79 (2d Cir.2014), however, the Second Circuit upheld the dismissal of nearly identical claims, finding that "plaintiffs [had] established neither constitutional nor prudential standing to pursue the[ir] claims" that the assignments of their mortgages were invalid because they violated (1) the governing documents of the mortgage trust into which they were placed, and (2) New York trust law…Based on *Rajamin*, this Court concludes that Plaintiff lacks standing to challenge the assignment of his mortgage"); *Obal v. Deutsche Bank Nat. Trust Co.*, 2015 WL 631404 (S.D.N.Y. 2015) ("Like Obal, the plaintiffs in Rajamin claimed that the assignments of the notes and mortgages on their property (in connection with which foreclosure proceedings were underway) were invalid because they violated the terms of the applicable PSA and New York Trust Law…The Second Circuit held that the plaintiffs lacked both constitutional and prudential standing to assert their claims…").

Finally, even if Wells Fargo had acquired the debt before Plaintiff's default, it would still be considered a creditor and not a debt collector under the FDCPA since it only seeks to collect its own debt, rather than the debt of others. *See, Henson v. Santander Consumer USA Inc.*, 137 S.Ct. 1718, 198 L.Ed 177, 85 USLW 4346 (2017). In *Henson*, the Supreme Court of the United

States addressed the question: "But what if you purchase a debt…and then try to collect it for yourself-does that make you a 'debt collector' too?" *Id. 1720*. The Court answered this question in the negative, and held in relevant part as follows:

> All that matters is whether the target of the lawsuit regularly seeks to collect debts for its own account or does so for "another." And given that, it would seem a debt purchaser…like Santander may indeed collect debts for its own account without triggering the statutory definition in dispute, just as the Fourth Circuit explained.

*Id. at 1721-1722.*

Therefore, since Plaintiff has failed to adequately allege that Wells Fargo and Chase are debt collectors, and not creditors as defined under the FDCPA, she cannot plausibly allege that the Attorney Defendants attempted to collect a debt from her without a creditor.

Based upon the foregoing, it is respectfully submitted that Plaintiff's allegations that the Attorney Defendants violated Section 1692e should be dismissed in their entirety.

## POINT II

### COMMUNICATIONS SUBMITTED BY ATTORNEYS TO THE COURT DURING AN ONGOING LITIGATION DO NOT FALL WITHIN THE PURVIEW OF SECTION 1692c(b)

Plaintiff alleges that: (i) the Notice of Hearing served upon her and sent to the Supreme Court, Dutchess County; and (ii) the Motion served upon her and filed with the Supreme Court, Dutchess County violated Section 1692c(b). If Plaintiff is permitted to proceed with these claims it will not only run contrary to the legislative intent behind the enactment of Section 1692c(b), but will prevent attorneys from commencing or continuing the prosecution of lawsuits against debtors when the debtors disputed the debt, and open the floodgates to a slew of new litigation against attorneys throughout this Circuit.

Particularly, "[t]he Senate's Report on the FDCPA states that one type of abuse that the Act was intended to prevent was a debt collector 'disclosing a consumer's personal affairs to friends, neighbors, or an employer....'" *See, Thompson v. Diversified Adjustment Service, Inc.*, 2013 WL 3973976 (S.D. Texas 2013), *quoting S.Rep. No. 95–382, at 2 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1696.*

In addition, "[t]he Federal Trade Commission (FTC) explained in a Staff Opinion Letter that, like § 1692f(7) and (8), § 1692c(b)'s purpose was to 'prevent unscrupulous debt collectors from embarrassing consumers and invading their privacy by revealing the existence of their debt to friends, neighbors or other third parties.'" *Id. at 5, citing FTC Staff Opinion Letter Borowski Nov. 6, 1992* (http://www.ftc.gov/os/statutes/fdcpa/letters/borowski.htm). *See also, Acosta v. Campbell*, 2009 WL 190089 (11th Cir. 2009) ("Additionally, the House Report on the FDCPA states: 'a debt collector may not contact third persons such as a consumer's friends, neighbors, relatives, or employer.  Such contacts are not legitimate collection practices and result in serious invasions of privacy, as well as the loss of jobs'"), *quoting S.Rep. No. 95–382, reprinted at 1977 U.S. Code Cong. & Admin. News 1695, 1699.*

