# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICOLE JOHNSON-GELLINEAU,<br><br>    Plaintiff,<br><br>    v.<br><br>STIENE & ASSOCIATES, P.C.; CHRISTOPHER VIRGA, ESQ.; RONNI GINSBERG, ESQ.; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; WELLS FARGO BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2007-FRE1, ASSET-BACKED PASS-THROUGH CERTIFICATES,<br><br>    Defendants. | *Document filed electronically*<br><br>Civil Action No. 7:16-cv-09945-KMK |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION BY DEFENDANTS TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)**

MCCALLA RAYMER LEIBERT PIERCE, LLC
420 Lexington Avenue, Suite 840
New York, New York 10170
Telephone: 347-286-7409
Brian P. Scibetta, Esq.
*Attorneys for Defendants, JPMorgan Chase Bank, National Association and Wells Fargo Bank National Association, as Trustee for Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass-Through Certificates*

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ................................................................................................ 1

**LEGAL ARGUMENT** ................................................................................................................ 2

    **I.    WELLS FARGO CANNOT BE CONSIDERED A "DEBT COLLECTOR" AND HAS NOT ENGAGED IN ANY ACT IN VIOLATION OF THE STATUTE** ..................... 2

    **II.    CHASE CANNOT BE CONSIDERED A "DEBT COLLECTOR" AND HAS NOT ENGAGED IN ANY ACT IN VIOLATION OF THE STATUTE** ........................................ 5

**CONCLUSION** ............................................................................................................................ 8

# **TABLE OF AUTHORITIES**

**Cases**

*Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75 (2d Cir. 2018) ...................................... 4, 5

*Cortec Industries, Inc. v. Sum Holding, L.P.*, 949 F.2d 42 (2d Cir. 1991) ..................................... 6

*Derrick v. Nationstar Mortg., LLC*, No. 16-CV-261 (MKB), 2017 U.S. Dist. LEXIS 122100 (E.D.N.Y. Aug. 2, 2017) ............................................................................................................. 3

*Dumont v. Litton Loan Servicing, LP*, No. 12-cv-2677-ER-LMS, 2014 U.S. Dist. LEXIS 26880 (S.D.N.Y. Mar. 3, 2014).............................................................................................................. 5

*Frederick v. Capital One Bank (USA), N.A.*, 14-CV-5460, 2018 U.S. Dist. LEXIS 50768 (S.D.N.Y. Mar. 27, 2018) ........................................................................................................... 4

*Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718 (2017).......................................... 1, 3

*Hill v. DLJ Mortgage Capital, Inc.*, 689 F. App'x 97 (2d Cir. 2017)............................................. 7

*Kilpakis v. JPMorgan Chase Financial Company, LLC*, 229 F.Supp.3d 133 (E.D.N.Y. 2017) .... 5

*Reese v. Ellis, Painter, Ratteree & Adams, LLP*, 678 F.3d 1211 (11th Cir. 2012)......................... 7

*Roth v. Jennings*, 438 F.3d 499 (2d Cir. 2007) .............................................................................. 6

*Rutty v. Krimko*, No. 17-cv-6090 (BMC) (VMS), 2018 U.S. Dist. LEXIS 178651 (E.D.N.Y. Oct. 16, 2018)...................................................................................................................................... 3

*United States v. Uccio*, 940 F.2d 753, 758 (2d Cir. 1991)............................................................. 6

*Walsh v. McGee*, 918 F. Supp. 107, 111 (S.D.N.Y. 1996) ............................................................ 6

**Statutes**

Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*............................................... passim

**Other Authorities**

Implementation Guidance for Certain Mortgage Servicing Rules, 10152013 CFPBGUIDANCE, 2013 WL 9001249 (C.F.P.B. Oct. 15, 2013) ........................................................................... 7

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 1, 8

Defendants, JPMorgan Chase Bank, National Association ("Chase") and Wells Fargo Bank National Association, as Trustee for Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass-Through Certificates ("Wells Fargo," and collectively with Chase, the "Bank Defendants") submit this reply memorandum of law in further support of their Motion to Dismiss the First Amended Complaint (the "AC") filed by Plaintiff, Nicole Johnson-Gellineau ("Plaintiff"), pursuant to Fed. R. Civ. P. ("FRCP") 12(b)(6) (the "Motion").

