UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NICOLE JOHNSON-GELLINEAU,                    Case No.: 16-cv-9945

                Plaintiff,

      -against-

STIENE & ASSOCIATES, P.C.; CHRISTOPHER
VIRGA, ESQ.; RONNI GINSBERG, ESQ.;
JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION; WELLS FARGO BANK
NATIONAL ASSOCIATION, AS TRUSTEE FOR
CARRINGTON MORTGAGE LOAN TRUST,
SERIES 2007-FRE1, ASSET-BACKED
PASS-THROUGH CERTIFICATES;

                Defendants.
-----------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW

L'ABBATE, BALKAN, COLAVITA & CONTINI, L.L.P.
Attorneys for Defendants
*Stiene & Associates, P.C., Ronni Ginsberg, Esq. and*
*Christopher Virga, Esq.*
1001 Franklin Avenue
Garden City, New York 11530
(516) 294-8844

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

POINT I

      PLAINTIFF FAILED TO STATE A VALID CLAIM
      THAT THE ATTORNEY DEFENDANTS ATTEMPTED
      TO COLLECT A DEBT WITHOUT A CREDITOR.................................................. 1

POINT II

      THE ATTORNEY DEFENDANTS' COMMUNICATIONS
      WITH THE COURT DID NOT VIOLATE THE FDCPA ........................................... 4

CONCLUSION ........................................................................................................................... 8

# TABLE OF AUTHORITIES

Case                                                                                              Page

*Cohen v. Wolpoff & Abramson, LLP*,
    2008 WL 4513569 (D.N.J. 2008)................................................................... 5

*Marino v. Nadel*,
    2018 WL 4634150 (D. Maryland 2018)........................................................ 5

*Nadel v. Marino*,
    2017 WL 4776991 (D. Maryland 2017)........................................................ 5

*Shapiro v. Law Offices of Cohen & Slamowitz, LLP*,
    2007 WL 958513 (S.D.N.Y. 2007)............................................................... 3, 4

*Smith v. Transworld Sys., Inc.*,
    953 F.2d 1025, 1030 (6th Cir. 1992)............................................................. 4

*Stout v. Deloney and Assocs., P.C.*,
    2001 WL 35671799 (D. Utah 2001).............................................................. 3

*Thomas v. Altschul*,
    2015 WL 5165334 (S.D.N.Y. 2015).............................................................. 3

*Tourgeman v. Collins Financial Services, Inc.*,
    197 F.Supp.3d 1222 (S.D. Ca. 2016)............................................................. 2, 3

## PRELIMINARY STATEMENT

This memorandum of law is submitted in reply to the opposition of plaintiff, Nicole Johnson-Gellineau ("Plaintiff") to the motion of defendants, Stiene & Associates, P.C., Christopher Virga, Esq. and Ronni Ginsberg, Esq. (the "Attorney Defendants") seeking an Order pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("FRCP"), granting them judgment on the pleadings, and dismissing the claims asserted against them by Plaintiff.

Plaintiff throws everything but the kitchen sink into her opposition papers in an attempt to distract this Court's attention from the meritless nature of her claims.

The fact remains that if this Court determines that Plaintiff's allegations against the Attorney Defendants state a valid claim for violations of the Fair Debt Collection Practices Act ("FDCPA"), attorneys throughout this Circuit will be barred from filing the necessary and/or required documents with state courts in debt collection lawsuits any time the debtor has disputed the debt. This outcome would go far beyond the legislative intent behind the enactment of the statute, runs contrary to the relevant case law, and could potentially disrupt thousands of lawsuits throughout this State.

Based upon the foregoing, and for the reasons set forth in the moving papers and below, it is respectfully submitted that the claims asserted against the Attorney Defendants be dismissed in their entirety.

## POINT I

### PLAINTIFF FAILED TO STATE A VALID CLAIM THAT THE ATTORNEY DEFENDANTS ATTEMPTED TO COLLECT A DEBT WITHOUT A CREDITOR

This Court previously rejected Plaintiff's allegations that: (i) the Attorney Defendants sought to collect a debt without a creditor; (ii) properly determined that the trustee stands in the

1

shoes of the trust and is the creditor under these circumstances; and (iii) correctly determined that Plaintiff failed to plausibly allege that Wells Fargo Bank National Association, as Trustee for Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass Through Certificates ("Wells Fargo") acquired the debt after Plaintiff's default, and as a result, did not allege that Wells Fargo was acting as a debt collector. *See,* Attorney Defendants' Memorandum of Law, Point I, p. 5.

