

Matthew J. Bizzaro
Partner
mbizzaro@lbcclaw.com

Writer's Direct Dial
(516) 837-7441

Attorneys at Law
**L'Abbate, Balkan, Colavita & Contini, L.L.P.**
1001 Franklin Avenue, Garden City, New York 11530
T. 516.294.8844  F. 516.294.8202
www.lbcclaw.com

March 29, 2019

**Via ECF and Regular Mail**

Hon. Kenneth M. Karas, U.S.D.J.
U.S. District Court
Southern District of New York
Hon. Charles L. Brieant, Jr. U.S. Courthouse
300 Quarropas Street, Room 533
White Plains, NY 10601

        Re:    *Johnson-Gellineau, Nicole v. Stiene & Assocs., P.C., et al.*
               Case No.: 7:16-cv-09945-KMK

Dear Honorable Sir:

      As you are aware, we represent Defendants, Stiene & Associates, P.C., Ronni Ginsberg, Esq. and Christopher Virga, Esq. (collectively, the "Attorney Defendants"), in the above matter. Please accept this joint letter prepared in coordination with counsel for Defendants, Wells Fargo Bank National Association, as Trustee for Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass Through Certificates and JPMorgan Chase Bank, National Association (collectively, the "Bank Defendants," and collectively with the Attorney Defendants, the "Defendants"), who has also signed below.

      We write this letter to advise the Court of the very recent decision of the Supreme Court of the United States in the matter of *Obduskey v. McCarthy & Holthus LLP*, --- S.Ct. ---, 2019 WL 1264579 (March 20, 2019) (copy enclosed), which concerned the interpretation of various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"). In *Obduskey*, the Supreme Court principally held that a law firm engaged in non-judicial foreclosure proceedings is not a "debt collector" subject to the coverage of the FDCPA because businesses engaged primarily in the enforcement of security interests do not fall within the primary definition of "debt collector" under the statute.

      Though the exact breadth of the Supreme Court's holding will likely become the subject of extensive litigation in the various district and circuit courts around the country, it is a reasonable interpretation of *Obduskey* that a law firm whose principal business is the pursuit of judicial foreclosures in New York – where the judgment is *in rem* and separate post-judgment proceedings are required to seek and pursue a deficiency – is only an enforcer of security

instruments and not subject to the FDCPA's primary definition of "debt collector" (particularly where merely following New York state foreclosure law and not engaging in additional collection efforts). Should *Obduskey* be construed in such a fashion, as the Defendants contend it should, the continued viability of the Second Circuit's decision in *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75 (2d Cir. 2018), which found that the prosecution of a foreclosure action constitutes an "attempt to collect a debt" under the FDCPA, is called into question. Indeed, *Cohen* would in essence be moot because whether prosecution of a foreclosure action is an "attempt to collect a debt" under the FDCPA does not matter if the alleged bad actor is not a "debt collector" for that purpose of the statute.

As the Court recalls, both the Attorney Defendants and the Bank Defendants predicated their prior motions to dismiss the original Complaint (at least in part) on an argument that the prosecution of – and filings within – the state court foreclosure proceeding against Plaintiff were not an "attempt to collect a debt" under the FDCPA, a position that had been supported by various decisions in the district courts among the Second Circuit. However, in *Cohen*, the Second Circuit found to the contrary and overturned all those decisions, which forced the Defendants to abandon that argument on their instant motions to dismiss the Amended Complaint. Had *Obduskey* been handed down prior to the filing of these motions, the Defendants likely would have pursued that argument again.

By way of this letter, the Defendants respectfully request that this Court consider the *Obduskey* decision and its import when deciding their motions to dismiss the Amended Complaint. The *Obduskey* decision should be fairly viewed as relevant to the viability of Plaintiff's FDCPA claims against the Defendants, as virtually all of the purported debt collection activity of which Plaintiff complains is comprised of filings in the foreclosure action that she attributes to the Defendants. By holding that a law firm engaged in the enforcement of a security interest does not fit the primary definition of a "debt collector" under the FDCPA, the Supreme Court has offered relevant guidance on the issue of whether Plaintiff has stated viable FDCPA claims against both the Attorney Defendants and the Bank Defendants predicated on foreclosure filings and activity. The Defendants respectfully request that this Court take that guidance into consideration when deciding the motions to dismiss.

If the Court requires further briefing regarding the *Obduskey* decision and how it impacts the Defendants' pending motions to dismiss the Amended Complaint, the Defendants respectfully request that a further briefing schedule be issued.



- 3 -

      Thank you for your kind consideration of this letter. If Your Honor has any questions or concerns, please feel free to contact either of the undersigned.

Respectfully submitted,

_____
MATTHEW J. BIZZARO

_____
BRIAN P. SCIBETTA

cc:    Hon. Paul E. Davison, U.S.M.J. (via ECF only)

       Nicole Johnson-Gellineau (via e-mail and regular mail)