It was not the intent of Congress to bar attorneys from filing necessary and/or required documents with courts during ongoing litigation in instances where the debtor disputed the underlying debt. *See, Missionary Sisters of Sacred Heart, Inc. v. Dowling*, 182 Misc.2d 1009 (Civ. Ct. New York Co. 1999) ("The debtor is naturally protected and safeguarded when he or she comes within the sphere of the court's influence.  If any abusive debt collection practices occur, the debtor may seek appropriate relief from the court"); *Maynard v. Cannon, P.C.*, 650 F.Supp.2d 1138 (E.D.N.C. 2008) (The FDCPA is not so broad as to...prohibit a trustee from recording a notice of default as required by Utah law"); *Skimek v. Weissman, Nowack, Curry &*

*Wilco, P.C.*, 374 F.3d 1011 (11th Cir. 2004) ("Both [plaintiff] and this Court have failed to identify any provision of the FDCPA which preempts lien rights afforded to debt collectors under state law").

In fact, if Plaintiff is permitted to proceed with this lawsuit, any time a debtor disputed a debt, the attorney representing a debt collector in a lawsuit would be barred from filing any documents with the court on behalf of his/her client, *i.e.*, complaints, requests for preliminary conferences, motions, opposition to motions, orders with notice of entry, stipulations, etc.

The potential scenario was addressed by the New Jersey District Court in *Cohen v. Wolpoff & Abramson, LLP*, 2008 WL 4513569 (D.N.J. 2008), when addressing claims under Section 1692c(b), and examining the decision of the Supreme Court of the United States in *Heintz v. Jenkins*, 514 U.S. 291, 115 S.Ct. 1489, 131 L.ed.2d 395 (1995). Specifically, the Court stated in relevant part as follows:

> In this discussion, the Supreme Court examined the FDCPA provisions regarding communication with the consumer, rather than with third parties, as in this case. The discussion is nonetheless relevant to the question at hand. The Supreme Court stated that it would be "odd" to construe the FDCPA so as to empower a debt-owing consumer to cause an ordinary debt-collecting lawsuit to grind to a halt. This is an understatement, since it would be an extreme interpretation indeed—one, really, that makes fools of Congress and the courts—to construe the FDCPA so as to bar an attorney from communicating with a forum in pursuit of a legal remedy. Plaintiff has pointed to no evidence that Congress intended such an outcome. Rather, the Supreme Court found it "apparent" that Congress intended that the FDCPA preserve creditors' judicial remedies.
>
> Moreover, as the Supreme Court notes, such an interpretation conflicts with the language of § 1692c, which implies an exception to the restrictions of the FDCPA to allow the pursuit of the ordinary remedies that debt collectors pursue. Reading § 1692c as the Supreme Court did, an attorney's communication with a forum in pursuit of arbitration—surely an ordinary remedy—would come within the scope of such an exception.

Although the Supreme Court's discussion in Heintz is dicta, rather than controlling authority, it is persuasive dicta, and ultimately far more sensible than the position Plaintiff advocates. If Plaintiff's interpretation is correct, Congress wrote the FDCPA so as to tie the law in knots—simultaneously allowing and forbidding the pursuit of ordinary legal remedies by debt collectors. It would be foolish indeed to construe the statutory language of the FDCPA to find that it prohibits in one provision what it implies authorization for in another.

Furthermore,

This Court concludes *that the FDCPA does not prohibit an attorney from communicating with a forum in pursuit of a legal remedy. There is no cause of action under the FDCPA for an attorney's communication with a forum in pursuit of a legal remedy.* Moreover, this defect in Count I cannot be remediated by repleading: there is no possibility that Plaintiff could amend the Complaint to state a valid cause of action for violation of the FDCPA based on these factual allegations. Defendants' motion to dismiss Count I will be granted. Because amendment is futile, Count I will be dismissed with prejudice (Emphasis Added).

*Id.* at 5-6.