## PRELIMINARY STATEMENT

As the Supreme Court has opined, the FDCPA was enacted "to deter wayward collection practices" by third-parties "hired by a creditor to collect an outstanding debt." *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1720 (2017). The statute targets "third party collection agents working for a debt owner – not [] a debt owner seeking to collect debts for itself." *Id.* at 1721. In bringing this action against the Bank Defendants, Plaintiff has distorted the meaning and intention of the statute beyond all recognition. She urges that in addition to creating liability for third-party debt collectors for who engage in impermissible collection activity, the statute also provides for liability for creditors who successfully prosecute a foreclosure action to judgment, so long as the consumer alleges that there is an "unknown investor" who actually owns the loan. But that interpretation is incorrect and contrary to precedent. Indeed, to accept Borrower's premise would be to subject every successful foreclosing plaintiff to a potential FDCPA lawsuit. Because the statute very plainly intends to exclude parties such as Wells Fargo through the "creditor" exemption, as the Supreme Court affirmed in *Henson*, Plaintiff's position should be rejected. The Court should instead find again, as it did previously, that Wells Fargo is a "creditor" under the FDCPA exempt from the statute's reach.

Wells Fargo should also be dismissed because Plaintiff has failed to establish any act or omission by Wells Fargo that is in violation of the FDCPA. Even assuming, *arguendo*, that Wells Fargo is somehow not the true "owner" of the loan, as Plaintiff alleges, the prosecution of the Foreclosure Action in Wells Fargo's name is not an FDCPA violation. The Second Circuit has made clear that where a foreclosing plaintiff establishes it is a "creditor" under New York law with standing to foreclose, the prosecution of the foreclosure in that entity's name does not constitute an FDCPA violation. As the state court indisputably found that Wells Fargo had standing to foreclose, any filings Wells Fargo made in the Foreclosure Action are not in violation of the FDCPA.

Plaintiff's FDCPA claim against Chase is similarly unavailing. Mortgage servicers such as Chase are not subject to the statute where they have obtained servicing of the mortgage loan prior to the mortgagor's default. This Court previously found that Chase is successor servicer to EMC, the entity Plaintiff contracted with in the loan modification agreement, and therefore began servicing prior to Plaintiff's default. Even when considering the new allegations in the AC, that ruling is again warranted and again dispositive. Also contrary to Plaintiff's allegations, Chase sending Plaintiff monthly mortgage statements does not constitute prohibited debt collection activity. Since Chase is not a "debt collector" under these facts and has not engaged in any act or omission in violation of the statute, Plaintiff's FDCPA claim should again be dismissed, this time with prejudice.

## LEGAL ARGUMENT

### I. WELLS FARGO CANNOT BE CONSIDERED A "DEBT COLLECTOR" AND HAS NOT ENGAGED IN ANY ACT IN VIOLATION OF THE STATUTE

Lost in Plaintiff's circuitous and misleading motion opposition is any meaningful discussion regarding the type of party the FDCPA was intended to target and the type of conduct

that the FDCPA was intended to prohibit.  On the former, the Supreme Court's opinion in *Henson* is instructive:

> [T]he [FDCPA] defines debt collectors to include those who regularly seek to collect debts "owed . . . another." And by its plain terms this language seems to focus our attention on third party collection agents working for a debt owner—not on a debt owner seeking to collect debts for itself. Neither does this language appear to suggest that we should care how a debt owner came to be a debt owner—whether the owner originated the debt or came by it only through a later purchase. All that matters is whether the target of the lawsuit regularly seeks to collect debts for its own account or does so for "another." And given that, it would seem a debt purchaser like Santander may indeed collect debts for its own account without triggering the statutory definition in dispute. . . .

*Henson*, 137 S. Ct. at 1721-22.  Plaintiff in essence asks the Court to reject *Henson*, and instead find that the only relevant factor to the "debt collector" inquiry is whether the party in question acquired the debt before or after the mortgagor's default.  But that is not the dispositive inquiry – rather, FDCPA liability is only triggered if the party seeks to collect for "another."  And where a party has initiated foreclosure in its own name and prosecuted that action to judgment, it is not collecting debt for "another."  *See, e.g., Rutty v. Krimko*, No. 17-cv-6090 (BMC) (VMS), 2018 U.S. Dist. LEXIS 178651, at *3 (E.D.N.Y. Oct. 16, 2018) (plaintiff "cannot bring an FDCPA claim against [foreclosing plaintiff] for its role in that foreclosure"); *Derrick v. Nationstar Mortg., LLC*, No. 16-CV-261 (MKB), 2017 U.S. Dist. LEXIS 122100, at *25 (E.D.N.Y. Aug. 2, 2017) (finding that foreclosure pleadings demonstrated that foreclosing plaintiff sought to collect its own debt and is therefore not a "debt collector" under the FDCPA).