Now, Plaintiff argues that it is incumbent upon the defendants to demonstrate as an affirmative defense that her debt was not in default when it was obtained by Wells Fargo. Plaintiff's assertion is incorrect. The FDCPA and relevant case law clearly address the defenses available and the burden to establish same.

Section 1692k(c) of the FDCPA states:

> **(c) Intent**
>
> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

Section 1692k(e) states:

> **(e) Advisory opinions of Bureau**
>
> No provision of this section imposing any liability shall apply to any act done or omitted in good faith in conformity with any advisory opinion of the Bureau, notwithstanding that after such act or omission has occurred, such opinion is amended, rescinded, or determined by judicial or other authority to be invalid.

*See also, Tourgeman v. Collins Financial Services, Inc.*, 197 F.Supp.3d 1222 (S.D. Ca. 2016) (holding that establishing the debt collector's net worth in the first instance is not the defendant's burden).

2

In *Tourgeman*, the Court determined as follows:

> Plaintiff contends that because the Defendant asserts it has a negative net worth, it becomes an affirmative defense. A defendant may offer evidence to counter evidence a plaintiff introduces as to the defendant's net worth, including evidence that it is in fact less than zero. This does not make establishing the debt collector's net worth in the first instance the defendant's burden.
>
> There is identified one affirmative defense to liability for a violation of the FDCPA, the "bona fide error" defense. 15 U.S.C. § 1692k(c). The proof of net worth is not identified as an exemption under the FDCPA. Defendant may defend against Plaintiff's claim, by offering contrary evidence, but by indicating its intentions to do so, the Defendant has not transformed the Plaintiff's burden to prove damages into an affirmative defense. The Court finds no authority for shifting this evidentiary burden to the Defendant.

*See also, Reply Memorandum in Support of Motion for Protective Order, Stout v. Deloney and Assocs., P.C.*, 2001 WL 35671799 (D. Utah 2001) ("The only affirmative defenses to an FDCPA action are: 1) bona fide error defense of Section 1692k(c) that requires the debt collector to prove that the violation of the FDCA was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error; and 2) the FTC had issued an advisory opinion that the particular collection practice was legal, Section 1692(e). Ms. Stout's financial history or the method that she used to sign her name are irrelevant to these issues").

In fact, this Circuit has held that the failure to raise the bona fide error defense in an answer, does not result in a waiver, absent prejudice. *See, Thomas v. Altschul*, 2015 WL 5165334 (S.D.N.Y. 2015) ("…because plaintiff has not argued that Defendants' failure to timely plead their defense has not prejudiced her in any way, that it was the result of bad faith or dilatory motive, or that considering such a defense now would be futile or cause undue delay, and has in fact ably met Defendants' arguments on the instant motion"); *Shapiro v. Law Offices*

3

and has in fact ably met Defendants' arguments on the instant motion"); *Shapiro v. Law Offices of Cohen & Slamowitz, LLP*, 2007 WL 958513 (S.D.N.Y. 2007), *citing Smith v. Transworld Sys., Inc.,* 953 F.2d 1025, 1030 (6th Cir. 1992) (bona fide error defense not waived absent showing of prejudice).

Regardless, it is not the burden of the Attorney Defendants to demonstrate that Plaintiff's debt was not in default when it was obtained by Wells Fargo. Rather, it is Plaintiff's burden to demonstrate that it was, especially in light of this Court's Order. *See*, DE-55, pp. 26-28.

For the reasons set forth in the Attorney Defendants' moving papers, Plaintiff's claims regarding the securitization and transfer of the loan, and the allegations that an "unnamed investor" is the owner of the loan are insufficient to meet its burden.

Finally, it is worth noting that the Attorney Defendants' answer to Plaintiff's Amended Complaint, asserts the affirmative defense that: "Plaintiff has failed to state a claim upon which relief can be granted." *See,* DE-69. Therefore, even if the Attorney Defendants were required to assert as an affirmative defense that the debt was not in default during the relevant time period, it would be encompassed in this affirmative defense, as the existence of a creditor for which the debt collector is attempting to collect the debt is necessary for Plaintiff to state a valid claim.

Based upon the foregoing, it is respectfully submitted that Plaintiff's allegation that the Attorney Defendants' attempted to collect a debt without a creditor is without merit and should be dismissed.

### POINT II

### THE ATTORNEY DEFENDANTS' COMMUNICATIONS WITH THE COURT DID NOT VIOLATE THE FDCPA

The claims asserted by Plaintiff that a debt collector's communications with a court violate Section 1692(c) have previously been addressed and properly rejected by other courts.