Finally, Plaintiff correctly noted in her opposition to the Attorney Defendants' request for a pre-motion conference that the Second Circuit Court of Appeals has recently held that foreclosure actions do fall within the scope of the FDCPA. The Second Circuit, however, did not determine that the FDCPA can be used to prevent a lawsuit from being filed or bring such a debt collection lawsuit to a halt every time a defendant/debtor disputes a debt. As set forth above, broadening the scope of the FDCPA in this manner would produce absurd results and wreak havoc on the legal community and collection industry in this Circuit.

Based upon the foregoing, it is respectfully submitted that the Attorney Defendants are entitled to judgment on the pleadings and the claims asserted against them for violations of Section 1692c(b) should be dismissed.

POINT III

**PLAINTIFF CONSENTED TO THE ATTORNEY DEFENDANTS' SUBMISSION OF
THE NOTICE OF HEARING AND THE MOTION TO THE COURT AND/OR THE
ATTORNEY DEFENDANTS WERE PERMITTED TO SUBMIT SAME**

In the event this Court determines that Section 1692c(b) does govern submissions made

by attorneys to courts during an ongoing litigation, it is respectfully submitted that the claims

asserted against the Attorney Defendants should nonetheless be dismissed since Plaintiff

consented to the Attorney Defendants' submissions and/or the Attorney Defendants had the

permission of the Court to transmit the Notice of Hearing and the Motion.

Section 1692c provides in relevant part:

> Except as provided in section 1692b of this title, without the prior
> consent of the consumer given directly to the debt collector, or the
> express permission of a court of competent jurisdiction, or as
> reasonably necessary to effectuate a postjudgment judicial remedy,
> a debt collector may not communicate, in connection with the
> collection of any debt, with any person other than the consumer,
> his attorney, a consumer reporting agency if otherwise permitted
> by law, the creditor, the attorney of the creditor, or the attorney of
> the debt collector.

It is undisputed that a foreclosure action was commenced against Plaintiff based upon her

alleged default under the Adjustable Rate Note dated December 18, 2006, which was signed by

Plaintiff (the "Note").[1]  A copy of the Note is annexed as Exhibit 1.[2]

---

[1] The Note is referenced in paragraphs 15, 19, 20, 21, 22, 23, 26, 30, 31 and 32 of the Amended Complaint.  As
such, this Court can consider same on the instant motion.  *See, Governing Standard, supra.*

In addition, the Note was annexed as part of Exhibit A to Plaintiff's original complaint, which it is respectfully
submitted also permits this Court to consider same on the instant motion.  *See, Augustus v. Brookdale Hosp. Medical
Center*, 2015 WL 5655709 (E.D.N.Y. 2015) ("The Court will consider facts from the Plaintiff's Original Complaint
that are not repeated in the Amended Complaint…The Court will also consider facts derived from the documents
annexed to the Original Complaint."); *Hunt v. Arthur Kill Correctional Facility*, 2012 WL 7658364 (E.D.N.Y.
2012) ("The factual allegations are taken from the amended complaint and two documents which were attached to
the original complaint but omitted from the amended complaint…Although an amended complaint completely
replaces the original complaint, plaintiff's amended complaint contains fewer factual allegations than the original
complaint.  To the extent the amended complaint relies on facts set forth in the two attachments to the original
complaint, the Court considers them herein…."); *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir.
1991) ("Plaintiffs' failure to include matters of which as pleaders they had notice and which were integral to their

Paragraph 7(E) of the Note states as follows:

**Payment of Note Holder's costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law.  Those expenses include, for example, reasonable attorneys' fees.

*Id.*, p. 3.

Paragraph 9 of the Note states:

**Obligations Of Persons Under This Note**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things.  Any person who takes over these obligations, including the obligations of the guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note.  The Note Holder may enforce its rights under this Note against each person individually or against all of us together.  This means that any one of us may be required to pay all of the amounts owed.

*Id.*

Even the least sophisticated consumer (the objective standard used under the FDCPA), would understand that if he/she did not pay the amounts due under the Note, the holder of the Note would be permitted to file a foreclosure action against him/her and that this would entail its attorneys filing documents with a court of law seeking to enforce its interest in the property. Therefore, by signing the Note, Plaintiff consented to documents being submitted to the court in a potential lawsuit if she defaulted on the mortgage, and the Attorney Defendants were

---

claim—and that they apparently most wanted to avoid—may not serve as a means of forestalling the district court's decision on the motion.").