It is also not dispositive to the analysis whether the debt was in default at the time it was acquired, as the Supreme Court found in *Henson* that so long as an entity "collect[s] purchased defaulted debt for its own account," that entity is still excluded from the statute's reach.  137 S. Ct. at 1724.  This Court has acknowledged that principle too, finding that "debt buyers" who purchase defaulted debt for their own purposes "are not debt collectors" within the meaning of the

3

statute.  *See Frederick v. Capital One Bank (USA), N.A.*, 14-CV-5460, 2018 U.S. Dist. LEXIS 50768, at *35 (S.D.N.Y. Mar. 27, 2018).

Both the allegations in the AC and the documents the Court may consider on the Motion compel a conclusion that Wells Fargo is a "creditor" attempting to collect its own debt. Specifically, Wells Fargo initiated and prosecuted to judgment a foreclosure in its own name, in which the state court found that Plaintiff owed to Wells Fargo the sum of $430,431.62 under the Subject Loan. *See* Scibetta Dec., Exh. 6.  This ruling accords with the modification agreement entered into by Plaintiff, in which Wells Fargo is identified as the holder of the Note and Mortgage. *Id.* at Exh. 2 at Exh. D; Exh. 4 at Gardner Aff. at Exh. F.  Further, as even Plaintiff concedes, "Wells Fargo received and acquired . . . the defaulted debt together with the [] (Mortgage). . . ." *See* AC, ¶ 27.  Through the Foreclosure Action, Wells Fargo did nothing more than attempt to collect upon its own debt, as the state court found.  Wells Fargo is therefore exempt from the FDCPA's reach, and should be dismissed from this action accordingly.

Plaintiff seeks to avoid dismissal by asking the Court for an interpretation of the FDCPA that is unrecognizable – liability for a successful foreclosing plaintiff based on unsupported allegations that an "unnamed investor" is the actual owner of the loan.  That position is unsupported by any precedent and should be rejected.  Notwithstanding, even if the Court were to find that Plaintiff had sufficiently pleaded that Wells Fargo is a "debt collector" under the statute, her claim would still fail based on recent Second Circuit precedent.  In *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 84-85 (2d Cir. 2018), the Second Circuit found that while prosecution of a foreclosure action could be deemed "debt collection activity" within the meaning of the statute, a foreclosing plaintiff qualifies as a "creditor" under New York law and therefore has not violated 15 U.S.C. § 1692e – the same provision Plaintiff alleges Wells Fargo violated here.  In other words,

4

even if the foreclosing plaintiff services the loan for the actual "owner" of the loan, the prosecution of the foreclosure in the name of the servicer is not a violation of the statute. *Cohen*, 897 F.3d at 84-85. Therefore, irrespective of whether Wells Fargo actually owns the loan, the prosecution of the Foreclosure Action in Wells Fargo's name cannot be considered a violation of the FDCPA because the state court found that Wells Fargo holds the Note and Mortgage.

In sum, to find that Plaintiff has stated a viable FDCPA claim against Wells Fargo, this Court would have to render a ruling that is contrary to both Supreme Court and Second Circuit precedent. There is no reason to do so. Wells Fargo should again be dismissed from the action, and this time with prejudice.

## II. CHASE CANNOT BE CONSIDERED A "DEBT COLLECTOR" AND HAS NOT ENGAGED IN ANY ACT IN VIOLATION OF THE STATUTE

As discussed in the moving papers, the "FDCPA only covers servicers who obtain a mortgage that is *already* in default." *Dumont v. Litton Loan Servicing, LP*, No. 12-cv-2677-ER-LMS, 2014 U.S. Dist. LEXIS 26880, at *64 (S.D.N.Y. Mar. 3, 2014); *see also* 15 U.S.C. § 1692a(6)(F)(iii). The burden therefore lies with the FDCPA plaintiff to plausibly allege that the mortgage servicer acquired the mortgage loan after it was already in default. *See Kilpakis v. JPMorgan Chase Financial Company, LLC*, 229 F.Supp.3d 133, 143 (E.D.N.Y. 2017). To conclude here that Chase acquired servicing of Plaintiff's loan after the September 1, 2009 date of default and could in theory be subject to the statute, this Court would have to ignore its prior ruling on the Bank Defendants' original motion to dismiss, in which it found that "[a]s of August 26, 2008, EMC was servicing the loan for Wells Fargo," and that as successor servicer, "Chase stands in the place of [EMC] . . . and obtained Plaintiff's loan at least as of August 26, 2008 – before her default in 2009." *See* ECF Docket Entry No. 55 at p. 31. Though Plaintiff purposefully omitted the Mod Agreement as an attachment to the AC, this Court should not do so.