*See, Cohen v. Wolpoff & Abramson, LLP,* 2008 WL 4513569 (D.N.J. 2008); *Marino v. Nadel,* 2018 WL 4634150 (D. Maryland 2018); *Nadel v. Marino,* 2017 WL 4776991 (D. Maryland 2017).

Specifically, on September 27, 2018, the Court in *Marino* addressed similar arguments as those asserted by Plaintiff in the case at bar on a motion to dismiss pursuant to Rules 8(a) and 12(b)(6) of the FRCP and held in relevant part as follows:

> Finally, Plaintiff contends that the foreclosure action and related communications violate § 1692c(b) as third party communications to the court and to the public at large. See ECF No. 1. ¶ 50. Plaintiff thus contends that the FDCPA bars debt-holders from enforcing their debts in court. This Court has already held that the FDCPA did not bar the Substitute Trustees from moving to remand the foreclosure action to state court. See Nadel, 2017 WL 4776991. The same law and reasoning apply here. In Heintz v. Jenkins, the Supreme Court recognized that, though the FDCPA applies to debt-collecting attorneys, its internal exceptions should be read to avoid any resulting anomalies. 514 U.S. 291, 296 (1995). Subsection (b) of § 1692c contains just such an exception: communications "reasonably necessary to effectuate a postjudgment judicial remedy." The filing of an action to foreclose is a necessary precedent to reaching a postjudgment judicial remedy, so communications with a court that are necessary to maintain that foreclosure action do not violate § 1692c(b).4 See also Nadel, 2017 WL 4776991 at *2-3 (motion to remand a foreclosure action did not violation § 1692c(b) ); Cohen v. Wolpoff & Abramson, LLP, 2008 WL 4513569 at *6 (D.N.J. 2008) (reading into § 1692c(c) "an exception to the restrictions of the FDCPA to allow the pursuit of the ordinary remedies that debt collectors pursue"). Because Plaintiff has failed to plausibly allege that Defendants engaged in an act or omission prohibited by the FDCPA, the Complaint shall be dismissed.

*Id. at 3.*

Additionally, in *Nadel*, the Court rejected similar to these asserted by Plaintiff as follows:

> Defendant contends that by filing a Motion to Remand, Plaintiffs and their attorney have communicated with an unauthorized person, the Court, in violation of § 1692c(b) and that the Motion should therefore be denied…

5

Although some courts initially interpreted this section of the FDCPA as not applying to attorneys who were engaged in the practice of law, the Supreme Court in Heintz v. Jenkins found that the FDCPA "applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." 514 U.S. 291, 299, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995). See also Elyazidi v. SunTrust Bank, 780 F.3d 227, 234 (4th Cir. 2015) ("There is no denying that, as a general matter, litigation activity is subject to the FDCPA." (internal quotations omitted)). The Court did recognize, however, the potential anomalies that could result from that interpretation. Considering, as an example, the provision of § 1692c(c) forbidding communication with a consumer under specific circumstances, the Court specifically noted the possibility of individuals challenging an attorney's right to "file a lawsuit against (and thereby communicate with) a nonconsenting consumer or file a motion for summary judgment against that consumer." Heintz, 514 U.S. at 296, 115 S.Ct. 1489. But the Court found that such results are avoided by reading an exception to § 1692c(c) that permits communications regarding an intent to invoke a specific remedy as excepting ordinary litigation from the FDCPA. Id. In so finding, the Supreme Court noted that "it would be odd if the Act empowered a debt-owing consumer to stop the 'communications' inherent in an ordinary lawsuit and thereby cause an ordinary debt-collecting lawsuit to grind to a halt." Id. See also Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 600, 130 S.Ct. 1605 (2010) (noting that the FDCPA "should not be assumed to compel absurd results when applied to debt collecting attorneys"). Although dicta, this Court finds the Supreme Court's suggested interpretation of § 1692c(c) persuasive and agrees that a filing of a motion as part of ordinary litigation does not violate that provision. Having determined that the statute should be interpreted to except a filed motion from its prohibition against communication with a consumer, it would be inconsistent to find that the same filing would violate § 1692c(b)'s prohibition on communication with a third party. Thus, the Court finds that the Motion to Remand does not violate § 1692c(b).