[2] All exhibits referenced herein are annexed to the Declaration of Matthew J. Bizzaro, Esq. dated September 28, 2018 (the "Bizzaro Dec.").

authorized to file such documents in the context of the foreclosure proceeding.  *See, Maynard at 1143* ("Under the FDCPA a debt collector cannot communicate with third parties in connection with the collection of any debt 'without the prior consent of the consumer given directly to the debt collector…' When Maynard executed the Deed of Trust she agreed to allow the Trustee to record a Notice of Default in the event of the default"); *Missionary Sisters of Sacred Heart, Inc.* at 1016 ("The Supreme Court's conclusion probably stems from Section 1692c(b), which generally prohibits third-party communications with the collection of any debt, but exempts from that prohibition any communication undertaken with 'the express permission of a court of competent jurisdiction.' Assuming, arguendo, that the petition is deemed a communication as defined under the Act, the filing of the petition and prosecution of this proceeding are subject to this exception").

It is true that the Note does not specifically give the Attorney Defendants express permission to submit documents to the court in a lawsuit.  In *Maynard*, however, the plaintiff executed a Deed of Trust identifying herself as the Trustor and Borrower and Household Finance Corporation ("Household") as the Beneficiary and Lender.  *Id. at 1139*.  The Deed of Trust granted Household a security interest in the property and referenced the loan agreement.  *Id*.  The defendant, Bryan Cannon P.C. ("Cannon") was hired by Household to collect on the plaintiff's mortgage debt, which he was told was in default.  *Id*.  Household executed a Substitution of Trustee appointing Bryan W. Cannon as the Trustee of the Deed of Trust.  *Id*.  Cannon recorded this with the Salt Lake County Recorder.  *Id. at 1139-1140*.  Cannon filed a Notice of Default with the Salt Lake County Recorder.  *Id. at* 1140.  The next day, Cannon mailed copies of the Substitution of Trustee, the Notice of Default, and an FDCPA notice to the plaintiff.  *Id*.  The

12

Plaintiff alleged that Cannon's action violated Section 1692c(b).  The court rejected this claim and held, in part, as follows:

> Maynard alleges that the recording of the Notice of Default with the County Recorder was a communication with third parties about Maynard's debt in violation of 15 U.S.C. § 1692c(b). But the Notice of Default did not violate the FDCPA because Maynard gave her prior consent *to the trustee of the Deed of Trust*. Under the FDCPA a debt collector cannot communicate with third parties in connection with the collection of any debt "without the prior consent of the consumer given directly to the debt collector." 15 U.S.C. § 1692c(b). When Maynard executed the Deed of Trust *she agreed to allow the Trustee* to record a Notice of Default in the event of the default. *Cannon became the trustee of the Deed of Trust prior to filing the Notice of Default.* Therefore, the Notice of Default did not violate the FDCPA (Emphasis Added).

Therefore, the fact that the Attorney Defendants are not a party to the Note does not bar them from bringing a lawsuit on behalf of their clients and communicating with a court with respect to Plaintiff's alleged debt.  In fact, a "corporation or voluntary association" cannot prosecute a civil lawsuit *pro se* in this State, but it is required to appear by counsel.  *See, CPLR 321(a)*.  As such, the only way the note holder could seek to enforce the terms of the Note in a court of law was via counsel.

Based upon the foregoing, it is respectfully submitted that the claims asserted against the Attorney Defendants for violations of 1692c(b) be dismissed.

## POINT IV

### THE ATTORNEY DEFENDANTS' SUBMISSIONS OF THE NOTICE OF HEARING AND MOTION WERE REASONABLY NECESSARY TO EFFECTUATE A POSTJUDGMENT JUDICIAL REMEDY

In the event that this Court determines that: (i) submissions made to a court during an ongoing litigation fall under the purview of the FDCPA; (ii) Plaintiff did not consent to the Attorney Defendants submitting the Notice of Hearing and the Motion to the Court; and/or (iii)

the Attorney Defendants were not authorized to transmit such documents, the claims against the Attorney Defendants should still be dismissed, since the Attorney Defendants' actions were reasonably necessary to effectuate a postjudgment judicial remedy.