5

It is well-established that a court may consider documents that are integral to the operative pleading, "even if not attached or incorporated by reference." *E.g., Roth v. Jennings*, 438 F.3d 499, 509 (2d Cir. 2007). Where a plaintiff intentionally omits certain documents that are relied upon or integral, those are still properly considered on a pre-answer motion to dismiss because a plaintiff "should not so easily be allowed to escape the consequences" of the omission. *Cortec Industries, Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 48 (2d Cir. 1991). Here, by intentionally omitting a previously attached document that permitted the Court to find that Chase began servicing prior to her default, Plaintiff seeks to "escape the consequences" of the omitted document.[1] That tactic should not survive judicial scrutiny.

What Plaintiff seeks would also be contrary to the "law of the case" doctrine, which states that "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case." *United States v. Uccio*, 940 F.2d 753, 758 (2d Cir. 1991). The doctrine is discretionary in nature, however matters previously decided should not be reconsidered "absent cogent or compelling reasons." *Walsh v. McGee*, 918 F. Supp. 107, 111 (S.D.N.Y. 1996). Plaintiff presents no cogent or compelling reason for the Court to revisit its prior ruling that Chase acquired servicing prior to her default. While the ruling is obviously harmful to Plaintiff's legal position, that alone is not a basis for the Court to revisit. It should instead adhere to the prior ruling, and find again that the documents it may consider on this motion demonstrate that Chase is not a "debt collector" under the meaning of the statute.

---

[1] The modification agreement was not only previously attached to the original Complaint, but is also a document that the state court relied upon in issuing judgment in the Foreclosure Action. Thus, even if the Court were to decide not to consider the exhibits to the original Complaint, or to apply "law of the case," the Court could still take judicial notice of the modification agreement and consider it through that avenue.

Plaintiff has also again failed to sufficiently allege that Chase engaged in any prohibited debt collection activity. Chase was indisputably not a party to the Foreclosure Action, and therefore the filings of which Plaintiff complains are not communications made by Chase. Nor do the monthly mortgage statements sent by Chase constitute prohibited activity under the statute. As the Second Circuit has held, the sending of mortgage statements to a borrower is "not [an] attempt[] to collect on the debt. . . ." *Hill v. DLJ Mortgage Capital, Inc.*, 689 F. App'x 97, 98 (2d Cir. 2017). The Court should follow that ruling here.

Plaintiff tries to distinguish this matter from *Hill* by contending her allegations are more akin to the circumstances in *Reese v. Ellis, Painter, Ratteree & Adams, LLP*, 678 F.3d 1211 (11th Cir. 2012), in which the Court found that statements sent by a law firm to a consumer demanding immediate payment in full were an attempt to collect a debt. But Chase's mortgage statements make no mention of an attempt to collect a debt, nor do they demand immediate payment in full. *See* AC, Exh. B. Thus, there is no basis to find that these statements differed in any way from the statements at issue in *Hill*. As even the Consumer Financial Protection Bureau (the "CFPB") has concluded, loan servicers are not liable under the FDCPA for sending federally required mortgage statements. *See* Implementation Guidance for Certain Mortgage Servicing Rules, 10152013 CFPBGUIDANCE, 2013 WL 9001249 (C.F.P.B. Oct. 15, 2013). Plaintiff's attempt to circumvent the Second Circuit's ruling in *Hill* and the CFPB's guidance is unavailing.

## **CONCLUSION**

For all the foregoing reasons and those set forth in the moving papers, Defendants, JPMorgan Chase Bank, National Association and Wells Fargo Bank National Association, as Trustee for Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass-Through Certificates, respectfully request that the Court dismiss Plaintiff's First Amended Complaint, this time with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Respectfully submitted,

**MCCALLA RAYMER LEIBERT PIERCE, LLC**

Dated: January 4, 2019            By:   */s/ Brian P. Scibetta*
                                           Brian P. Scibetta