*3 The Court finds support for this holding in Cohen v. Wolpoff & Abramson, LLP, No. CIV.A.08-1084 SRC, 2008 WL 4513569, at *5 (D.N.J. Oct. 2, 2008). There, the plaintiffs argued that defendants had violated the FDCPA when they filed a claim with the National Arbitration Forum, seeking to initiate arbitration. Id. In finding such communication to be in compliance with the FDCPA, the court reasoned that "it would be an extreme interpretation indeed—one, really, that makes fools of Congress

6

> and the courts—to construe the FDCPA so as to bar an attorney from communicating with a forum in pursuit of a legal remedy." Id. Furthermore, the court read into § 1692c(c) "an exception to the restrictions of the FDCPA to allow the pursuit of the ordinary remedies that debt collectors pursue." Id. at *6.
>
> Similarly here, the Court finds that it would be an *"absurd result"* to find that the Substitute Trustees are prevented from responding to the Marinos' Removal with a Motion to Remand. Just as in Cohen, the Substitute Trustees are *"communicating with a forum in pursuit of a legal remedy."* As such, the Court finds that the filing of the Motion to Remand does not violate the FDCPA and the motion will not be denied on that basis. (Emphasis Added.)

*Id.* 2-3.

The same "absurd result" would happen here if this Court determines that the Attorney Defendants' actions in serving upon Plaintiff and filing with the Supreme Court, Dutchess County: (i) a Notice of Hearing & Referee's Oath & Report dated December 24, 2015; and (ii) a motion seeking a judgment of foreclosure and sale dated March 17, 2016 violated Section 1692c of the FDCPA. Particularly, attorneys will be placed in a position where every time a debtor disputed a debt they would need to decide whether to cease prosecution of the lawsuit on behalf of their client or continue to proceed with the lawsuit and make the required and necessary submissions to the court, all the while risking exposure to liability under the FDCPA.

This outcome would be unjust and would cause a significant disruption to attorneys engaged in the practice of debt collection throughout this State.

Plaintiff cites to cases which currently hold that the FDCPA governs the conduct of attorneys. This is not in dispute. Plaintiff, however, fails to identify a case where an attorney has been held liable under Section 1692c for filing required documents with a court in furtherance of a judgment, on the grounds that the debtor had previously disputed the debt.

7

Furthermore, for the reasons set forth in Point I above, it is not necessary for the Attorney Defendants to assert any of these arguments as specific affirmative defenses, and to subsequently prove them by a preponderance of the evidence. *See*, pp. 2-4 above.

Finally, Plaintiff's argument that she is entitled to discovery before the Attorney Defendants can seek the dismissal of the claims asserted against them is baseless, as the arguments set forth in the instant motion are questions of law, which can be determined by this Court without the need for discovery. In fact, Plaintiff fails to adequately identify any specific information or documentation that she can obtain through discovery, which may lead to the denial of the Attorney Defendants' motion. Therefore, Plaintiff's request for discovery is nothing more than a "fishing expedition", and does not warrant the denial of the instant motion.

As a result of the foregoing, it is respectfully submitted that Plaintiff has failed to state a plausible claim against the Attorney Defendants for violations of Section 1692c of the FDCPA.

## CONCLUSION

For the reasons set forth above, together with those asserted in Attorney Defendants' moving papers, it is respectfully submitted that Plaintiff's claims against the Attorney Defendants should be dismissed in their entirety.

Dated: Garden City, New York
       January 4, 2019

                       L'ABBATE, BALKAN, COLAVITA
                         & CONTINI, L.L.P.

By: _____
      Matthew J. Bizzaro, Esq.
      Attorneys for Defendants
      *Stiene & Associates, P.C., Ronni*
      *Ginsberg, Esq. and Chris Virga, Esq.*
      1001 Franklin Avenue
      Garden City, New York 11530
      (516) 294-8844

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NASSAU    )

DENISE MITCHELL, being duly sworn, deposes and says that deponent is not a party to the within action, is over 18 years of age and resides in Nassau County, New York.

That on the 4th day of January, 2019, deponent served the within **REPLY MEMORANDUM OF LAW** upon:

Nicole Johnson-Gellineau
149 Wilkes Street
Beacon, NY 12508

the respective party(ies) in this action, at the above address(es) designated by said party(ies) for that purpose by dispatching a copy by Federal Express overnight delivery to each of the above persons at the last known address set forth after each name above.

_____
DENISE MITCHELL

Sworn to before me this
4th day of January, 2019.

_____
Notary Public

SILVIA RUSSO
NOTARY PUBLIC, State of New York
No.01RU4772108
Qualified in Nassau County
Commission Expires June 30, 20 22