The Supreme Court, Dutchess County granted summary judgment to the Plaintiff in the underlying foreclosure action on August 10, 2015.  *See*, Exhibit 2.[3]  The Attorney Defendants' subsequent submissions to the Court of the Notice of Hearing and the Motion were necessary to proceed with the judgment of foreclosure and sale.

Specifically, the Referee's Hearing is necessary to ascertain and compute the amount due to the plaintiff in the foreclosure action for principal, interest and other charges due upon the promissory note and mortgage, and to examine and report whether the subject premises could be sold in parcels.  The Motion sought an Order awarding the plaintiff in the foreclosure action a judgment of foreclosure and sale, which can only be done after summary judgment is awarded and following the Referee's Hearing, and is necessary to proceed with the sale of the subject premises.

Therefore, since the two submissions to the Court upon which Plaintiff's allegations against the Attorney Defendants are based were "reasonably necessary to effectuate a postjudgment judicial remedy," Plaintiff's allegation that the Attorney Defendants violated Section 1692c(b) fails.  *See, Owoh v. Sena*, 2018 WL 1221164 (D.N.J. 2018) ("...Defendants'

---

[3] It is respectfully submitted that this Order is a matter of public record of which this Court can take judicial notice or otherwise rely upon.  *See, Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F.Supp.3d 156 (S.D.N.Y. 2015) ("When considering a Rule 12(b)(6) or Rule 12(c) motion, the Court may take judicial notice of certain matters of public record without converting the motion into one for summary judgment."); *Wilson v. Limited Brands, Inc.*, 2009 WL 1069165 (S.D.N.Y. 2009) (The court considered a Verified Complaint filed with State Division of Human Rights on a Rule 12(c) motion): *Stewart v. Transp. Workers Union of Greater New York, Local 100*, 561 F.Supp.2d 429 (S.D.N.Y.2008) (noting that a district court may rely on matters of public record of which the court may take judicial notice in resolving a Rule 12(c) motion), *citing Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir.1998) ("It is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6), including case law and statutes."); *Kramer v. Time Warner Inc.*, 937 F.2d 767 (2d Cir. 1991) ("In the instant matter, the Offer to Purchase and the Joint Proxy Statement were part of public disclosure documents filed with the SEC, and the plaintiff was put on notice by the defendants' proffer of the documents that the district court might consider them").

filing of the lien was a necessary action to secure an interest on the unit in order to proceed on an equitable action; therefore, it does not fall within any proscribed conduct under the FDCPA.").

As a result of the foregoing, even if submissions made to a court during an ongoing litigation fell within the scope of the FDCPA; (ii) Plaintiff did not consent to the Attorney Defendants submitting the Notice of Hearing and the Motion to the Court; and (iii) the Attorney Defendants were not authorized to transmit such documents, the claims against the Attorney Defendants should still be dismissed, since their actions were reasonably necessary to effectuate a postjudgment judicial remedy.

## CONCLUSION

For the reasons set forth above, along with those asserted in the Bizzaro Dec., it is respectfully submitted that the Attorney Defendants be granted judgment on the pleadings, and the claims asserted against them be dismissed in their entirety.

Dated:  Garden City, New York
      September 28, 2018

                                          Matthew J. Bizzaro

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                           ) ss.:
COUNTY OF NASSAU    )

          DENISE MITCHELL, being duly sworn, deposes and says that deponent is not a party to the within action, is over 18 years of age and resides in Nassau County, New York.

          That on the 28th day of September, 2018, deponent served the within **MEMORANDUM OF LAW** upon:

          Nicole Johnson-Gellineau
          149 Wilkes Street
          Beacon, NY 12508

the respective party(ies) in this action, at the above address(es) designated by said party(ies) for that purpose by dispatching a copy by Federal Express overnight delivery to each of the above persons at the last known address set forth after each name above.

                                  DENISE MITCHELL

Sworn to before me this
28th day of September, 2018.

Notary Public

MIRANDA A. JOE
Notary Public, State of New York
No. 01JO6158380
Qualified in Nassau County
Commission Expires January 2, 2019

16